

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516)334-4500  FAX (516)334-4501  WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

December 24, 2019

Honorable Ann M. Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Galloway v. Nassau County, et al.*
       Docket No. 19-cv-5026 (AMD)(JO)

Dear Judge Donnelly:

  We represent defendants the County of Nassau, Det. Matthew Ross, Det. Charles DeCaro, Det. Ronald Lipson, Det. Thomas Dluginski, Det. George Darienzo, and Det. Sgt. Richard Dorsi (the "County Defendants") in this matter. We write seeking a pre-motion conference before moving to dismiss portions of the First Amended Complaint ("FAC").

  Plaintiff Josiah Galloway sues the County, the Village of Hempstead, and various individuals for claims arising from his vacated March 2009 attempted murder conviction. The FAC is unclear. Plaintiff repeatedly attributes alleged misconduct to "defendants" generally. He even fails to pin the individuals to their employers. What is clear, however, is that several claims warrant dismissal as a matter of law.

  **Allegations**: On May 15, 2008 in Hempstead, New York, Jorge Anyosa was shot. FAC, ¶ 19. On June 5, 2008, defendants Steven Horowitz and Kevin Cunningham arrested Galloway and his friend Ogletree on "unrelated" charges. *Id*., ¶ 27. Plaintiff fails to specify the charges and does not claim the officers lacked probable cause for the arrest. The charges were "dismissed in their entirety," but Plaintiff does not allege when. *Id*., ¶ 27.

  While Plaintiff was in custody, defendants Horowitz, Cunningham, DeCaro, Darienzo, Lipson, and Dluginski allegedly "coercively interrogated [him] for hours and accused him of involvement in the Anyosa shooting." ¶ 28. Plaintiff claims he did not resemble the description of perpetrator from Anyosa and Wilmer Hernandez, an eyewitness. *Id*. ¶¶ 20, 22. Plaintiff does not allege this interrogation caused a coerced statement or was unconstitutional. That same night, defendants DeCaro, Lipson, Dluginski, and Charles Olie allegedly coerced Ogletree into signing a false statement implicating Plaintiff in the Anyosa shooting. *Id*., ¶ 30. Unidentified "defendants" also "constructed photo arrays using an old, outdated photograph of plaintiff … to secure false identifications from the victim and witness" and "withheld Mr. Galloway's true, exonerating appearance from the witnesses." *Id*., ¶¶ 31–32.

SOKOLOFF STERN LLP

Hon. Ann M. Donnelly
December 24, 2019
Page 2 of 4

On June 16, 2008, a grand jury indicted Plaintiff for the attempted murder of Anyosa. *Id.*, ¶ 35. On August 14, 2008, Plaintiff appeared for a court-ordered lineup. *Id.*, ¶ 40. Defendants Ross, Dluginski, and Dorsi "concealed Mr. Galloway's hair under a hat and disguised his diminutive stature using a seated lineup with Mr. Galloway sitting on two phone books." *Id.* Anyosa and Hernandez separately identified plaintiff as the perpetrator. *Id.*, ¶ 42.

Plaintiff moved pretrial to suppress the photo-array and lineup identifications based on the same allegations of impropriety outlined in the FAC. *Id.* ¶ 48. The court denied Plaintiff's motions. *Id.* The judicially noticeable transcript of Plaintiff's criminal trial shows, at trial, Plaintiff's attorney argued to the jury that the evidence did not support Galloway's identification as the perpetrator. Through direct and cross examination, he questioned the officers involved in the photo-array and lineup, the identifying witnesses, and Plaintiff himself about the procedures used and Plaintiff's appearance at the time of the identifications. Ogletree told the jury his statement was coerced. *Id.*, ¶ 49

On March 9, 2009, the jury returned a guilty verdict. Plaintiff moved to set aside the verdict. *Id.*, ¶ 59. Plaintiff challenged the identification procedures and the prosecutor's summation. The court denied Plaintiff's motion. *Id.* On September 13, 2018, a court vacated the conviction. *Id.*, ¶ 62.

**Plaintiff's *Monell* Claim Fails**: "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality is only responsible for constitutional deprivations stemming from a governmental policy or custom. *Id.* at 694. A policy or custom can be: 1) a formal policy officially endorsed by the municipality; 2) actions of government policymakers; 3) a consistent and widespread practice constituting a custom of which a supervising policymaker must have been aware; or 4) a failure by policymakers to provide adequate training or supervision to subordinates amounting to deliberate indifference to the rights of those who come into contact with the municipal employees. *Skates v. Inc. Vill. of Freeport*, 265 F. Supp. 3d 222, 235 (E.D.N.Y. 2017). A plaintiff must allege specific facts supporting the existence of a policy. *See Salgado v. DuBois*, No. 17-CV-6040 (NSR), 2019 WL 1409808, at *7 (S.D.N.Y. Mar. 28, 2019).

Plaintiff's *Monell* claim is defectively conclusory. Without supporting facts, he claims the County maintains policies of "altering or concealing criminal suspects' distinguishing characteristics" and encouraging prosecutors "to use inflammatory and improper arguments in summation. FAC, ¶¶ 99, 102. *Monell* requires more. This case is not similar to *Bellamy v. City of N.Y.*, 12 Civ. 1025 (AMD) (E.D.N.Y), where the plaintiff supported his *Monell* claim with allegations of other instances of a county's failure to discipline summation misconduct.

**Plaintiff's Denial of Fair Trial Claim based on Alleged *Brady* Violations Fails**: Plaintiff bases his denial-of-fair-trial claim, *inter alia*, on his claim that unidentified "defendants" withheld evidence of their alleged coercion of Ogletree and of Galloway's appearance. The transcript shows Plaintiff's counsel thoroughly examined the alleged coercion of Ogletree's

SOKOLOFF STERN LLP

Hon. Ann M. Donnelly
December 24, 2019
Page 3 of 4

statement and Plaintiff's appearance during photo array and lineup. He demonstrates no *Brady* violation. *See e.g.*, *U.S. v. LeRoy*, 687 F.2d 610, 619 (2d Cir. 1982) ("The rationale underlying *Brady* is … to assure that the defendant will not be denied access to exculpatory evidence only known to the Government."); *Hamilton v. City of N.Y.*, No. 15CV4574CBASJB, 2019 WL 1452013, at *24 (E.D.N.Y. Mar. 19, 2019) (no *Brady* claim where plaintiff "knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence.").

**Plaintiff's Claims for Intentional and Negligent Infliction of Emotional Distress Fail**: The Court should dismiss these claims because Plaintiff did not include them in his notice of claim. *See* N.Y Gen. Mun. Law §§ 50-e, 50-i; *Rivas v. Suffolk Cty.*, 326 F. Supp. 2d 355, 364 (E.D.N.Y. 2004). Also, they duplicate his other claims and fall short of the required extreme and outrageous conduct. *See Moore v. City of N.Y.*, 219 F.Supp.2d 335, 339 (E.D.N.Y. 2002).

**Plaintiff's Conspiracy Claim is Time-Barred**: Section 1983 conspiracy claims "accrue[] and the statute of limitations begins to run from the time of commission of the overt act alleged to have caused damage." *Chodos v. F.B.I.*, 559 F. Supp. 69, 74 (S.D.N.Y. 1982). Because the overt acts occurred more than ten years before plaintiff filed suit, his conspiracy claim is untimely. *See Nunez v. Mitchell*, No. 17-CV-9734 (AJN), 2018 WL 4301370, at *3 (S.D.N.Y. Sept. 10, 2018).

**All Claims Against Det. Darienzo Fail**: "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation omitted). "[C]omplaints that rely on 'group pleading' and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." *Leneau v. Ponte*, No. 1:16-CV-776-GHW, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018).

Det. Darienzo's name appears once in Plaintiff's "Statement of Facts:" Darienzo and certain other individual defendants "coercively interrogated plaintiff for hours and accused him of involvement in the Anyosa" shooting on the night of his arrest. FAC, ¶ 28. Plaintiff does not—and cannot—claim this caused constitutional injury. Plaintiff's use of "group pleading" cannot keep Det. Darienzo in this suit. *See Cooper v. City of N.Y.*, No. 17CV1517NGGRLM, 2019 WL 3642996, at *7 (E.D.N.Y. Aug. 5, 2019).

**Defendants Ross, Dorsi, and Lipson**: Plaintiff sues these defendants "in their individual and official capacities." FAC ¶ 15. However, they retired from service before plaintiff sued. The Court should dismiss the official-capacity claims. *See Mathie v. Fries*, 121 F.3d 808, 818 (2d Cir. 1997) ("A claim against a person 'in his former official capacity' has no meaning."). For the individual-capacity claims, Plaintiff has not yet properly served these defendants. While Plaintiff's deadline to serve these defendants has not yet passed, we raise this argument now so as not to waive it.

SOKOLOFF STERN LLP

Hon. Ann M. Donnelly
December 24, 2019
Page 4 of 4

  Thank you for your consideration of this matter.

                Very truly yours,

                SOKOLOFF STERN LLP

                Brian S. Sokoloff

BSS/--
cc: All Counsel

  **VIA ECF**