eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

December 31, 2019

**BY ECF**
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Galloway v. County of Nassau, et al.*, 19 CV 5026 (AMD) (JO)

Your Honor:

     I represent plaintiff in the above-referenced matter. I write pursuant to § 4(A) of the Court's Individual Practices to respectfully respond to the Nassau County defendants' pre-motion application dated December 24, 2019 (DE #41). If it should please the Court, plaintiff's allegations are plausible, and the proposed partial motion is a waste of resources that conferral would have likely obviated.

     Initially, there is no dispute that plaintiff Josiah Galloway is an innocent man who was imprisoned for over a decade for a crime in which he had no involvement. *See* First Amended Complaint, DE #9, ¶¶ 60-62; *Newton v. City of New York*, 566 F. Supp. 2d 256, 275 (S.D.N.Y. 2008) ("Newton's allegations must be examined in light of his innocence."); *Schlup v. Delo*, 513 U.S. 298, 325 (1995) ("[C]oncern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system."); *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 130 (2d Cir. 1997) ("to hold that police officers…are…free to fabricate [evidence] at will, would make a mockery of the notion that Americans enjoy the protection of due process of the law and fundamental justice"); *Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992) (describing "the duty not to lie or persecute the innocent" as one of the "basic norms of human conduct").

Hon. Ann M. Donnelly
Dec. 31, 2019

The County defendants do not challenge plaintiff's primary malicious prosecution or due process allegations and, instead, present premature and failing technical arguments.

For example, County defendants contend plaintiff has not recited enough cases to assert a *Monell* claim for prosecutorial summation misconduct and has insufficiently specified the employer and precise role of each individual defendant. DE #41, pp. 2-3; *but see DaCosta v. City of New York*, 296 F. Supp. 3d 569, 596 (E.D.N.Y. 2017), *reconsideration denied sub nom. DaCosta v. Tranchina*, 285 F. Supp. 3d 566 (E.D.N.Y. 2018) (Weinstein, J.) ("The Court of Appeals for the Second Circuit has consistently emphasized that courts should be more lenient with civil rights pleadings and permit discovery when plaintiffs would otherwise not be able to state a claim for relief due to a lack of information about defendants and their practices.") (collecting cases); *id.* at 593 ("It is certainly not uncommon for victims of civil rights violations to be unaware of the identity of the person or persons who violated those rights. *This information is in the possession of the defendants*, and many plaintiffs cannot obtain this information until they have had a chance to undergo extensive discovery following institution of a civil action.") (ellipses, citations and quotation marks omitted) (emphasis in original); *see also Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 163 (1993) ("*Held:* A federal court may not apply a 'heightened pleading standard'—more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)—in civil rights cases alleging municipal liability under § 1983.").

Plaintiff respectfully submits that such concerns will be resolved once plaintiff has access to basic discovery. Moreover, questions of § 1983 personal involvement and *Monell* liability are, to an extent, academic at this stage, given that the real parties in interest, Nassau County and the Village of Hempstead, are liable under *respondeat superior* for the officer-employees' tortious conduct. Under such circumstances, scarce judicial resources would be conserved by appropriately considering such arguments at the summary judgment phase. *See, e.g., Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) (holding that potential factual issues as to personal involvement could not be resolved without development of a factual record and that dismissal without an opportunity for additional discovery would be premature).

The County defendants' remaining arguments are similarly without merit:

- Defendants Ross, Lipson and Dorsi have been served with process and plaintiff does not seek official-capacity liability against them.

2

Hon. Ann M. Donnelly
Dec. 31, 2019

- The County defendants' timeliness argument against plaintiff's § 1983 conspiracy claim lacks a good faith basis following the Supreme Court's recent decision in *McDonough v. Smith*, 139 S.Ct. 2149 (2019). Indeed, given the coordination between employees of the Village of Hempstead and County of Nassau in the underlying events, defendants cannot even invoke the intra-corporate conspiracy doctrine. *See Bristol v. Queens Cty.*, 09 CV 5544 (JFB) (AKT), 2013 WL 1121264, *14 (E.D.N.Y. Feb. 27, 2013), *report and recommendation adopted*, 2013 WL 1120895 (E.D.N.Y. Mar. 18, 2013) (Where, as here, a plaintiff alleges a conspiracy between two separate and distinct municipalities…such claims are not defeated by the intra-corporate conspiracy doctrine.") (citations omitted). Thus, there is no meritorious defense available to this claim.

- With respect to the *Brady* claims, the surprise revelations at trial were no substitute for mandated disclosures, which could have been incorporated into the defense and used to seek pretrial dismissal. In any event, plaintiff respectfully submits that the suppression should be deemed an aspect of plaintiff's unlawful pretrial detention claim under the Fourth Amendment. *See Newson v. City of New York*, 16 CV 6773 (ILG) (JO), 2019 WL 3997466, *5 (E.D.N.Y. Aug. 23, 2019) ("Although the "*Brady*" rule is, strictly speaking, a creature of the Due Process Clause the plaintiff's claim in *Russo*[*v. City of Bridgeport*, 479 F.3d 196 (2d Cir. 2007), *cert. denied*, 552 U.S. 818 (2007)] was cognizable under the Fourth Amendment because the officers' failure to forward [exculpatory evidence] to prosecutors resulted in a *pretrial* deprivation of liberty ….") (citations omitted) (emphasis in original). Critically, the underlying due process claims of coercion and fabrication are not challenged by defendants and cannot be on this record.

- Lastly, given the undisputed fact of plaintiff's wrongful conviction and ten-year incarceration, County defendants cannot credibly contend they lacked notice that plaintiff would claim emotional distress. *Cf. Newton*, 566 F. Supp. at 281.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc: All Counsel

3