

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516) 334-4500   FAX (516) 334-4501   WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

February 9, 2020

Honorable Ann M. Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**VIA ECF**

      Re:    *Galloway v. Nassau County, et al.*
               Docket No. 19-cv-5026 (AMD)(JO)

Dear Judge Donnelly:

      We represent defendants the County of Nassau, Det. Matthew Ross, Det. Charles DeCaro, Det. Ronald Lipson, Det. Thomas Dluginski, Det. George Darienzo, and Det. Sgt. Richard Dorsi (the "County Defendants") in this matter. We write to supplement our December 24, 2019 letter regarding our anticipated motion to dismiss portions of the First Amended Complaint ("FAC") and to reiterate our request for a conference with the Court. *See* ECF No. 41. Based on previously sealed public records we obtained after our first letter, our anticipated motion will be broader than initially described to the Court. Though not fully dispositive, we believe the motion will pare down significantly Plaintiff's claims against the County Defendants and, in turn, the scope of discovery. We believe the parties would benefit from the Court's input on the anticipated motion and its effect on the timing and scope of discovery. All parties will be before Magistrate Judge Orenstein on March 12 at 11 a.m. (*see* ECF No. 46), and a conference with Your Honor earlier that morning would be efficient and also perhaps give the parties the benefit of your thinking about an upcoming motion.

      We recently obtained public records we believe bar the bulk of Plaintiff's claims against the County Defendants, *i.e.*, *all claims* (including the malicious prosecution claims) relating to the identification procedures used during Plaintiff's criminal investigation. We now have the transcripts of the hearings on Plaintiff's pretrial motions to suppress the photo-array and lineup identifications by the victim of and a witness to the crime for which Plaintiff was convicted. They show Plaintiff's criminal defense attorney raised the exact issues that form the basis of several claims in the FAC. In particular, counsel for Plaintiff, then a criminal defendant, put before the criminal court the argument that Nassau Police "withheld Mr. Galloway's true, exonerating appearance from the witnesses" by "construct[ing] photo arrays using an old, outdated photograph of plaintiff" and "concealed Mr. Galloway's hair under a hat and disguised his diminutive stature using a seated lineup with Mr. Galloway sitting on two phone books." FAC, ¶¶ 31, 33, 40.

Sokoloff Stern LLP

Honorable Ann M. Donnelly
February 9, 2020
Page 2 of 2

Following a two-day hearing on these issues and others, the presiding judge ruled the identification procedures were not unduly suggestive and he denied Plaintiff's suppression motion. This exercise of independent judgment breaks the chain of causation between the County Defendants' conduct and the alleged violation of Plaintiff's constitutional rights. *See e.g., Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007).

We did not—and could not—obtain these transcripts until after our clients' deadline to respond to the FAC had passed. Because Plaintiff's conviction was vacated, the records relating to his prosecution are sealed under N.Y. Crim. Proc. Law § 160.50 and require his authorization to access. While we requested a § 160.50 release from Plaintiff on November 21, 2019, we did not receive it until December 24, 2019, the County Defendants' deadline to respond. We quickly sought the transcripts and ultimately obtained them on January 14, 2020.

If the Court can accommodate the parties on March 12, 2020 before 11 a.m., it would be great. If not, we will await word from the Court on a conference or motion briefing schedule.

Thank you for your consideration of this matter.

Very truly yours,

SOKOLOFF STERN LLP

Brian S. Sokoloff

BSS/--
cc:   All Counsel

   **VIA ECF**