

eeplaw.com

**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
DANIEL SOLINSKY
ANDREW VILLA

*Also Admitted In New Jersey

February 9, 2020

<u>BY ECF</u>
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Galloway v. Nassau County, et al.*, 19 CV 5026 (AMD) (JO)

Your Honor:

    I represent plaintiff in the above-referenced matter. I write to respectfully respond to Nassau County defendants' letter of earlier today (DE #47). If it should please the Court, the motion for a discovery conference, styled as a letter, is disingenuous and is a tactic to circumvent Local Civil Rule 72.2 that should be denied for several reasons.

    Initially, defense counsel made no effort to confer with – or even notify – plaintiff's counsel before filing the application, in contravention of Local Civil Rule 37.3(a) and Fed. R. Civ. P. 37(a). This alone provides ample basis for denial. *See Gomas v. City of New York*, 07 CV 4179 (ARR) (RLM), 2009 WL 962701, *1 (E.D.N.Y. Apr. 8, 2009) (citing *Yaccarino v. Motor Coach Indus., Inc.,* 03 CV 4527 (CPS), 2006 WL 5230033, *5 (E.D.N.Y. Sept. 29, 2006)).[1]

    Turning to the merits, defendants claim that new, previously-unavailable evidence expands the scope of their motion to now somehow "bar the bulk of Plaintiff's claims against the County Defendants, *i.e. all claims…*" This statement is contrary to the record and betrays a basic misunderstanding of the nature of plaintiff's claims and the governing law.

---

[1] Plaintiff respectfully notes that the undersigned will be out of state on a previously-scheduled vacation March 11-15, 2020. If it should please the Court, upon due conferral with opposing counsel, plaintiff will move before the Hon. James Orenstein to adjourn the March 12, 2020 initial conference set earlier today. *See* DE #46.

Hon. Ann M. Donnelly
Feb. 9, 2020

In truth, Nassau County's letter earlier today presents the identical, frivolous argument, based on *Wray v. City of New York*, that the same defendants articulated in their prior pre-motion letter, i.e. that the criminal trial judge's awareness of the identification procedures acts as a "superseding cause" to relieve the defendants of liability. DE #41, p. 2.[2] But that argument fails under even superficial scrutiny here, because plaintiff alleges, and the record suggests, the individual defendants' intentional corruption of witness testimony in bad faith with no even arguable basis for untainted probable cause, involving misconduct that was withheld from the ADA, judge and jury. The notion that plaintiff's claims will be substantially affected by this legal argument is misguided. *See, e.g. Bermudez v. City of New York*, 790 F.3d 368, 375 (2d Cir. 2015) (rejecting this causation argument); *Hamilton v. City of New York*, 15 CV 4574 (CBA) (SJB), 2019 WL 1452013, *17 (E.D.N.Y. Mar. 19, 2019) (Same: "Where a police officer deceives subsequent decision makers with false information, the chain of causation need not be considered broken because the officer can reasonably foresee that his misconduct will contribute to the subsequent decisions that result in a deprivation of liberty.") (citation and quotation marks omitted).

Indeed, it is plaintiff who has recently come into new evidence. As defendants are well aware, within the last two weeks plaintiff has received discovery in the parallel Court of Claims litigation strongly supporting liability in this action that plaintiff requests the Court consider in the context of defendants' application. The Chief of the Conviction Integrity Unit who reinvestigated plaintiff's conviction and declared him innocent, ADA Sheryl H. Anania, spoke to the only eyewitness in the case, victim Jorge Anyosa, in 2018. The following are excerpts of Ms. Anania's notes:

> Jorge Anyosa – 8/28/18                               (24)
> After he id'd photo in array, detective told him he id'd right person.

---

[2] Notably, defendants argue in bad faith that plaintiff has impeded their access to the criminal court transcripts. *See* DE #47, p. 2 ("We did not—and could not—obtain these transcripts until after our clients' deadline to respond to the FAC had passed."). In fact, plaintiff offered and provided defendants with electronic pre-answer disclosure of over 1,000 pages of trial transcripts on December 10, 2019. Of course, those trial transcripts, produced two weeks *before* defendants' prior pre-motion application, reflect the outcome of pre-trial hearings and drain all color from defendants' suggestion that the hearing transcripts are somehow revelatory.

2

Hon. Ann M. Donnelly
Feb. 9, 2020



If it should please the Court, in light of plaintiff's innocence, which the defense must concede here, these statements made by the victim and sole eyewitness are alone sufficient to raise triable facts to defeat even summary judgment on the core malicious prosecution and due process claims. The evidence here is so strong, in fact, that it may ultimately provide a basis for plaintiff's own affirmative motion for partial summary judgment.

Plaintiff respectfully submits that, particularly given plaintiff's access to discovery in the parallel Court of Claims litigation, it is simply nonsensical to burden this Honorable Court with routine discovery oversight when such matters can be readily and efficiently handled before the Honorable assigned Magistrate Judge in accordance with the Local Rules.

Accordingly, defendants' letter motion should be denied.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc: Honorable James Orenstein
United States Magistrate Judge

All Counsel

3