UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSIAH GALLOWAY,

                           **Plaintiff,**

           **-against-**

NASSAU COUNTY; THE INCORPORATED
VILLAGE OF HEMPSTEAD; Police Officer
STEVEN HOROWITZ, Shield No. 144;
Detective MATTHEW ROSS, Shield No. 834;
Detective CHARLES DECARO, Shield No. 1047;
Detective RONALD LIPSON, Shield No. 1296;
Detective THOMAS D'LUGINSKI, Shield No.
7900; Detective GEORGE DARIENZO, Shield
No. 1038; Detective KEVIN CUNNINGHAM,
Shield No. 112; Detective Sergeant RICHARD
DORSI; Detective RENE B. YAO; Detective
CARL STRANGE, Shield No. 1225; JOHN and
JANE DOE 1-20,

                         **Defendants.**
-------------------------------------------------------------x

Docket No. 19-cv-5026 (AMD)(JO)

**AMENDED
ANSWER TO SECOND
AMENDED COMPLAINT**

**S I R S:**

    Defendants, THE INCORPORATED VILLAGE OF HEMPSTEAD, Police Officer

STEVEN HOROWITZ, Shield No. 144, and Detective KEVIN CUNNINGHAM, Shield No.: 112,

as and for their Amended Answer to Plaintiff's Second Amended Complaint, set forth as follows:

### INTRODUCTION

    1.    Deny any knowledge or information sufficient to form a belief as to each and every

allegation contained in Paragraph "1" of the Plaintiff's Second Amended Complaint.

    2.    Deny any knowledge or information sufficient to form a belief as to each and every

allegation contained in Paragraph "2" of the Plaintiff's Second Amended Complaint.

1

3.      Deny each and every allegation contained in Paragraph "3" of the Plaintiff's Second Amended Complaint.

## NATURE OF THE ACTION

4.      Deny each and every allegation contained in Paragraph "4" of the Plaintiff's Second Amended Complaint.

## JURISDICTION AND VENUE

5.      Admit each and every allegation contained in Paragraph "5" of the Plaintiff's Second Amended Complaint.

6.      Admit each and every allegation contained in Paragraph "6" of the Plaintiff's Second Amended Complaint.

7.      Admit each and every allegation contained in Paragraph "7" of the Plaintiff's Second Amended Complaint.

## NOTICE OF CLAIM

8.      Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "8" of the Plaintiff's Second Amended Complaint.

9.      Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "9" of the Plaintiff's Second Amended Complaint.

10.      Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "10" of the Plaintiff's Second Amended Complaint.

## JURY DEMAND

11.      Admit each and every allegation contained in Paragraph "11" of the Plaintiff's Second Amended Complaint.

12.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "12" of the Plaintiff's Second Amended Complaint.

13.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "13" of the Plaintiff's Second Amended Complaint.

14.     Deny each and every allegation contained in Paragraph "14" of the Plaintiff's Second Amended Complaint.

15.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "15" of the Plaintiff's Second Amended Complaint.

16.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the Plaintiff's Second Amended Complaint.

17.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of the Plaintiff's Second Amended Complaint.

18.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "18" of the Plaintiff's Second Amended Complaint.

## STATEMENT OF FACTS

### The Crime and Initial Investigation

19.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "19" of the Plaintiff's Second Amended Complaint.

20.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the Plaintiff's Second Amended Complaint.

21.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "21" of the Plaintiff's Second Amended Complaint.

22.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "22" of the Plaintiff's Second Amended Complaint.

23.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "23" of the Plaintiff's Second Amended Complaint.

24.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "24" of the Plaintiff's Second Amended Complaint.

25.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "25" of the Plaintiff's Second Amended Complaint.

26.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "26" of the Plaintiff's Second Amended Complaint.

27.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "27" of the Plaintiff's Second Amended Complaint.

28.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "28" of the Plaintiff's Second Amended Complaint.

29.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "29" of the Plaintiff's Second Amended Complaint.

30.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "30" of the Plaintiff's Second Amended Complaint.

31.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "31" of the Plaintiff's Second Amended Complaint.

32.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "32" of the Plaintiff's Second Amended Complaint.

**Josiah Galloway and Robert Ogletree are Arrested on Unrelated Charges**

33.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "33" of the Plaintiff's Second Amended Complaint.

34.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "34" of the Plaintiff's Second Amended Complaint.

35.     Deny each and every allegation contained in Paragraph "35" of the Plaintiff's Second Amended Complaint.

36.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "36" of the Plaintiff's Second Amended Complaint.

**Defendants Manufacture Inculpatory Evidence and Suppress Exculpatory Evidence**

37.     Deny each and every allegation contained in Paragraph "37" of the Plaintiff's Second Amended Complaint.

38.     Deny each and every allegation contained in Paragraph "38" of the Plaintiff's Second Amended Complaint.

39.     Deny each and every allegation contained in Paragraph "39" of the Plaintiff's Second Amended Complaint.

40.     Deny each and every allegation contained in Paragraph "40" of the Plaintiff's Second Amended Complaint.

41.     Deny each and every allegation contained in Paragraph "41" of the Plaintiff's Second Amended Complaint.

42.     Deny each and every allegation contained in Paragraph "42" of the Plaintiff's Second Amended Complaint.

43.     Deny each and every allegation contained in Paragraph "43" of the Plaintiff's Second Amended Complaint.

44.     Deny each and every allegation contained in Paragraph "44" of the Plaintiff's Second Amended Complaint.

45.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "45" of the Plaintiff's Second Amended Complaint.

46.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "46" of the Plaintiff's Second Amended Complaint.

47.     Deny each and every allegation contained in Paragraph "47" of the Plaintiff's Second Amended Complaint.

48.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "48" of the Plaintiff's Second Amended Complaint.

49.     Deny each and every allegation contained in Paragraph "49" of the Plaintiff's Second Amended Complaint.

50.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "50" of the Plaintiff's Second Amended Complaint.

51.     Deny each and every allegation contained in Paragraph "51" of the Plaintiff's Second Amended Complaint.

**Defendants Ignore Plaintiff's Alibi and the Actual Perpetrator**

52.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "52" of the Plaintiff's Second Amended Complaint.

53.     Deny any knowledge or information sufficient to form a belief as to each and every

allegation contained in Paragraph "53" of the Plaintiff's Second Amended Complaint.

54.     Deny each and every allegation contained in Paragraph "54" of the Plaintiff's Second Amended Complaint.

55.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "55" of the Plaintiff's Second Amended Complaint.

56.     Deny each and every allegation contained in Paragraph "56" of the Plaintiff's Second Amended Complaint.

57.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "57" of the Plaintiff's Second Amended Complaint.

**Deprived of a Fair Trial, Josiah Galloway is Wrongfully Convicted**

58.     Deny each and every allegation contained in Paragraph "58" of the Plaintiff's Second Amended Complaint.

59.     Deny each and every allegation contained in Paragraph "59" of the Plaintiff's Second Amended Complaint.

60.     Deny each and every allegation contained in Paragraph "60" of the Plaintiff's Second Amended Complaint.

61.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "61" of the Plaintiff's Second Amended Complaint.

62.     Deny each and every allegation contained in Paragraph "62" of the Plaintiff's Second Amended Complaint, and respectfully refer all questions of law to the Court.

63.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "63" of the Plaintiff's Second Amended Complaint.

64.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "64" of the Plaintiff's Second Amended Complaint.

65.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "65" of the Plaintiff's Second Amended Complaint.

66.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "66" of the Plaintiff's Second Amended Complaint.

**Plaintiff's Innocence Comes to Light and He is Exonerated**

67.     Deny each and every allegation contained in Paragraph "67" of the Plaintiff's Second Amended Complaint.

68.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "68" of the Plaintiff's Second Amended Complaint.

69.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "69" of the Plaintiff's Second Amended Complaint.

70.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "70" of the Plaintiff's Second Amended Complaint.

71.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "71" of the Plaintiff's Second Amended Complaint.

72.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "72" of the Plaintiff's Second Amended Complaint.

## DEFENDANTS' MALICE AND DELIVERATE INDIFFERENCE

73.     Deny each and every allegation contained in Paragraph "73" of the Plaintiff's Second Amended Complaint.

74. Deny each and every allegation contained in Paragraph "74" of the Plaintiff's Second Amended Complaint.

75. Deny each and every allegation contained in Paragraph "75" of the Plaintiff's Second Amended Complaint.

76. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "76" of the Plaintiff's Second Amended Complaint.

## PLAINTIFF'S INJURIES AND DAMAGES

77. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "77" of the Plaintiff's Second Amended Complaint.

78. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "78" of the Plaintiff's Second Amended Complaint.

79. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "79" of the Plaintiff's Second Amended Complain

80. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "80" of the Plaintiff's Second Amended Complaint.

81. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "81" of the Plaintiff's Second Amended Complaint.

82. Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "82" of the Plaintiff's Second Amended Complaint.

## FIRST CLAIM
### §1983 Malicious Prosecution

83. Answering Paragraph "83" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs

referred to therein, with the same force and effect as though fully set forth herein.

84.     Deny each and every allegation contained in Paragraph "84" of the Plaintiff's Second Amended Complaint.

85.     Deny each and every allegation contained in Paragraph "85" of the Plaintiff's Second Amended Complaint.

86.     Deny each and every allegation contained in Paragraph "86" of the Plaintiff's Second Amended Complaint.

87.     Deny each and every allegation contained in Paragraph "87" of the Plaintiff's Second Amended Complaint.

88.     Deny each and every allegation contained in Paragraph "88" of the Plaintiff's Second Amended Complaint.

89.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "89" of the Plaintiff's Second Amended Complaint.

90.     Deny each and every allegation contained in Paragraph "90" of the Plaintiff's Second Amended Complaint.

## SECOND CLAIM
### § 1983 Fabrication of Evidence, Denial of Fair Trial & *Brady* Violations
### (against all individual defendants)

91.     Answering Paragraph "91" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

92.     Deny each and every allegation contained in Paragraph "92" of the Plaintiff's Second Amended Complaint.

93.    Deny each and every allegation contained in Paragraph "93" of the Plaintiff's Second Amended Complaint.

94.    Deny each and every allegation contained in Paragraph "94" of the Plaintiff's Second Amended Complaint.

95.    Deny each and every allegation contained in Paragraph "95" of the Plaintiff's Second Amended Complaint.

96.    Deny each and every allegation contained in Paragraph "96" of the Plaintiff's Second Amended Complaint.

97.    Deny each and every allegation contained in Paragraph "97" of the Plaintiff's Second Amended Complaint.

98.    Deny each and every allegation contained in Paragraph "98" of the Plaintiff's Second Amended Complaint.

99.    Deny each and every allegation contained in Paragraph "99" of the Plaintiff's Second Amended Complaint.

### **THIRD CLAIM**

#### **§ 1983 Supervisory Liability**
**(against Dorsi and unidentified supervisors)**

100.    Answering Paragraph "100" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

101.    Deny each and every allegation contained in Paragraph "101" of the Plaintiff's Second Amended Complaint.

102.     Deny each and every allegation contained in Paragraph "102" of the Plaintiff's Second Amended Complaint.

103.     Deny each and every allegation contained in Paragraph "103" of the Plaintiff's Second Amended Complaint.

## FOURTH CLAIM
**False Imprisonment and Malicious Prosecution under New York State Law**
(against Nassau County and Village of Hempstead, by *respondeat superior*)

104.     Answering Paragraph "104" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

105.     Deny each and every allegation contained in Paragraph "105" of the Plaintiff's Second Amended Complaint.

106.     Deny each and every allegation contained in Paragraph "106" of the Plaintiff's Second Amended Complaint.

107.     Deny each and every allegation contained in Paragraph "107" of the Plaintiff's Second Amended Complaint.

108.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "108" of the Plaintiff's Second Amended Complaint.

109.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "109" of the Plaintiff's Second Amended Complaint.

110.     Deny each and every allegation contained in Paragraph "110" of the Plaintiff's Second Amended Complaint.

**FIFTH CLAIM**
**Intentional or Negligent Infliction of Emotional Distress**
*(against Nassau County and Village of Hempstead, by *respondeat superior*)*

111. Answering Paragraph "111" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

112. Deny each and every allegation contained in Paragraph "112" of the Plaintiff's Second Amended Complaint.

113. Deny each and every allegation contained in Paragraph "113" of the Plaintiff's Second Amended Complaint.

114. Deny each and every allegation contained in Paragraph "114" of the Plaintiff's Second Amended Complaint.

**SIXTH CLAIM**
**§ 1983 Conspiracy**
*(against all individual defendants)*

115. Answering Paragraph "115" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

116. Deny each and every allegation contained in Paragraph "116" of the Plaintiff's Second Amended Complaint.

117. Deny each and every allegation contained in Paragraph "117" of the Plaintiff's Second Amended Complaint.

118. Deny each and every allegation contained in Paragraph "118" of the Plaintiff's Second Amended Complaint.

119.   Deny each and every allegation contained in Paragraph "119" of the Plaintiff's Second Amended Complaint.

120.   Deny each and every allegation contained in Paragraph "120" of the Plaintiff's Second Amended Complaint.

## SEVENTH CLAIM
### Unlawful Pre-Trial Detention
### In Violation of the 4th Amendment and
### *Russo v. City of Bridgeport*, 479 F.3d 196 (2d Cir. 2007)
(against all individual defendants)

121.   Answering Paragraph "121" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

122.   Deny each and every allegation contained in Paragraph "122" of the Plaintiff's Second Amended Complaint.

123.   Deny each and every allegation contained in Paragraph "123" of the Plaintiff's Second Amended Complaint.

## EIGHTH CLAIM
### Failure to Intervene
(against all individual defendants)

124.   Answering Paragraph "124" of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

125.   Deny each and every allegation contained in Paragraph "122" of the Plaintiff's Second Amended Complaint.

126.   Deny each and every allegation contained in Paragraph "123" of the Plaintiff's

Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

127.   Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the plaintiff's culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which her culpable conduct caused said damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

128.   Municipal Defendants are not subject to an award of exemplary or punitive damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

129.   Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

130.   That individual Defendants enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as a police officer in the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

131.   Pursuant to the laws of the State of New York, including the Criminal Procedure

Law of the State of New York, §140.05 et. seq., Defendants acted reasonably, properly and under the law in the alleged stop of the Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

132.     That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

133.     That notwithstanding any favorable termination for the criminal proceeding, if any, the Plaintiff was in fact guilty of the offense with which he was charged.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

134.     Under the Court's supplemental jurisdiction pursuant to the law of the State of New York, Plaintiff has failed to state a claim for deprivation of federal rights, malicious prosecution, abuse of process, and excessive force, in whole or in part, upon which relief may be granted.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

135.     If any damages are recoverable against these answering Defendants, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has received or shall receive from such collateral source.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

136.     Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

137.   Plaintiff's Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

138.   Plaintiff's claims must be dismissed because they are barred by the applicable Statute of Limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

139.   Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

140.   Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

141.   At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

142.   If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

143.   Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged

in the Complaint.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

144.   Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

145.   Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

146.   Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

147.   That answering individual Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional

rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

148.    That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

149.    Withdrawn.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

150.    Withdrawn

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

151.    That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

152.    That these answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

153.    That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

154.    That in performing such duties and responsibilities, the answering individual Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

155.    Withdrawn.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

156.    Plaintiff lacks standing to bring the instant action.

WHEREFORE, Defendants demand judgment dismissing the Complaint against them, together with costs and disbursements, and for such other relief as the Court may deem just and proper.

Dated: Mineola, New York
           April 15, 2020

                                          Yours, etc.,

                                          **BEE READY FISHBEIN HATTER & DONOVAN, LLP**

                    By:

                                          Michael P. Siravo
                                          *Attorneys for Defendants The Incorporated Village*
                                          *of Hempstead, P.O. Steven Horowitz, Shield No. 144, and*
                                          *Detective Kevin Cunningham, Shield No. 112.*
                                          170 Old Country Road, Ste. 200
                                          Mineola, New York   11501
                                          T.516-746-5599 – F. 516-746-1045
                                          Email: msiravo@beereadylaw.com
                                          **File No.: 1444-1816**