UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSIAH GALLOWAY,

                                    Plaintiff,

            -against-

NASSAU COUNTY, THE INCORPORATED VILLAGE
OF HEMPSTEAD, Police Officer STEVEN HOROWITZ,
Shield No. 144, Detective MATTHEW ROSS, Shield No.
834, Detective CHARLES DECARO, Shield No. 1047,
Detective RONALD LIPSON, Shield No. 1296, Detective
THOMAS D'LUGINSKI, Shield No. 7900, Detective
GEORGE DARIENZO, Shield No. 1038, Detective
KEVIN CUNNINGHAM, Shield No. 112, Detective
Sergeant RICHARD DORSI, Detective RENE B. YAO,
Detective CARL STRANGE, Shield No. 1225, JOHN and
JANE DOE 1-20,

                                    Defendants.

**COUNTY DEFENDANTS'
ANSWER TO THE SAC**

19-cv-5026 (AMD) (JO)

        Defendants THE COUNTY OF NASSAU, DET. MATTHEW ROSS, DET. CHARLES

DECARO, DET. RONALD LIPSON, DET. THOMAS DLUGINSKI, DET. GEORGE

DARIENZO, DET. SGT. RICHARD DORSI, DET. RENE YAO, and DET. CARL STRANGE

(the "County Defendants"), by and through their attorneys, SOKOLOFF STERN LLP, hereby

answer Plaintiff's Second Amended Complaint (the "SAC") as follows:

        1.        Deny the allegations set forth in paragraph "1" of the SAC.

        2.        Deny the allegations set forth in paragraph "2" of the SAC.

        3.        Deny the allegations set forth in paragraph "3" of the SAC.

        4.        Deny the allegations set forth in paragraph "4" of the SAC, and refer all questions

of law to the Court for adjudication.

        5.        Deny the allegations set forth in paragraph "5" of the SAC, and refer all questions

of law to the Court for adjudication.

6.      Deny the allegations set forth in paragraph "6" of the SAC, and refer all questions of law to the Court for adjudication.

7.      Deny the allegations set forth in paragraph "7" of the SAC, and refer all questions of law to the Court for adjudication.

8.      Deny the allegations set forth in paragraph "8" of the SAC, and refer all questions of law to the Court for adjudication.

9.      Deny the allegations set forth in paragraph "9" of the SAC, and refer all questions of law to the Court for adjudication.

10.     Deny the allegations set forth in paragraph "10" of the SAC, and refer all questions of law to the Court for adjudication.

11.     Admit the allegations set forth in paragraph "11" of the SAC.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the SAC.

13.     Deny the allegations set forth in paragraph "13" of the SAC, and refer all questions of law to the Court for adjudication.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the SAC.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the SAC, except admit that DET. MATTHEW ROSS, DET. CHARLES DECARO, DET. RONALD LIPSON, DET. THOMAS DLUGINSKI, DET. GEORGE DARIENZO, DET. SGT. RICHARD DORSI, DET. RENE YAO, and DET. CARL STRANGE were officers of the Nassau County Police Department.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the SAC.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the SAC.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the SAC, and refer all questions of law to the Court for adjudication.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the SAC.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the SAC.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the SAC.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the SAC.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the SAC.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the SAC.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the SAC.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the SAC.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the SAC.

28.     Admit the allegations set forth in paragraph "28" of the SAC.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the SAC.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the SAC.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the SAC.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the SAC.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the SAC.

34.     Deny the allegations set forth in paragraph "34" of the SAC.

35.     Deny the allegations set forth in paragraph "35" of the SAC.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the SAC.

37.     Deny the allegations set forth in paragraph "37" of the SAC.

38.     Deny the allegations set forth in paragraph "38" of the SAC.

39.     Deny the allegations set forth in paragraph "39" of the SAC.

40.     Deny the allegations set forth in paragraph "40" of the SAC.

41.     Deny the allegations set forth in paragraph "41" of the SAC.

42.     Deny the allegations set forth in paragraph "42" of the SAC.

43.     Deny the allegations set forth in paragraph "43" of the SAC.

44.     Deny the allegations set forth in paragraph "44" of the SAC.

45.     Deny the allegations set forth in paragraph "45" of the SAC, and refer the Court to Justice Honorof's order for its full and complete contents and import.

46.     Deny the allegations set forth in paragraph "46" of the SAC.

47.     Deny the allegations set forth in paragraph "47" of the SAC.

48.     Deny the allegations set forth in paragraph "48" of the SAC.

49.     Deny the allegations set forth in paragraph "49" of the SAC.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the SAC except admit that the fillers were police officers.

51.     Deny the allegations set forth in paragraph "51" of the SAC.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the SAC.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the SAC.

54.     Deny the allegations set forth in paragraph "54" of the SAC.

55.     Deny the allegations set forth in paragraph "55" of the SAC.

56.     Deny the allegations set forth in paragraph "56" of the SAC.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the SAC.

58.     Deny the allegations set forth in paragraph "58" of the SAC, and refer all questions of law to the Court for adjudication.

59.     Deny the allegations set forth in paragraph "59" of the SAC, and refer the Court to Ogletree's testimony for its full and complete content and import.

60.     Deny the allegations set forth in paragraph "60" of the SAC.

61.     Deny the allegations set forth in paragraph "61" of the SAC, and refer the Court to their testimony for its full and complete contents and import.

62.     Deny the allegations set forth in paragraph "62" of the SAC.

63.     Deny the allegations set forth in paragraph "63" of the SAC.

64.     Deny the allegations set forth in paragraph "64" of the SAC, and refer the Court to the trial transcript for its full and complete contents and import.

65.     Deny the allegations set forth in paragraph "65" of the SAC.

66.     Admit the allegations set forth in paragraph "66" of the SAC.

67.     Deny the allegations set forth in paragraph "67" of the SAC.

68.     Deny the allegations set forth in paragraph "68" of the SAC.

69.     Deny the allegations set forth in paragraph "69" of the SAC.

70.     Deny the allegations set forth in paragraph "70" of the SAC, and refer the Court to Ms. Anania's notes for their full and complete content and import.

71.     Deny the allegations set forth in paragraph "71" of the SAC.

72.     Admit the allegations set forth in paragraph "72" of the SAC.

73.     Deny the allegations set forth in paragraph "73" of the SAC.

74.     Deny the allegations set forth in paragraph "74" of the SAC.

75.     Deny the allegations set forth in paragraph "75" of the SAC.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the SAC.

77.     Deny the allegations set forth in paragraph "77" of the SAC.

78.     Deny the allegations set forth in paragraph "78" of the SAC.

79.     Deny the allegations set forth in paragraph "79" of the SAC.

80.     Deny the allegations set forth in paragraph "80" of the SAC.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the SAC.

82.     Deny the allegations set forth in paragraph "82" of the SAC except admit Plaintiff claims these injuries.

83.     In response to paragraph "83" of the SAC, County Defendants repeat the responses contained in the foregoing paragraphs of this Answer as if set forth in their entirety herein.

84.     Deny the allegations set forth in paragraph "84" of the SAC, and refer all questions of law to the Court for adjudication.

85.     Deny the allegations set forth in paragraph "85" of the SAC, and refer all questions of law to the Court for adjudication.

86.     Deny the allegations set forth in paragraph "86" of the SAC, and refer all questions of law to the Court for adjudication.

87.     Deny the allegations set forth in paragraph "87" of the SAC, and refer all questions of law to the Court for adjudication.

88.     Deny the allegations set forth in paragraph "88" of the SAC.

89.     Deny the allegations set forth in paragraph "89" of the SAC.

90.     Deny the allegations set forth in paragraph "90" of the SAC.

91.     In response to paragraph "91" of the SAC, County Defendants repeat the responses contained in the foregoing paragraphs of this Answer as if set forth in their entirety herein.

92.     Deny the allegations set forth in paragraph "92" of the SAC.

93.     Deny the allegations set forth in paragraph "93" of the SAC, and refer all questions of law to the Court for adjudication.

94.     Deny the allegations set forth in paragraph "94" of the SAC.

95.     Deny the allegations set forth in paragraph "95" of the SAC.

96.     Deny the allegations set forth in paragraph "96" of the SAC.

97.     Deny the allegations set forth in paragraph "97" of the SAC.

98.     Deny the allegations set forth in paragraph "98" of the SAC, and refer all questions of law to the Court for adjudication.

99.     Deny the allegations set forth in paragraph "99" of the SAC.

100.    In response to paragraph "100" of the SAC, County Defendants repeat the responses contained in the foregoing paragraphs of this Answer as if set forth in their entirety herein.

101.    Deny the allegations set forth in paragraph "101" of the SAC, and refer all questions of law to the Court for adjudication.

102.    Deny the allegations set forth in paragraph "102" of the SAC.

103.    Deny the allegations set forth in paragraph "103" of the SAC.

104.    In response to paragraph "104" of the SAC, County Defendants repeat the responses contained in the foregoing paragraphs of this Answer as if set forth in their entirety herein.

105.    Deny the allegations set forth in paragraph "105" of the SAC.

106.    Admit the allegations set forth in paragraph "106" of the SAC.

107.    Deny the allegations set forth in paragraph "107" of the SAC.

108.     Deny the allegations set forth in paragraph "108" of the SAC.

109.     Deny the allegations set forth in paragraph "109" of the SAC, and refer all questions of law to the Court for adjudication.

110.     Deny the allegations set forth in paragraph "110" of the SAC.

111.     In response to paragraph "111" of the SAC, County Defendants repeat the responses contained in the foregoing paragraphs of this Answer as if set forth in their entirety herein.

112.     Deny the allegations set forth in paragraph "112" of the SAC, and refers all questions of law to the Court for adjudication.

113.     Deny the allegations set forth in paragraph "113" of the SAC, and refer all questions of law to the Court for adjudication.

114.     Deny the allegations set forth in paragraph "114" of the SAC.

115.     In response to paragraph "115" of the SAC, County Defendants repeat the responses contained in the foregoing paragraphs of this Answer as if set forth in their entirety herein.

116.     Deny the allegations set forth in paragraph "116" of the SAC.

117.     Deny the allegations set forth in paragraph "117" of the SAC.

118.     Deny the allegations set forth in paragraph "114" of the SAC.

119.     Deny the allegations set forth in paragraph "119" of the SAC, and refer all questions of law to the Court for adjudication.

120.     Deny the allegations set forth in paragraph "120" of the SAC.

121.    In response to paragraph "121" of the SAC, County Defendants repeat the responses contained in the foregoing paragraphs of this Answer as if set forth in their entirety herein.

122.    Deny the allegations set forth in paragraph "122" of the SAC, and refer all questions of law to the Court for adjudication.

123.    Deny the allegations set forth in paragraph "123" of the SAC.

124.    In response to paragraph "124" of the SAC, County Defendants repeat the responses contained in the foregoing paragraphs of this Answer as if set forth in their entirety herein.

125.    Deny the allegations set forth in paragraph "125" of the SAC, and refer all questions of law to the Court for adjudication.

126.    Deny the allegations set forth in paragraph "126" of the SAC.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

127.    The SAC fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

128.    The County Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR AN THIRD AFFIRMATIVE DEFENSE

129.    At all times relevant to the acts alleged in the SAC, the individual County Defendants, their agents, and officials acted reasonably, properly, and in the lawful exercise of

their discretion  and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and are therefore entitled to qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

130.    At all times relevant to the acts alleged in the Amended Complaint, the individual County Defendants, their agents, and officials acted reasonably, properly, and in the lawful exercise of their discretion, and are therefore entitled to immunity on all state law claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

131.    There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

132.    Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

133.    Any harm which allegedly came to Plaintiff was a direct and proximate result of his culpable or negligent conduct, or the culpable or negligent conduct of a third party, and was not the direct or proximate result of any of the County Defendants.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

134.    Plaintiff failed to mitigate his damages, if there are any.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

135.    Plaintiffs' 42 U.S.C. § 1983 claim is barred by the intracorporate conspiracy doctrine.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

136.    This Court lacks subject matter jurisdiction over this action, in whole or in part.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

137.    The County Defendants did not engage in any conduct that would support an award of punitive damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

138.    Punitive damages cannot be assessed as against defendant the County of Nassau.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

139.    Defendant the County of Nassau is entitled to governmental immunity from liability under New York common law.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

140.    Plaintiffs' claims are barred by their failure to comply with the requirements of New York General Municipal Law §§ 50-(e), (h), and/or (i).

## AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

141.    Some or all of the individual County Defendants are entitled to absolute immunity.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

142.    Plaintiff's claims are barred, in whole or in part, by *res judicata* or collateral estoppel.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

143.    Plaintiff's damages have been or will be offset by recovery from a collateral source.

**WHEREFORE**, the County Defendants request judgment dismissing the SAC in its entirety, together with the costs and disbursement of this action, and such other and further relief as the Court may deem just and proper.

Dated: Carle Place, New York
April 15, 2020

SOKOLOFF STERN LLP
*Attorneys for County Defendants*

By: _____
Brian S. Sokoloff
Alexander Eleftherakis
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 190164

TO:    All counsel of record via ECF