

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516) 334-4500  FAX (516) 334-4501  WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

May 29, 2020

Honorable James Orenstein
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**VIA ECF**

      Re:    *Galloway v. Nassau County, et al.*
             Docket No. 19-cv-5026 (AMD)(JO)
             File No. 190164

Dear Judge Orenstein:

      We represent defendants the County of Nassau, Det. Matthew Ross, Det. Charles DeCaro, Det. Ronald Lipson, Det. Thomas Dluginski, Det. George Darienzo, Det. Sgt. Richard Dorsi, Det. Rene Yao, and Det. Carle Strange (the "County Defendants") in this matter. I write for two purposes: (a) to secure an extension of time to supply responses to Plaintiff's interrogatories and document requests, and (b) to ask to Court to clarify Plaintiff's duty to respond to our interrogatories, requests for admission, and document requests. This is the first request of the Court for (a) and (b). The parties have conferred in advance of these requests.

*County Defendants' Time to Respond to Plaintiff's Discovery Requests*

      The deadline for the County Defendants to respond to Plaintiff's interrogatories and document requests is June 3, 2020.[1]

      The Legal Bureau of the Nassau County Police Department is the office that will help gather the documents sought by Plaintiff's voluminous requests and help preparing responses to Plaintiff's interrogatories and document requests. That office is both extremely short-staffed because of the COVID-19 pandemic and busy providing COVID-related guidance to law enforcement officers, among its many other responsibilities in normal times. I asked the Legal Bureau when realistically it could provide responsive documents. The Bureau realistically estimates it would take 45 days.

      In a prearranged phone conference yesterday, I asked Plaintiff's counsel if he would agree to a 45-day extension. He would not agree, and no justification I supplied changed his position. I ask the Court to amend our deadline.

---

[1] Plaintiff served these requests on April 2, 2020. Under the Court's Case Management and Scheduling Order (DE 57, Sec. II(b), the responses were due on May 4, 2020. In advance of that deadline, the parties conferred and agreed to an initial 30-day extension, s*ee* DE 65, p.2, moving the deadline to June 3, 2020.

SOKOLOFF STERN LLP

Hon. James Orenstein
May 29, 2020
Page 2 of 3

This request rests upon the unusual exigencies of this public health emergency and its decimation of the Legal Bureau's ability to deal with these requests. This request is not an open-ended request. It is a realistic assessment.

Importantly, the adjustment of this deadline need not affect any other deadline in the court's scheduling order. It does not require an extension of fact discovery (November 2, 2020), Plaintiff's Expert Disclosures (January 4, 2021), Defendants' Expert Disclosures (March 4, 2021), or the conclusion of all discovery (April 5, 2021).

Plaintiff sought an extension of time to file a third amended complaint. We consented, recognizing that sometimes circumstances require flexibility and cooperation with counsel. When Plaintiff sought my consent, I not only conveyed it but suggested he take more time because we would need more time to respond to his discovery requests.

I understand the Village defendants are having similar issues and intend to make a similar application.

*County Defendants' Interrogatories, Requests for Admission, and Document Requests*

On April 16, 2020, I served our interrogatories, requests for admission, and document requests upon Plaintiff by e-mailing them to Plaintiff's counsel. My e-mail contained my name, firm, address, and phone number. I attach these requests hereto. The 30-day deadline for Plaintiff to respond came and went on May 18, 2020. Plaintiff did not respond to them or call to our attention any perceived deficiency in them.

In the course of yesterday's phone call to discuss our request for an extension of time to respond to Plaintiff's requests, I mentioned that we had not received Plaintiff's responses to our requests. Counsel first said he never received any; he then acknowledged receipt but said he deemed them a nullity because they were unsigned.

Due to the public health crisis, I prepared those requests from my dining room table. The requests are ended with my firm, my name, my address, my phone number, and my e-mail. I intended the signature block to be my certification of the appropriateness of these requests.[2] The law prevented me from going to my office to use the firm's scanner or copier. Never in my wildest imagination could I have suspected my adversary would keep silent until the deadline for us to serve the requests passed, the deadline for him to respond had passed and would then mention a lack of signature only in response to a question about his responses.

---

[2] Where a party so intends, in other areas of law where a signature is necessary, an email can be the equivalent of a signature. *Cloud Corp. v. Hasbro*, 314 F.3d 289, 295-96 (7th Cir. 2002); *Lamle v. Mattel*, 394 F.3d 1355 (Fed Cir. 2005)

SOKOLOFF STERN LLP

Hon. James Orenstein
May 29, 2020
Page 3 of 3

  Yesterday, I signed the requests and sent them back to Plaintiff's counsel with an inquiry about whether he intended to respond to them.  He has not answered.

  I ask the Court to clarify Plaintiff's obligation to respond to these interrogatories and document requests.  Fed. R. Civ. Pro. 26(g)(1) requires discovery requests to be signed, and 26(g)(2) does relieve the parties of a duty to act on an unsigned request, but it also contemplates bringing the lack of signature to the attention of the other side.  Rule 26(g)(2) requires a court to strike an unsigned request "unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

  This request does not affect any other deadline going forward.

  In sum, I ask the Court: (a) to extend our time to respond to Plaintiff's interrogatories and document requests to July 20, 2020, and (b) to affirm Plaintiff's obligation to respond to our interrogatories and document requests.

  Thank you for your consideration of this matter

Very truly yours,

SOKOLOFF STERN LLP

Brian S. Sokoloff

BSS/--
Encl.
cc: All counsel

  **VIA ECF**