```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
JOSIAH GALLOWAY,              :
                              :    19-CV-5026 (AMD)(JO)
          Plaintiff,          :
                              :    April 2, 2020
                              :
          V.                  :    Brooklyn, New York
                              :
COUNTY OF NASSAU, et al.,     :
                              :
          Defendant.          :
------------------------------X


   TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
        BEFORE THE HONORABLE JAMES ORENSTEIN
            UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:         GABRIEL HARVIS, ESQ.
                           BAREE FETT, ESQ.


For the Defendant:         BRIAN SOKOLOFF, ESQ.
                           MICHAEL SIRAVO, ESQ.
                           ANDREW PRESTON, ESQ.
                           ALEX ELEFTHERAKIS, ESQ.

Audio Operator:


Court Transcriber:         ARIA SERVICES, INC.
                           c/o Elizabeth Barron
                           102 Sparrow Ridge Road
                           Carmel, NY 10512
                           (845) 260-1377




Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE COURT:  Civil cause for initial
 2   conference, docket number 19-CV-5026, Galloway v.
 3   County of Nassau, et al.
 4              Counsel, can you please state your names for
 5   the record.
 6              MR. HARVIS:  This is Gabriel Harvis for the
 7   plaintiff.  Good morning, your Honor.
 8              THE COURT:  Good morning.
 9              MS. FETT:  Good morning, your Honor --
10              MR. SOKOLOFF:  Brian Sokoloff, Sokoloff
11   Stern LLP, for the Nassau County defendants.  Good
12   morning, your Honor.
13              THE COURT:  Good morning.
14              MS. FETT:  Good morning, your Honor.  This
15   is Baree Fett for the plaintiff, Josiah Galloway.
16              THE COURT:  Good morning.
17              MR. SIRAVO:  Good morning, your Honor.  This
18   is Michael Siravo for the Incorporated Village of
19   Hempstead, Police Officer Horowitz and Detective
20   Cunningham.
21              THE COURT:  Good morning.
22              MR. PRESTON:  Andrew Preston for the same
23   defendants, your Honor.
24              THE COURT:  Good morning.
25              MR. ELEFTHERAKIS:  Good morning, your Honor.
```

```
 1  Alexander Eleftherakis, also for the County defendants.
 2              THE COURT:  Good morning.  Is that
 3  everybody?
 4              MR. HARVIS:  Yes.
 5              THE COURT:  All right, folks, just give me
 6  one moment here.  Okay.  Again, my apologias for
 7  keeping you all waiting.  I know you've had a
 8  conference already with Judge Donnelly discussing
 9  motion practice and some of the other circumstances of
10  the case.  I won't go over old ground again.
11              I think under the circumstances where we're
12  all working under severe constraint, I'm going to put
13  off for another day, if ever, the discussion of how
14  defense counsel entered an appearance on behalf of
15  somebody who doesn't exist.  I'll leave it at the
16  observation that that should never have happened, and
17  I'm counting on counsel to adopt procedures to make
18  sure that they are not in the future entering
19  appearances on behalf of clients they haven't met.
20  Fair enough?
21              MR. SOKOLOFF:  Fair enough.
22              THE COURT:  All right.  In any event, the
23  previously named defendant Detective Foley is no longer
24  named in the amended complaint, second amended
25  complaint.
```

```
 1              All right, I've read the pleadings and I
 2   don't anticipate we're going to talk about the facts of
 3   the case a whole lot but, Mr. Harvis or Ms. Fett, is
 4   there anything you think I need to know just to get up
 5   to speed in the case that isn't already in the
 6   pleadings?
 7              MR. HARVIS:  No, your Honor.  We tried to
 8   spell everything there.  We did have the proceeding
 9   before Judge Donnelly, where we had the benefit of the
10   Court's guidance in terms of the anticipated motion.
11   And if your Honor noticed, we tried to incorporate the
12   Court's remarks in the way that we amended the
13   complaint.  We took out the Monell claim.
14              THE COURT:  Yeah.
15              MR. HARVIS:  We removed it because of
16   paucity claims of the defendants, so we feel confident
17   now that we have kind of a streamlined way to proceed.
18              THE COURT:  Yeah, okay. Any of the
19   defendants want to tell me anything that isn't in the
20   pleadings to get me up to speed?
21              MR. SOKOLOFF:  This is Brian Sokoloff.  I
22   would just say we got the second amended complaint late
23   in the night, after we filed our -- the discovery
24   questionnaire.  There were two new defendants who were
25   added and we are looking at whether there are motions
```

```
 1  available, not a complete motion to dismiss --
 2              THE COURT:  Yeah.
 3              MR. SOKOLOFF:  -- but perhaps a partial
 4  motion to dismiss claims in the second amended
 5  complaint but we haven't come to a conclusion on that
 6  yet.
 7              THE COURT:  Okay.  And on behalf of
 8  Hempstead, Horowitz, Cunningham, anything else you
 9  folks want to add?
10              MR. SIRAVO:  No, nothing, Judge, thank you.
11              THE COURT:  Okay.  Where does the dispute
12  lie factually, if at all?  Is this essentially a
13  factual dispute or a legal one?  From the defendants'
14  perspective, I don't really know what your story is.
15              MR. SIRAVO:  Brian, do you want to go first?
16              MR. SOKOLOFF:  Well, yeah.  Our story is
17  that we didn't do anything unconstitutional or
18  improper.  The fact that --
19              THE COURT:  But that's -- sorry to
20  interrupt.  That's essentially a legal defense and I
21  get that you have some legal defenses you'll want to
22  assert.  But is the complaint's factual allegations
23  about how the lineup was conducted and what happened
24  with the complaining witness and identification
25  procedures -- is there a factual dispute going on there
```

1  or is it really just, that doesn't amount to liability?
2              MR. SOKOLOFF:  No, there is a factual
3  dispute there.
4              THE COURT:  Okay, so focus me on that.
5              MR. SOKOLOFF:  So there are claims that the
6  victim was coerced by police officers.  The officers
7  say that didn't happen.  There was no coercive
8  questioning.
9              THE COURT:  Okay.
10             MR. SOKOLOFF:  There's a new allegation in
11 the new complaint that one of the officers said
12 something after the witness picked out the suspect,
13 either in the photo array or the lineup, I forget
14 which.  That's correct and the officers deny that they
15 gave any kind of encouragement or anything regarding
16 that, so that's a factual dispute.
17             THE COURT:  Okay.  Is there a factual
18 dispute surrounding the attempts to either shave the
19 plaintiff's head or cover his head for the lineup,
20 disguised his height and so on?  Is that in dispute
21 factually or is it just a legal dispute here?
22             MR. SOKOLOFF:  Your Honor, I don't think
23 that's in dispute but --
24             THE COURT:  Okay.
25             MR. SOKOLOFF:  The legal dispute there, if I

may, is that these were all hashed out before, during, and after (ui).

THE COURT: I wasn't inviting a discussion of the legal issue. I understand you're going to litigate that. I just wanted to know factually where things lie but it informs the discovery. I'll leave it for another day to have a discussion of why on earth police might want to do what apparently they did here, even if they are legally privileged to do so or, at a minimum, somehow protected from legal consequences for such action. I just wanted to know what the factual issues are.

MR. ELEFTHERAKIS: Your Honor, pardon me. This is Alex Eleftherakis, also representing the County defendants.

THE COURT: Yes.

MR. ELEFTHERAKIS: I just wanted to add that the alleged -- the alleged demand to shave plaintiff's head that is referenced in the complaint, that is disputed.

THE COURT: Yes.

MR. ELEFTHERAKIS: The officers deny --

THE COURT: That is disputed.

MR. ELEFTHERAKIS: -- ever threatening to shave Mr. Galloway's head.

```
 1              THE COURT:  Did they request that he shave?
 2   In other words, was there some attempt made in some
 3   form to get him to no longer have the hair he had for
 4   purposes of the lineup?
 5              MR. ELEFTHERAKIS:  Not that we are aware of.
 6   The officers claim there was never an attempt to shave
 7   his head.  The hats were the only method I guess that
 8   was used to insure conformity among the hairstyles of
 9   the suspects.
10              THE COURT:  Okay.  All right, folks, I've
11   got your proposed discovery plan.  Does that take into
12   account -- I'm assuming it does given the dates here,
13   but does it take into account the constraints that
14   we're all operating under now with the social
15   distancing, or was that done before you anticipated
16   those constraints?
17              MR. SOKOLOFF:  It doesn't on this end for
18   the County.  It does not.
19              THE COURT:  It does not, okay.
20              MR. SOKOLOFF:  Right.
21              THE COURT:  All right, I'll keep that in
22   mind but this is a schedule you all agreed to.  Does it
23   make sense to everybody if I adopt that schedule with
24   the understanding that there are going to be some
25   difficulties ahead in completing discovery and once you
```

```
 1  have a better sense of what's needed because of the
 2  social distancing, you'll let me know and I'll be
 3  receptive to extending discovery as needed for that.
 4  Does that make sense to everybody?
 5              MR. ELEFTHERAKIS:  Yes, your Honor.
 6              MR. HARVIS:  Fine with me, your Honor.
 7              MS. BRETT:  Yes, your Honor.
 8              THE COURT:  I lost my train of thought.  Oh,
 9  I'm sorry.  Are there any issues that you have already
10  identified as likely to be in dispute for purposes of
11  discovery?
12              MR. HARVIS:  On behalf of the plaintiff,
13  your Honor, I don't think so.  What I would say is,
14  because we have a parallel court of claims action
15  that's underway, we've actually taken a fair amount of
16  documentary discovery.  We expect to be able to produce
17  a fair volume of records to the other parties now that
18  we're in discovery.  The only thing we really don't
19  have are disciplinary and personnel records of the
20  defendants, so that's -- I don't know if it's in
21  dispute or not but that's just one thing we have our
22  eye on.
23              THE COURT:  Okay.
24              MR. HARVIS:  And I was just going to mention
25  -- this is kind of shifting gears a little bit but I
```

1  just wanted to say that we had mentioned to the
2  defendants when we were talking about the schedule that
3  since we do have this Covid situation right now and
4  it's going to limit our ability to take depositions,
5  and since Judge Donnelly had encouraged the parties to
6  look at settlement, that perhaps we should take this
7  time to see if that's viable.
8              THE COURT:  Yeah.
9              MR. HARVIS:  And I don't know if -- I just
10 wanted to bring that to the Court's attention.  I don't
11 know if all the parties are on exactly the same page
12 about that but that was just something that I thought
13 might be a good use of our time.
14             THE COURT:  That was going to be my next
15 topic.  Before we pivot to settlement, which I do want
16 to get to, I just want to know from the defendants,
17 have you identified any issues that -- discovery issues
18 that I'm likely to need to rule on?
19             MR. PRESTON:  Your Honor, this is Andrew
20 Preston.  I think the initial issue that I have is that
21 much of these records are sealed, so I'd like to
22 circulate a 160.50 unsealing stipulation.  And I would
23 ask that after the parties have signed it, that your
24 Honor so order it, just because even though I know it's
25 effective without your Honor's signature, having that

```
 1  seems to get us the records much more quickly.  Would
 2  you be willing to do that?
 3          THE COURT:  No, no, no, Mr. Preston, let's
 4  stop there.  I get this with some regularity, more
 5  often in the context of subpoenas where, usually, a
 6  police department will say, we're not giving records
 7  under a subpoena without a judge's signature.  So
 8  whoever it is, whether it's the D.A.'s office or
 9  somebody else who says, we have an effective release
10  but we want to a judge to sign something, please let
11  them know that the thing I'll sign is a contempt
12  sanction order, okay?
13          MR. PRESTON:  I will, your Honor.
14          THE COURT:  Okay, because people don't get
15  to decide which legal rules to follow and which ones
16  not to follow.  Anything else that's a discovery issue
17  that you anticipate I'll need to rule on?
18          MR. SOKOLOFF:  This is Brian Sokoloff.  I
19  would just point out that we got the plaintiff's
20  automatic disclosure last night, and I do have an issue
21  with one part of this but we haven't conferred yet, so
22  I don't want to take it to the Court until I give Mr.
23  Harvis an opportunity to consider my position on it.
24          THE COURT:  Okay, fair enough.  I certainly
25  encourage you to find more things out bringing them to
```

```
 1  me.
 2              So on settlement -- and I should tell you
 3  folks I have a bail hearing I have to get to soon so
 4  this will be short.  But have you had any discussions
 5  among yourselves about trying to discuss settlement,
 6  either with me or mediation privately?
 7              MR. SIRAVO:  We have, Judge.
 8              MR. HARVIS:  We have preliminarily, yes,
 9  your Honor, and it seems like the defendants are
10  interested in private mediation --
11              THE COURT:  Private?
12              MR. HARVIS:  -- and we wanted to as well,
13  your Honor.
14              MR. SIRAVO:  Not private, your Honor, a
15  court-appointed mediator.
16              THE COURT:  A settlement conference with me
17  or the court-sponsored mediation program?
18              MR. SIRAVO:  The Court's mediation program,
19  your Honor.
20              THE COURT:  Does everybody agree to a
21  referral to that?
22              MR. SOKOLOFF:  Yeah, we don't have any --
23              MR. SIRAVO:  I think -- I can't speak for
24  everyone, Judge.  I'm sorry, this is Michael Siravo.
25  We haven't -- we've agreed to it in principle but he
```

1 question is when to do it.  I think we all agree that
2 discovery needs to move along at a fair clip for us to
3 get to that point.
4             THE COURT:  I see, okay, so you're not there
5 yet.
6             MR. SIRAVO:  No, not yet.
7             THE COURT:  I am eager to have you folks
8 discuss settlement, either with me or in some alternate
9 mediation forum.  However you can all agree to it, I
10 think it's a great idea.  I'm going to enter the
11 discovery plan you've proposed but please, at the
12 earliest opportunity, when you all agree on it, let me
13 know how I can help either scheduling something -- you
14 know, it won't be in person in the near future but we
15 can do separate calls or referring you to mediation,
16 where I'm sure they can come up with a remote way of
17 doing it.  Whatever I can do to grease the skids to get
18 that moving, let me know.  But for now, I'm just going
19 to enter the discovery schedule that you proposed.
20             Is there anything else that we can
21 accomplish today?
22             MR. HARVIS:  Not from plaintiff, thank you,
23 your Honor.
24             MR. SOKOLOFF:  Nothing from the County,
25 thank you, your Honor.

```
 1            MR. SIRAVO:  Nothing from the Village
 2  defendants, your Honor.
 3            THE COURT:  Just so you have it for planning
 4  purposes, I'm going to put this down for a status
 5  conference on September 24th at 9:30.  Hopefully, by
 6  then, we will all resume gathering in person and
 7  enjoying each other's company.  But if need be, we will
 8  turn it into a telephone conference.  But that's the
 9  date, September 24th at 9:30.
10            I hope you're all staying safe and healthy.
11  My best wishes to all of you in these trying times.
12  Have a good day, everybody.
13            MR. HARVIS:  Thank you, your Honor.
14            MR. SOKOLOFF:  Thank you, your Honor.
15                    * * * * * *
```