

80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
MARK NEWMAN
AGGELIKI E. NIKOLAIDIS
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
WAYNE WATTLEY

*Also Admitted In New Jersey

October 20, 2020

BY ECF
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Galloway v. County of Nassau, et al.*, 19 CV 5026 (AMD) (JO)

Your Honor:

I represent plaintiff in the above-referenced matter. I write to respectfully provide a status report in accordance with the Court's order dated September 22, 2020 and to respectfully request: 1) an extension of discovery; and 2) leave to amend the complaint. This application is made on consent, with the exception of the request for leave to amend, which is opposed by the Village of Hempstead defendants.

Status Report

If it should please the Court, the parties have worked diligently and cooperatively to complete fact discovery in this important wrongful conviction action. Document discovery is largely complete, with the parties having exchanged interrogatory responses and more than 15,000 pages of records. Additionally, plaintiff has responded to the Nassau County defendants' requests for admission and was deposed. As of this writing, plaintiff has conducted four non-party and seven party depositions, with six additional depositions scheduled before the Rule 16 deadline of November 2, 2020, including two Fed. R. Civ. P. 30(b)(6) witnesses. The parties are presently attempting to schedule an additional eight depositions between October 23 and October 29, 2020.

Hon. James Orenstein
Oct. 20, 2020

Request to Extend Discovery

This case involves events spanning over a decade, including the crime, initial investigation, Mr. Galloway's arrest, prosecution and conviction and the reinvestigation, identification of the actual perpetrator and plaintiff's exoneration on the DA's motion. The commencement of discovery in the instant action roughly coincided with the onset of the coronavirus pandemic last Spring, which impeded defendants' access to records and delayed their discovery responses. *See* DE #65, 71, 73, 75. Consequently, and despite intensive efforts, there are not enough days remaining in the schedule to complete all fact depositions by the November 2nd deadline. The parties have thus conferred and respectfully request a thirty-day extension of the existing schedule, as follows:

| | |
|---|---|
| Fact discovery to be completed by: | December 2, 2020 |
| Plaintiff's expert disclosures due by: | February 4, 2021 |
| Defendants' expert disclosures due by: | April 5, 2021 |
| All discovery to be completed by: | May 5, 2021 |
| Dispositive motion process started by: | June 7, 2021 |
| Joint pre-trial order due by: | July 2, 2021 |

This is the parties' first request to extend discovery.

Motion for Leave to Amend

During the recent deposition of Nassau County Detective Charles DeCaro it was revealed that a Village of Hempstead police supervisor, Joseph Sortino, consulted with DeCaro and participated in the preparation and filing of felony charging documents against Mr. Galloway. *See* Felony Complaints, annexed hereto as Exhibit 1. Mr. Galloway contends that these documents were filed in the absence of probable cause and that they contain demonstrably false allegations, including that plaintiff confessed. Plaintiff respectfully submits that such conduct, if proven, will suffice to establish § 1983 liability against Sortino in this circuit. *See, e.g.*, *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) ("As a matter of law, Ramos and Rivera's filing of the Criminal Court Complaint 'initiated' the prosecution against Cameron.") (citation omitted); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair

Hon. James Orenstein
Oct. 20, 2020

trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.").

Accordingly, last week plaintiff prepared and circulated to opposing counsel a proposed amendment adding Sortino as a defendant and factual allegations relating to the filing of the felony complaints. *See* Proposed Third Amended Complaint, annexed hereto as Exhibit 2; Change Report, annexed hereto as Exhibit 3 (indicating changes to the pleading). The Nassau County defendants have consented to the amendment but the Hempstead defendants oppose it.

Plaintiff respectfully acknowledges that the Rule 16 deadline has elapsed, but submits that good cause for the amendment nevertheless exists, given that the statute of limitations has not expired, discovery is ongoing, defendants will not be prejudiced and plaintiff has acted with diligence and in good faith. *See, e.g., Zeller v. PDC Corp.*, 13 CV 5035 (ARR) (JO), 2015 WL 1223719, *2 (E.D.N.Y. Mar. 17, 2015) (granting leave to amend over opposition where plaintiff acted in good faith and defendants were not prejudiced); *see also* DE #65, 71, 73, 75 and order dated August 27, 2020 (denying motion to extend amendment deadline "without prejudice to the plaintiff's right to seek leave to amend if and when he succeeds in securing disclosures from the defendants that reveal a basis for the proposed amendment").

In light of the foregoing, the parties respectfully request that the Court review and endorse the revised proposed discovery schedule set forth above and plaintiff respectfully requests that the Court grant him leave to file Exhibit 2.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:     Defense Counsel