UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSIAH GALLOWAY,                                                          AMENDED CASE
                          Plaintiff,                                        MANAGEMENT AND
            -against-                                                         SCHEDULING ORDER
COUNTY OF NASSAU, *et al.*,
                         Defendants.                                    19-CV-5026 (AMD) (JO)
-------------------------------------------------------------X

James Orenstein, Magistrate Judge:

I.      DEADLINES AND COURT APPEARANCES

| | |
|---|---|
| Fact discovery to be completed by: | December 2, 2020 |
| Plaintiff's expert disclosures due by: | February 4, 2021 |
| Defendants' expert disclosures due by: | April 5, 2021 |
| All discovery, including all expert disclosures under Rule 26(a)(2), if any, to be completed by: | May 5, 2021 |
| Pretrial Conference (*ex parte* statements of settlement position due via email two business days in advance): | May 19, 2021, at 9:30 a.m. |
| Dispositive motion process started by: | June 7, 2021 |
| Joint pretrial order due by: | July 2, 2021 |

II.     DISCOVERY

     a.    No stays of discovery absent an explicit court order.  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, referral to mediation, or an agreement between the parties to suspend discovery.  Any application for a stay of discovery must show good cause why such relief should be granted.

     b.    Written discovery.  Unless otherwise agreed to by the parties or so ordered by the court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure are due no later than 30 days after service of the request.  All such requests and responses must conform to Local Civil Rules 26.3 (uniform definitions in discovery requests), 26.5 (cooperation among counsel in discovery), 26.6 (attorney review of form discovery requests), and 26.7 (discovery requests to be read reasonably).

     c.    Depositions.  Pursuant to Local Civil Rule 26.5, counsel should cooperate, consistent with their clients' legitimate interests, in scheduling and conducting depositions.

              i.        If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Fed. R. Civ. P. 30 unless excused by the party that served the notice or by the court.

              ii.       Counsel are obligated to attempt in good faith to resolve any dispute that arises during a deposition before seeking judicial intervention.

      d.      <u>Expert discovery.</u>  Unless specific deadlines for expert discovery are set forth above, the deadline for completing all discovery includes the production of all expert reports, including any rebuttal reports.  The parties must ensure that they have completed underlying fact discovery, and that they have produced initial expert reports, in sufficient time for any rebuttal reports to have been served by the deadline.  Unless otherwise ordered, or unless the parties agree to proceed otherwise, expert depositions may take place at any time before trial.

      e.      <u>Discovery disputes.</u>  Parties are obligated to attempt in good faith to resolve discovery disputes before seeking judicial intervention.  Any unresolved dispute must be brought to my attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines set forth above.  Motions to resolve discovery disputes shall be litigated in accordance with my Individual Practice Rules and Local Civil Rules 37.3 and 6.4.  Failure to submit a timely opposition in compliance with applicable rules may result in the motion being granted as unopposed.

      f.      <u>Timeliness of requests.</u>  To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for the responding party to comply with the request in full before the relevant discovery deadline.  In the event that any such discovery demand is untimely, I may decide not to enforce it.

III.      <u>REQUIREMENTS FOR COURT CONFERENCES</u>

      a.      <u>Status conference.</u>  No later than two business days before the status conference, the parties are directed to <u>file a joint letter on ECF</u> reporting on the status of the case, the nature of pending disputes (if any), and whether discovery is proceeding on schedule.  If there are no pending disputes requiring court intervention, I will entertain a joint application to adjourn or cancel the conference.  If the parties agree to discuss settlement at the status conference, the parties should also submit *ex parte* statements of settlement position as described in the next paragraph.

      b.      <u>Pretrial conference.</u>  No later than two business days before the pretrial conference, each party must submit <u>a brief *ex parte* statement of its settlement position by email to orenstein_chambers@nyed.uscourts.gov (NOT ECF)</u> specifying the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position.  These statements will be treated as confidential, and will not be docketed. Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be present or immediately available by telephone.

  c. <u>Additional requirements for all conferences</u>

   i. All conferences will be in person unless otherwise ordered. Any request to conduct a conference by telephone must be made at least 48 hours before the scheduled start of the conference.

   ii. All conferences will start on time. Any attorney who does not arrive on time may be directed to obtain a transcript of the proceeding and provide it to the represented party to avoid prejudice to that party arising from proceedings conducted in its absence.

   iii. Counsel for each party must be fully familiar with the case and prepared to discuss the status of discovery, the party's current settlement position, and any unresolved issue in the case. A party's counsel of record may send substitute counsel only if the latter is fully prepared to discuss all of the matters described above.

   iv. If a conference cannot proceed due to counsel's failure to appear on time or unpreparedness to discuss the case, I will reschedule the conference and consider an order requiring the attorney responsible for the delay to reimburse the other participants' costs, including reasonable attorneys' fees.

   v. Only a party's counsel of record, or an attorney personally authorized to appear by the party (and not simply by the party's counsel of record) may appear on behalf of a party. If a law firm has appeared as counsel of record for a party, any attorney actually employed by that law firm may appear. An attorney acting "of counsel" for a party's counsel of record may not appear without the represented party's explicit authorization, as such an attorney has no authority to make binding representation on behalf of any party. *See* N.Y. Rules of Prof'l Conduct 1.2(c), 22 N.Y.C. R.R. § 1200 (requiring client to give "informed consent" before an attorney may make a limited appearance on the client's behalf).

IV. <u>POST-DISCOVERY MATTERS</u>

 a. <u>Dispositive Motions Deadline.</u> The deadline for commencing dispositive motions is the date by which the <u>first</u> action must be taken to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned. As specified in the individual practice rules of the assigned district judge (available at www.nyed.uscourts.gov), that action will be either (a) submitting a letter requesting a pre-motion conference, (b) requesting an oral argument date from the district judge, (c) initiating the exchange of statements pursuant to Local Civil Rule 56.1, or (d) filing the notice of motion together with supporting papers.

 b. <u>Joint Pretrial Order Deadline.</u> The deadline for submitting a joint pretrial order is the date by which the parties must file a single document that reflects input from all parties and that fully complies with the individual practice requirements of the district judge to whom the case is assigned (not my individual practice requirements, unless the parties have unanimously agreed to refer the case to a magistrate judge for all purposes including the entry of judgment pursuant to 28 U.S.C. § 636(c)). If one party has completed its portion of the proposed pretrial order but cannot obtain input from an adversary, it must so advise me before the deadline.

      c.    <u>Generally, no extension due to the pendency of summary judgment motions</u>

          i.    In cases that are assigned to a district judge whose individual practice rules require the submission of a joint pretrial order no later than 60 days after the close of discovery (as do most judges in this district, *see* www.nyed.uscourts.gov), I will <u>not</u> extend this deadline based on the anticipation or pendency of a summary judgment motion absent an order from the assigned district judge.

          ii.    The fact that a party intends to seek summary judgment will not be considered good cause to postpone a discussion of settlement at the pretrial conference or the submission of *ex parte* statements of the parties' respective settlement positions in advance.

V.    <u>EXTENSIONS OF DEADLINES</u>

      a.    <u>The deadlines in this order will be enforced, and in light of the history of this case will be modified only upon a timely showing of extraordinary circumstances</u>. Failure to comply with a deadline may result in the imposition of appropriate sanctions pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure, including a recommendation of dispositive relief.

      b.    While the parties are encouraged to cooperate with each other in conducting discovery, they must not agree among themselves to any extensions or suspensions of discovery that will render them unable to meet any deadline set forth above; any such agreement requires court approval.  Similarly, an agreement among the parties to discuss settlement will not excuse failure to comply with any deadline set forth above.  Parties wishing to suspend discovery or adjourn a deadline to promote settlement discussions must seek permission from the court.

      c.    A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and will not be granted, absent extraordinary circumstances.

      d.    A request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with Rule II.A of my individual practice rules.

VI.    <u>ELECTRONIC FILING AND CONTACT INFORMATION</u>

      a.    <u>Mandatory electronic filing.</u>  Pursuant to Administrative Order 2004-08, <u>all documents must be submitted electronically.</u>  Except as set forth in my Individual Practice Rules or in an order, any document submitted to chambers by mail or fax will be discarded.

      b.    <u>Attorney appearance and registration.</u>  The attorney for each party with primary responsibility for the matter must, as soon as possible and in no event later than the attorney's first appearance in court:

          i.    file a Notice of Appearance on behalf of <u>each</u> represented party; and

          ii.    register to receive electronic notification of every filing in the case via the court's ECF docketing system.

   c. <u>Current contact information.</u>  The attorney representing each party is under a continuing obligation to keep the court apprised of any changes in contact information – including mailing addresses, email addresses, and daytime telephone numbers – by filing the appropriate Notice on ECF.

   d. <u>Redaction or deletion of personal data identifiers.</u>  All public filings on the electronic docket must omit or redact personal data identifiers, pursuant to Fed. R. Civ. P 5.2.  Where an otherwise public document must include such information, the filing party must file a redacted version on the public docket and an unredacted version under seal.

   SO ORDERED:

Dated: Brooklyn, New York
   October 21, 2020

                     _____/s/_____
                     James Orenstein
                     U.S. Magistrate Judge