

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516) 334-4500  FAX (516) 334-4501  WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

December 4, 2020

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

**VIA ECF**

      Re: *Galloway v. Nassau County, et al.*
           Docket No. 19-cv-5026 (AMD)(ARL)
           File No. 190164

Dear Judge Lindsay:

      We represent defendants the County of Nassau, Det. Matthew Ross, Det. Charles DeCaro, Det. Ronald Lipson, Det. Thomas Dluginski, Det. George Darienzo, Det. Sgt. Richard Dorsi, Det. Rene Yao, and Det. Carl Strange (the "County Defendants") in this matter. We write seeking guidance from the Court on how to respond to Plaintiff's request for leave to amend the complaint (ECF No. 88).

      Plaintiff requests leave to amend his complaint for a fourth time. *See* ECF No. 88. Specifically, he seeks "leave to amend the complaint to assert a *Monell* claim against Nassau County." *Id*. at 1. As Plaintiff notes in his letter, Nassau County does not consent to this request. *Id*. Thus, Plaintiff requires leave of this Court. Fed. R. Civ. P. 15(a)(2).

      Plaintiff made his request to Your Honor by letter motion. ECF No. 88. However, Judge Donnelly requires a "pre-motion conference with the Court … before making … [a]ny motion to amend a pleading pursuant to Fed. R. Civ. P. 15 where leave of court is required." Individual Rule 4(A)(iii). Your Honor's Rules do not provide any specific procedure to making or responding to a motion to amend. They do provide: "Dispositive motions must be made to the presiding District Judge in accordance with his or her individual rules." Individual Rule 2(B). "[T]he proper classification as dispositive or non-dispositive of a motion for leave to amend a complaint is not settled within the Second Circuit." *Mohr v. United Cement Mason's Union Local 780*, No. 15CIV4581AMDCP, 2017 WL 1187690, at *1 (E.D.N.Y. Mar. 30, 2017). Where a court's decision "effectively dismisses or precludes a claim, the motion to amend is rendered dispositive." *Marom v. Town of Hempstead*, No. 14-CV-3005 SJF ARL, 2015 WL 4509084, at *1 (E.D.N.Y. July 24, 2015).

SOKOLOFF STERN LLP

Hon. Arlene R. Lindsay
December 4, 2020
Page 2 of 2

     Nassau County strongly opposes the requested amendment and intends to file an opposition asking the Court to deny Plaintiff's motion. However, at this point, it is not clear whether and, if so, when we must file our opposition. Accordingly, we ask the Court for guidance on how to proceed.

     Thank you for your consideration of this matter

Very truly yours,

SOKOLOFF STERN LLP

Brian S. Sokoloff

cc:    All counsel

        **VIA ECF**