

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516) 334-4500  FAX (516) 334-4501  WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

January 15, 2021

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

**VIA ECF**

        Re:    *Galloway v. Nassau County, et al.*
              Docket No. 19-cv-5026 (AMD)(ARL)
              File No. 190164

Dear Judge Lindsay:

        We represent the Nassau County Defendants. In connection with Plaintiff's pending motion for leave to amend his complaint for a fourth time -- to add a *Monell* claim against the County (ECF No. 91), we write to ask the Court (i) to disregard the new, *further* amended pleading annexed to Plaintiff's reply papers in response to the County's opposition (ECF No. 97-2) or, in the alternative, (ii) to accept this letter as the County's sur-reply to the new allegations.

        Plaintiff first sought leave to file his Proposed Fourth Amended Complaint ("PFAC"). ECF No. 91. In the pleading annexed to his motion, Plaintiff adds a five-paragraph *Monell* claim against the County. ECF No. 93-1, ¶¶ 129–133. He alleges the County "employed photo array and lineup procedures that were constitutionally defective and unduly suggestive." *Id*., ¶ 131. He identifies ten photo-array and lineup policies the County allegedly employed when he was arrested and charged in 2008. *Id.*, ¶ 132(a)–(j). He references a 2020 academic paper about "policy and procedure recommendations" for eyewitness identifications, *id*., ¶ 131, but cites no law establishing the unconstitutionality of any of these policies. Finally, he alleges these policies "proximately caused the wrongful conviction in this case and the damages sustained by the plaintiff." *Id*. ¶ 133.

        In opposition, the County argued for finding the proposed *Monell* claim futile. ECF No. 94 at 11–20. Because Plaintiff does not—and cannot—allege the challenged policies are facially unconstitutional, *Monell* liability requires him plausibly to allege the County promulgated these policies with deliberate indifference to the known or obvious consequence that constitutional violations would result. The PFAC lacks even conclusory allegations to this effect, much less plausible ones. "Plaintiff does not, for example, allege the County has a history of knowingly allowing its employees to secure unduly suggestive identifications (much less to mislead prosecutors and trial courts into admitting the identifications at trial)." *Id*. 18.

        Essentially conceding futility, Plaintiff -- *for the first time in a reply supporting his motion* -- annexes another *amended* pleading—in effect, a proposed *fifth* amended complaint—in which

he alleges for the first time that "[i]n adopting and officially sanctioning the aforementioned policies, the County of Nassau acted with deliberate indifference to the rights of citizens, including [plaintiff]." ECF No. 97-2, ¶ 133.

To prop up this newly-minted conclusory allegation born in the motion's reply papers, Plaintiff claims the County "had ample notice prior to 2008 that additional training, discipline and supervision was necessary," and references *Kogut v. Cty. of Nassau*, No. 06-CV-6695 JS WDW, 2012 WL 3704710 (E.D.N.Y. Aug. 27, 2012). *Kogut* is an inapt case in which the court allowed a *Monell* claim to proceed because County policymakers "constructively acquiesced" in the fabrication of false confessions, *i.e.*, patently unconstitutional behavior unrelated to the identification policies Plaintiff challenges here.

Plaintiff's attempt to cure his deficient PFAC by changing it in his motion's reply is improper. Motion practice to amend a complaint is not a shell game. "[I]t is the law of the Second Circuit that courts are not to consider arguments raised for the first time in a reply." *Stoeckley v. Cty. of Nassau*, No. CV15514LDWAKT, 2015 WL 8484431, at *1 (E.D.N.Y. Dec. 9, 2015); *see also Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 737 (S.D.N.Y. 2012) ("arguments raised for the first time in reply should not be considered, because the [opposing party] had no opportunity to respond to those new arguments."); *Pabon v. Goord*, No. 99CIV2196 (WHP)(DFE), 2000 WL 145753, at *2 (S.D.N.Y. Feb. 8, 2000) ("it is unfair to use a reply to raise new allegations and thus to present a constantly moving target."). Here, Plaintiff does not just raise new "arguments" in reply; he revamps the proposed claim he seeks leave to assert. By changing his claim after the County opposed the motion, Plaintiff deprived the County of a sincere opportunity to respond to the proposed amendment. The Court should reject Plaintiff's effort "to present a constantly moving target." *Pabon*, 2000 WL 145753, at *2.

Put another way, Plaintiff filed a motion for "x"; Defendants filed opposition to "x"; and, in reply, Plaintiff said, "I'm seeking 'y'; end of briefing. Motion practice should never work this way. The Court should reject the newly minted *Fifth* Amended Complaint[1] for that reason alone. Case law supporting a party's ability to amend his pleading loses all potency when, as here, (a) Plaintiff seeks a Fourth – and now a *Fifth* – Amended Complaint, and (b) the parties are close to the end of discovery.

If the Court allows the shell game and considers Plaintiff's never-before-seen *Monell* claim in his *Fifth* Amended Complaint, it should find it defective and futile. Plaintiff alleges the County "knew to a moral certainty that … improper application of [the challenged identification] procedures would, as here, result in constitutional violations," but he offers no facts to support this baseless conclusion. ECF No. 97-2, ¶ 134. As the County argued in its opposition, "'isolated incidents by employees below the policy making level' are not sufficient to allege deliberate indifference." ECF No. 94 at 15 (citing *Serviss v. Margiotta*, No. CV153411JMAARL, 2017 WL 2543903, at *5 (E.D.N.Y. May 25, 2017), *report and recommendation adopted*, 2017 WL 2539780 (E.D.N.Y. June 12, 2017).

---

[1] He calls it the Fourth, but it is really the Fifth. He annexed the Fourth to his motion and changed it on reply, making it the Fifth.

Plaintiff's new reference to *Kogut* is unavailing; that case concerned misconduct completely unrelated to the identification procedures at issue here, and it serves only to undermine Plaintiff's proposed *Monell* claim.

In *Kogut*, the court declined to dismiss a *Monell* claim where it found the County had "constructively acquiesced" in the fabrication of the plaintiffs' false confessions. *Kogut*, 2012 WL 3704710 at *2–3. Specifically, the court found:

> the County had almost immediate notice that [one plaintiff] had been physically assaulted during his interrogation, yet no investigation was made into [that plaintiff]'s allegations; credible allegations that detectives planted hair evidence in [that plaintiff's]'s van surfaced at [that plaintiff's] and [another plaintiff]'s 1986 criminal trial, yet the County conducted no investigation; in 1995, the County learned that [an individual defendant] elicited a false confession from a murder suspect (which eventually resulted in a civil settlement) but did not investigate or discipline him; in 2004, a civil jury found that [another individual defendant] was responsible for malicious prosecution of a suspect from whom [that defendant] had elicited a false confession, but [that defendant] was never investigated or disciplined; the County settled a 2002 civil suit arising out of an alleged 2001 false confession of a suspect in a different murder investigation; and, prior to the [subject] investigation, a manslaughter conviction was reversed because of an illegal confession obtained by NCPD detectives.

*Id*. at *2 (internal citations omitted). This, the court found, was enough to suggest "County policymakers constructively acquiesced in the alleged constitutional abuses [*i.e.*, fabricating false confessions] of its homicide detectives." *Id*. The court also allowed the *Monell* claim to proceed under a separate failure-to-supervise theory for "similar" reasons," *i.e.*, "policymakers had notice of serious wrongdoing beginning with [one of the plaintiff]'s lawyer's complaint that [the plaintiff] was physically assaulted during his interrogation." *Id*. at 3.

Plaintiff does not—and cannot—allege the County "acquiesced" in any alleged constitutional violation *relating to the challenged identification procedures*. As discussed in the County's opposition, a suggestive identification procedure does not in itself intrude upon a constitutionally protected interest; it is the admission of testimony at trial about the identification that violates one's rights. ECF No. 94 at 17–18. Thus, for his proposed *Monell* claim to survive, Plaintiff must plausibly allege the County had a custom of deliberately disregarding knowledge that its police officers misled prosecutors or courts into admitting suggestive identifications at trial. The PFAC—even in its newest iteration—contains no such allegations. *Kogut* had nothing to do with witness identifications and thus is irrelevant on this point.

If anything, Plaintiff's proposed *Monell* claim is similar to the *Kogut* plaintiffs' failure-to-train theory *Monell* claim, which the court rejected for failure to show "County policymakers had notice prior to the [subject] investigation that the on-the-job training its homicide detectives

Hon. Arlene R. Lindsay
January 15, 2021
Page 4 of 4

received was likely to result in constitutional abuses." *Kogut*, 2012 WL 3704710 at *4. The court rejected the plaintiffs' reliance on a prior case in which "police evaded a 17–year–old suspect's mother's attempt to contact her son during the interrogation," finding "[t]his is not the type of misconduct at issue in the present case." *Id.* (*citing Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 440 (2d Cir. 2009) (requiring plaintiff to show a training "deficiency [that] is closely related to the ultimate injury"). Here, Plaintiff's attempt to plead deliberate indifference by citing unrelated past misconduct — fabricating false confessions — is equally unavailing.

       Thank you for your consideration of this matter

Very truly yours,

SOKOLOFF STERN LLP

Brian S. Sokoloff

cc:    All counsel (via ECF)