

**eeplaw.com**
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116  F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

January 15, 2021

<u>BY ECF</u>
Honorable Arlene R. Lindsay
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

   Re: *Galloway v. Nassau County, et al.*, 19 CV 5026 (AMD) (ARL)

Your Honor:

  I represent plaintiff in the above-referenced matter. I write to respectfully respond to Nassau County's submission earlier today at DE #98. If it should please the Court, the submission is improper and should be denied without consideration.

  As Nassau County concedes, its filing – over three pages of single-spaced argument – is a sur reply submitted without leave. *See, e.g.*, *A.B.C. Home Furnishings, Inc. v. Town of East Hampton,* 964 F.Supp. 697, 703 (E.D.N.Y. 1997) ("These papers are in the nature of sur reply, and sur sur reply, which will not be considered because they were filed without leave of the Court."); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) ("[A] sur-reply memorandum shall not be accepted without *prior* leave of court.") (emphasis in original).

  To the extent the Court concludes that plaintiff raised new arguments on reply, it is of course within the Court's discretion to consider or decline to consider such arguments. Nevertheless, it does not authorize Nassau County, after using its full allotment of pages in opposition, to disregard the briefing schedule and file four additional pages of argument without leave (or even seeking plaintiff's consent). *See, e.g., CareMatrix Corp. v. Kaplan*, 05 CV 3173 (TCP) (GRB), 2012 WL 13102106, *2 (E.D.N.Y. July 3, 2012) (striking filing where "the submission of the Declaration was simply an attempt to end-run this Court's direction regarding the…brief as well as its denial of Joint Defendants' motion to exceed the page limit imposed").

  Accordingly, plaintiff respectfully requests that the Court decline to consider the County's sur reply or, if it is to be considered, allow plaintiff to file a three-page response. Thank you for your consideration of this request.

              Respectfully submitted,

              Gabriel P. Harvis

cc: Defense Counsel