UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSIAH GALLOWAY,

                Plaintiff,

                                                          **ORDER**
        -against-                                  19-CV-5026 (AMD) (ARL)

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT; INCORPORATED VILLAGE OF
HEMPSTEAD;P.O. STEVEN HOROWITZ (Shield # 144);
DETECTIVE MATTHEW ROSS (Shield # 834);
DETECTIVE CHARLES DECARO (Shield # 1047);
DETECTIVE THOMAS BISCHOFF (Shield # 1001);
DETECTIVE RONALD LIPSON (Shield # 1296);
DETECTIVE THOMAS D'LUGINSKI (Shield # 7900);
DETECTIVE GEORGE DARIENZO (Shield # 1038);
DETECTIVE KEVIN CUNNINGHAM (Shield # 112);
KATHLEEN RICE;ASSISTANT DISTRICT ATTORNEY
JOSEPH LaROCCA; ASSISTANT DISTRICT ATTORNEY
ROBERT SCHALK; JOHN DOE and JANE DOE #s 1 – 20
being and intended to be other parties from the County of Nassau,
Nassau County Police Department, Incorporated Village of Hempstead
And Incorporated Village of Hempstead Police Department whose
names are presently unknown, all jointly and severally,

                Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the Court is the motion of the defendants, the Incorporated Village of Hempstead, Police Office Steven Horowitz, Detective Kevin Cunningham and Detective Joseph P. Sortino (the "Hempstead defendants"), seeking a sixty day extension of the current discovery schedule. The plaintiff opposes the motion arguing that it is untimely and that counsel has failed to confer or establish good cause for the application. Among other things, plaintiff's counsel notes that the plaintiff has diligently complied with the governing schedule, including taking dozens of depositions and serving four expert reports on time and as directed. He further states that, in contrast, the Hempstead defendants, offering no justification but a voluntary change of counsel, now seek a "lengthy extension" the day before their expert disclosures are due. The plaintiff also complains about the failure of counsel to meet and confer before submitting the application.

      In a reply submitted without permission, counsel for the Hempstead defendants notes that he called plaintiff's counsel after he was retained indicating that he would need more time to reply to the expert reports and would be making an application to the Court. Advising counsel that you intend to make a motion does not satisfy the good faith meet and confer requirements. For this reason alone, the motion is denied with leave to renew. Upon receipt of this motion, all

of the parties are directed to discuss the current schedule and any outstanding discovery, including discovery that may result should the pending fourth motion to amend be granted.  On or before May 14, 2021, the parties are directed to submit a joint proposed amended scheduling order.  If the parties cannot agree to a schedule, the Hempstead defendants may renew the application.

Dated:  Central Islip, New York           **SO ORDERED:**
       May 5, 2021

                                                        _____/s_____
                                                        ARLENE R. LINDSAY
                                                        United States Magistrate Judge