UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSIAH GALLOWAY,

                       Plaintiff,

         -against-

NASSAU COUNTY; THE INCORPORATED VILLAGE OF
HEMPSTEAD; Police Office STEVEN HOROWITZ, Shield
No. 144; Detective MATTHEW ROSS, Shield 834; Detective
CHARLES DECARO, Shield No. 1047; Detective RONALD
LIPSON, Shield No. 1296; Detective THOMAS
D'LUGINSKI, Shield 7900; Detective GEORGE DARIENZO,
Shield No. 1038; Detective KEVIN CUNNINGHAM, Shield
No. 112; Detective Sergeant RICHARD DORSI; Detective
CHARLES OLIE, Shield No. 1047; JOHN and JANE DOE 1-
20,
                    Defendants,
------------------------------------------------------------------------X

**ANSWER TO FOURTH
AMENDED COMPLAINT**

Docket No.: 19-CV-5026
(AMD)(ARL)

**SIRS:**

       Defendants, THE INCORPORATED VILLAGE OF HEMPSTEAD, Police Officer

STEVEN HOROWITZ, Shield No. 144, Detective KEVIN CUNNINGHAM, Shield No.: 112, and

Detective JOSEPH P. SORTINO (the "Village Defendants") by their attorneys, Harris Beach,

PLLC, as and for their Answer to Plaintiff's Fourth Amended Complaint, set forth as follows:

## INTRODUCTION

     1.    Deny knowledge or information sufficient to form a belief as to each and every

allegation contained in Paragraph "1" of the Plaintiff's Fourth Amended Complaint.

     2.    Deny knowledge or information sufficient to form a belief as to each and every

allegation contained in Paragraph "2" of the Plaintiff's Fourth Amended Complaint.

     3.    Deny each and every allegation contained in Paragraph "3" of the Plaintiff's Fourth

Amended Complaint.

## NATURE OF THE ACTION

4.      Deny each and every allegation contained in Paragraph "4" of the Plaintiff's Fourth Amended Complaint.

## JURISDICTION AND VENUE

5.      Deny knowledge or information sufficient to form a belief to each and every allegation contained in Paragraph "5" of the Plaintiff's Fourth Amended Complaint, and leave all questions of law to be decided by the Court at the time of trial.

6.      Deny knowledge or information sufficient to form a belief to each and every allegation contained in Paragraph "6" of the Plaintiff's Fourth Amended Complaint, and leave all questions of law to be decided by the Court at the time of trial.

7.      Deny knowledge or information sufficient to form a belief to each and every allegation contained in Paragraph "7" of the Plaintiff's Fourth Amended Complaint, and leave all questions of law to be decided by the Court at the time of trial.

## NOTICE OF CLAIM

8.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "8" of the Plaintiff's Fourth Amended Complaint, and leave all conclusions of law to be decided by the Court at the time of trial.

9.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "9" of the Plaintiff's Fourth Amended Complaint, and leave all questions of law to be decided by the Court at the time of trial.

10.      Deny knowledge or information sufficient to form a belief as to each and every Allegation contained in Paragraph "10" of the Plaintiff's Fourth Amended Complaint, and leave all questions of law to be decided by the Court at the time of trial.

## JURY DEMAND

11.     Allegation contained in Paragraph "11" of the Plaintiff's Fourth Amended Complaint does not require a response.

12.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "12" of the Plaintiff's Fourth Amended Complaint.

13.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "13" of the Plaintiff's Fourth Amended Complaint.

14.     Admit that portion of the allegation contained in Paragraph "14" of the Plaintiff's Fourth Amended Complaint, that the Incorporated Village of Hempstead is a village in the Town of Hempstead within the County of Nassau and operates a Village of Hempstead Police Department but denies all other allegations set forth in said paragraph and leave all conclusions of law to be decided by the Court at the time of trial.

15.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "15" of the Plaintiff's Fourth Amended Complaint, except admits that Police Officer Horowitz, Detective Kevin Cunningham and Detective Joseph Sortino at all relevant times herein were employees of the Village of Hempstead Police Department.

16.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the Plaintiff's Fourth Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "17" of the Plaintiff's Fourth Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "18" of the Plaintiff's Fourth Amended Complaint, and leave all conclusions of law to be decided by the court at the time of trial.

## STATEMENT OF FACTS

19.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "19" of the Plaintiff's Fourth Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "20" of the Plaintiff's Fourth Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "21" of the Plaintiff's Fourth Amended Complaint.

22.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "22" of the Plaintiff's Fourth Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "23" of the Plaintiff's Fourth Amended Complaint.

24.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "24" of the Plaintiff's Fourth Amended Complaint.

25.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "25" of the Plaintiff's Fourth Amended Complaint.

26.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "26" of the Plaintiff's Fourth Amended Complaint.

27.     Deny the allegations contained in Paragraph "27" of the Plaintiff's Fourth Amended Complaint.

28.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "28" of the Plaintiff's Fourth Amended Complaint.

29.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "29" of the Plaintiff's Fourth Amended Complaint.

30.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "30" of the Plaintiff's Fourth Amended Complaint.

31.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "31" of the Plaintiff's Fourth Amended Complaint.

32.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "32" of the Plaintiff's Fourth Amended Complaint.

33.     Admit that portion of the allegation contained in Paragraph 33 of the Plaintiff's Fourth Amended Complaint that Plaintiff and Robert Ogletree were arrested by Police Officer Steven Horowitz and Detective Kevin Cunningham and deny that portion of the allegation that seeks to characterize that nature of the arrest.

34.     Deny the allegations contained in Paragraph "34" of the Plaintiff's Fourth Amended Complaint.

35.     Deny the allegations contained in Paragraph "35" of the Plaintiff's Fourth Amended Complaint.

36.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "36" of the Plaintiff's Fourth Amended Complaint.

37.     Deny the allegations contained in Paragraph "37" of the Plaintiff's Fourth Amended Complaint.

38.     Deny the allegations contained in Paragraph "38" of the Plaintiff's Fourth Amended Complaint.

39.     Deny the allegations contained in Paragraph "39" of the Plaintiff's Fourth Amended Complaint.

40.     Deny the allegations contained in Paragraph "40" of the Plaintiff's Fourth Amended Complaint.

41.     Deny the allegations contained in Paragraph "41" of the Plaintiff's Fourth Amended Complaint.

42.     Deny the allegations contained in Paragraph "42" of the Plaintiff's Fourth Amended Complaint.

43.      Deny the allegations contained in Paragraph "43" of the Plaintiff's Fourth Amended Complaint.

44.     Deny the allegations contained in Paragraph "44" of the Plaintiff's Fourth Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "45" of the Plaintiff's Fourth Amended Complaint.

46.     Deny the allegations contained in Paragraph "46" of the Plaintiff's Fourth Amended Complaint.

47.     Deny the allegations contained in Paragraph "47" of the Plaintiff's Fourth Amended Complaint.

48.     Deny the allegations contained in Paragraph "48" of the Plaintiff's Fourth Amended Complaint.

49.     Deny the allegations contained in Paragraph "49" of the Plaintiff's Fourth Amended Complaint.

50.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "50" of the Plaintiff's Fourth Amended Complaint.

51.     Deny the allegations contained in Paragraph "51" of the Plaintiff's Fourth Amended Complaint.

52.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "52" of the Plaintiff's Fourth Amended Complaint.

53.     Deny the allegations contained in Paragraph "53" of the Plaintiff's Fourth Amended Complaint.

54.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "54" of the Plaintiff's Fourth Amended Complaint.

55.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "55" of the Plaintiff's Fourth Amended Complaint.

56.     Deny the allegations contained in Paragraph "56" of the Plaintiff's Fourth Amended Complaint.

57.     Deny the allegations contained in Paragraph "57" of the Plaintiff's Fourth Amended Complaint.

58.     Deny the allegations contained in Paragraph "58" of the Plaintiff's Fourth Amended Complaint.

59.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "59" of the Plaintiff's Fourth Amended Complaint.

60.     Deny the allegations contained in Paragraph "60" of the Plaintiff's Fourth Amended Complaint, and refer all questions of law to the Court.

61.     Deny the allegations contained in Paragraph "61" of the Plaintiff's Fourth Amended Complaint, and refer the Court to Ogletree's trial testimony.

62.     Deny the allegations contained in Paragraph "62" of the Plaintiff's Fourth Amended Complaint.

63.     Deny the allegations contained in Paragraph "63" of the Plaintiff's Fourth Amended Complaint, and refer the Court to their trial testimony.

64.     Deny the allegations contained in Paragraph "64" of the Plaintiff's Fourth Amended Complaint.

65.    Deny the allegations contained in Paragraph "65" of the Plaintiff's Fourth Amended Complaint and refer the Court to the trial transcripts for content and import.

66.    Deny the allegations contained in Paragraph "66" of the Plaintiff's Fourth Amended Complaint, and refer the Court to the trial transcript for content and import.

67.    Deny the allegations contained in Paragraph "67" of the Plaintiff's Fourth Amended Complaint.

68.    Admit the allegation contained in Paragraph "68" of the Plaintiff's Fourth Amended Complaint.

69.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "69" of the Plaintiff's Fourth Amended Complaint.

70.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "70" of the Plaintiff's Fourth Amended Complaint.

71.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "71" of the Plaintiff's Fourth Amended Complaint.

72.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "72" of the Plaintiff's Fourth Amended Complaint.

73.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "73" of the Plaintiff's Fourth Amended Complaint.

74.    Admit the allegation contained in Paragraph "74" of the Plaintiff's Fourth Amended Complaint.

75.    Deny each and every allegation contained in Paragraph "75" of the Plaintiff's Fourth Amended Complaint.

76.    Deny each and every allegation contained in Paragraph "76" of the Plaintiff's Fourth Amended Complaint.

77.     Deny each and every allegation contained in Paragraph "77" of the Plaintiff's Fourth Amended Complaint.

78.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "78" of the Plaintiff's Fourth Amended Complaint.

<u>**PLAINTIFF'S INJURIES AND DAMAGES**</u>

79.     Deny each and every allegation contained in Paragraph "79" of the Plaintiff's Second Amended Complain

80.     Deny each and every allegation contained in Paragraph "80" of the Plaintiff's Fourth Amended Complaint.

81.     Deny each and every allegation contained in Paragraph "81" of the Plaintiff's Fourth Amended Complaint.

82.     Deny each and every allegation contained in Paragraph "82" of the Plaintiff's Fourth Amended Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Fourth Amended Complaint.

84.     Deny the allegations contained in Paragraph "84" of the Plaintiff's Fourth Amended Complaint.

<u>**FIRST CLAIM**</u>
**§1983 Malicious Prosecution**

85.     Answering Paragraph "85", these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein as if set forth in their entirety herein.

86.     Deny the allegations contained in Paragraph "86" of the Plaintiff's Fourth Amended Complaint.

87.     Deny the allegations contained in Paragraph "87" of the Plaintiff's Fourth Amended Complaint.

88.     Deny the allegations contained in Paragraph "88" of the Plaintiff's Fourth Amended Complaint.

89.     Deny the allegations contained in Paragraph "89" of the Plaintiff's Fourth Amended Complaint.

90.     Deny the allegations contained in Paragraph "90" of the Plaintiff's Fourth Amended Complaint.

91.     Deny the allegations contained in Paragraph "91" of the Plaintiff's Fourth Amended Complaint.

92.     Deny the allegations contained in Paragraph "92" of the Plaintiff's Fourth Amended Complaint.

## SECOND CLAIM
### § 1983 Fabrication of Evidence, Denial of Fair Trial & *Brady* Violations
### (against all individual defendants)

93.     Answering Paragraph "93", these answering Defendants repeat each and every admission or denial of the allegation contained in the foregoing paragraphs referred to therein as if set forth in their entirety herein. Deny each and every allegation contained in Paragraph "94" of the Plaintiff's Fourth Amended Complaint.

94.     Deny the allegations contained in Paragraph "94" of the Plaintiff's Fourth Amended Complaint.

95.     Deny the allegations contained in Paragraph "95" of the Plaintiff's Fourth Amended Complaint.

96.     Deny the allegations contained in Paragraph "96" of the Plaintiff's Fourth Amended Complaint.

97.     Deny the allegations contained in Paragraph "97" of the Plaintiff's Fourth Amended Complaint.

98.     Deny the allegations contained in Paragraph "98" of the Plaintiff's Fourth Amended Complaint.

99.     Deny the allegations contained in Paragraph "99" of the Plaintiffs Fourth Amended Complaint.

100.    Deny the allegations contained in Paragraph "100" of the Plaintiff's Fourth Amended Complaint.

101.    Deny the allegations contained in Paragraph "101" of the Plaintiff's Fourth Amended Complaint.

## THIRD CLAIM
### § 1983 Supervisory Liability
### (against Dorsi and unidentified supervisors)

102.    Answering Paragraph "102", these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein as if set forth in their entirety herein.

103.    Deny the allegations contained in Paragraph "103" of the Plaintiff's Fourth Amended Complaint.

104.    Deny the allegations contained in Paragraph "104" of the Plaintiff's Fourth Amended Complaint.

105.    Deny the allegations contained in Paragraph "105" of the Plaintiff's Fourth Amended Complaint.

## FOURTH CLAIM
### False Imprisonment and Malicious Prosecution under New York State Law
(against Nassau County and Village of Hempstead, by *respondeat superior*)

106.    Answering Paragraph "106" these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein as if set forth in their entirety herein.

107.    Deny the allegations contained in Paragraph "107" of the Plaintiff's Fourth Amended Complaint.

108.    Deny the allegations contained in Paragraph "108" of the Plaintiff's Fourth Amended Complaint.

109.    Deny the allegations contained in Paragraph "109" of the Plaintiff's Fourth Amended Complaint.

110.    Deny the allegations contained in Paragraph "110" of the Plaintiff's Fourth Amended Complaint.

111.    Deny the allegations contained in Paragraph "111" of the Plaintiff's Fourth Amended Complaint and leave all questions of law to be decided by the Court at the time of trial.

112.    Deny the allegations contained in Paragraph "112" of the Plaintiff's Fourth Amended Complaint.

## FIFTH CLAIM
### Intentional or Negligent Infliction of Emotional Distress
(against Nassau County and Village of Hempstead, by *respondeat superior*)

113.    Answering Paragraph "113" these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein as if set forth in their entirety herein.

114.   Deny the allegations contained in Paragraph "114" of the Plaintiff's Fourth Amended Complaint.

115.   Deny the allegations contained in Paragraph "115" of the Plaintiff's Fourth Amended Complaint.

116.   Deny the allegations contained in Paragraph "116" of the Plaintiff's Fourth Amended Complaint.

## **SIXTH CLAIM**
### § 1983 Conspiracy
(against all individual defendants)

117.   Answering Paragraph "117" these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein as if set forth in their entirety herein.

118.   Deny the allegations contained in Paragraph "118" of the Plaintiff's Fourth Amended Complaint.

119.   Deny the allegations contained in Paragraph "119" of the Plaintiff's Fourth Amended Complaint.

120.   Deny the allegations contained in Paragraph "120" of the Plaintiff's Fourth Amended Complaint.

121.   Deny the allegations contained in Paragraph "121" of the Plaintiff's Fourth Amended Complaint and leave all questions of law to be decided by the Court at the time of trial.

122.   Deny the allegations contained in Paragraph "122" of the Plaintiff's Fourth Amended Complaint.

**SEVENTH CLAIM**
**Unlawful Pre-Trial Detention**
**In Violation of the 4th Amendment and**
***Russo v. City of Bridgeport, 479* F.3d 196 (2d Cir. 2007)**
(against all individual defendants)

123.   Answering Paragraph "123" these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein as if set forth in their entirety herein.

124.   Deny the allegations contained in Paragraph "124" of the Plaintiff's Fourth Amended Complaint and leave all questions of law to be decided by the Court at the time of trial.

125.   Deny the allegations contained in Paragraph "125" of the Plaintiff's Fourth Amended Complaint.

**EIGHTH CLAIM**
**Failure to Intervene**
(against all individual defendants)

126.   Answering Paragraph "126" these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein as  if set forth in their entirety herein.

127.   Deny the allegations contained in Paragraph "127" of the Fourth Amended Complaint and refer all questions of law to the Court for adjudication.

128.   Deny the allegations contained in Paragraph "128" of the Third Amended Complaint.

**NINTH CLAIM**
**Monell**
(against Nassau County)

129.   Answering Paragraph "129" these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein as if set forth in their entirety herein.

130.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "130" of the Plaintiff's Fourth Amended Complaint.

131.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "131" of the Plaintiff's Fourth Amended Complaint.

132.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "132" of the Plaintiff's Fourth Amended Complaint.

133.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "133" of the Plaintiff's Fourth Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

134.   Village Defendants are not subject to an award of exemplary or punitive damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

135.   At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

136.   Village Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

137.   Any criminal proceeding against Plaintiff commenced or participated in by Village Defendants was based upon probable cause and was not due to malice.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

138.    That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

139.    Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, §140.05 et. seq., Village Defendants acted reasonably, properly and under the law in the alleged stop of the Plaintiff.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

140.    Under the Court's supplemental jurisdiction pursuant to the law of the State of New York, Plaintiff has failed to state a claim for deprivation of federal rights, malicious prosecution, abuse of process, and excessive force, in whole or in part, upon which relief may be granted.

## AS AND FOR A EIGTH AFFIRMATIVE DEFENSE

141.    Plaintiff's claims are barred on the ground that Plaintiffs conduct violated applicable state criminal laws.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

142.    That individual Village Defendants enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as a police officers in the State of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

143.    The answering individual Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights

of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

144. Plaintiff's Fourth Amended Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

145. The Fourth Amended Complaint fails to set forth facts sufficient to constitute a deprivation of any constitution right or other basis for a civil rights claim.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

146. The Village Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

147. The Village Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

148. The Village Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

149. That in performing such duties and responsibilities, the answering individual Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

150. Plaintiff lacks standing to bring the instant action.

## AS AND FOR AM EIGHTEENTH AFFIRMATIVE DEFENSE

151.    Plaintiff's claims must be dismissed because they are barred by the applicable Statute of Limitations.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

152.    The claims asserted in the Plaintiff's Fourth Amended Complaint are barred by the doctrine of estoppel and laches.

## AS AND FOR A TWENTIETH AFFIRMTIVE DEFENSE

153.    The claims asserted in the Plaintiff's Fourth Amended Complaint are barred by the doctrine of unclean hands.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

154.    The Village Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

155.    Any alleged act or omission by the Village Defendants were not a proximate, contributing cause of the alleged injuries or damages.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

156.    Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Village Defendants or any individual acting under their direction or control.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

157.    If Village Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

158.    Village Defendants deny any and all allegations of liability in the Fourth Amended Complaint, however, any injuries and/or damages allegedly sustained by the Plaintiff, to the extent the Plaintiff may be able to prove said injuries and/or damages, were caused by the acts and/or omissions of third parties over which the Village Defendants do not have control.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

159.    Village Defendants deny it can be held vicariously liable for the actions of persons not within its control.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

160.    Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Fourth Amended Complaint.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

161.    The liability of the Village Defendant, if any, is limited to the percentage of culpability found against it by virtue of the fault of the other parties (both named and unnamed) and in accordance with the laws of the State of New York.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

162.    In the event Plaintiff recovers at time of trial against the Village Defendants, such recovery for non-economic loss shall not exceed Village Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Village Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

163.     The injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Fourth Amended Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

164.     Any alleged act or omission any co-defendants were performed, conducted and done without the knowledge or consent of the Village Defendants.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

165.     In the event of any judgment or verdict on behalf of Plaintiff, the Village Defendants are entitled to a set-off with respect to the amount of any payments made by any source to Plaintiff for injuries or damages allegedly due to the incident made the basis of this case.

## AS AND FOR A THIRTYY-THIRD AFFIRMATIVE DEFENSE

166.     Village Defendants assert they intend to rely upon such other defenses as may be available or apparent during discovery proceedings in this case and hereby reserves its right to amend their Answer to plead said defenses.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS

167.     If Plaintiff sustained damages as alleged in the fourth amended complaint, those damages will have been caused and brought about by reason of the acts, conduct and/or omissions of co-defendants, without negligence on the part of the Village Defendants.

168.     If Plaintiff should recover a judgment against Village Defendants, by operation of law or otherwise, Village Defendants will be entitled to a judgment for contribution, over and against

co-defendants, by reason of their acts, conduct and/or omissions for the amount of such recovery, or a portion thereof, in accordance with principles of law.

### AS AND FOR A SECOND CROSS-CLAIMS AGAINST CO-DEFENDANTS

169.     If Plaintiff sustained damages as alleged in the fourth amended complaint, those damages will have been caused and brought about by reason of the acts, conducts and/or omissions of co-defendants, without negligence on the part of Village Defendants.

170.     If Plaintiff should recover a judgment against Village Defendants, by operation of law or otherwise, Village Defendant will be entitled to a judgment for common law indemnity over and against co-defendants, by reason of their acts, conducts and/or omissions for the amount of such recovery, or a portion thereof, in accordance with principles of law.

**WHEREFORE**, the Village Defendants respectfully demand judgment dismissing the Plaintiff's Fourth Amended Complaint, judgment against the co-defendants on Village Defendants' cross-claims together with costs, disbursements, reasonable attorney's fees, and such other and further relief, as this Court deems just, proper and equitable.

Dated: May 20, 2021
        Uniondale, New York

HARRIS BEACH PLLC
*Attorneys for Village Defendants*

 *s/ William J. Garry*
By: William J. Garry.
The Omni
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
(516) 880-8484

TO:    **ELEFTERAKIS ELEFTERAKIS & PANEK**
*Attorneys for Plaintiff*
80 Pine Street
38th Floor
New York, NY 10005

**SOKOLOFF STERN LLP**
*Attorneys for Defendants*
179 Westbury Avenue
Carle Place, New York 11514

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JOSIAH GALLOWAY,

                Plaintiff,

         -against-

NASSAU COUNTY; THE INCORPORATED VILLAGE OF
HEMPSTEAD; Police Office STEVEN HOROWITZ, Shield No.
144; Detective MATTHEW ROSS, Shield 834; Detective
CHARLES DECARO, Shield No. 1047; Detective RONALD
LIPSON, Shield No. 1296; Detective THOMAS D'LUGINSKI,
Shield 7900; Detective GEORGE DARIENZO, Shield No. 1038;
Detective KEVIN CUNNINGHAM, Shield No. 112; Detective
Sergeant RICHARD DORSI; Detective CHARLES OLIE, Shield
No. 1047; JOHN and JANE DOE 1-20,
                      Defendants,
---------------------------------------------------------------------------X
STATE OF NEW YORK    )
COUNTY OF NASSAU    ) ss.:

**AFFIDAVIT OF SERVICE**

Docket No.: 19-CV-5026
(AMD)(ARL)

      ADANILSY POLANCO, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and is employed by Harris Beach PLLC. On May 20, 2021, deponent served a true and complete copy of the **ANSWER TO FOURTH AMENDED COMPLAINT** upon the attorney(s) and parties listed below, at the last known address(es) listed below, said address(es) being designated for that purpose, via first class mail, by depositing a true copy of same enclosed in a properly addressed wrapper, in an official depository under the care and custody of United States Postal Service within the State of New York:

**TO: ELEFTERAKIS ELEFTERAKIS & PANEK**
    *Attorneys for Plaintiff*
    80 Pine Street
    38th Floor
    New York, NY 10005

**TO: SOKOLOFF STERN LLP**
    *Attorneys for Defendants*
    179 Westbury Avenue
    Carle Place, New York 11514

                                  **ADANILSY POLANCO**

Sworn to before me this
**20th** day of **May, 2021**

_____
Notary Public

WILLIAM J. GASRY
Notary Public, State of New York
No. 24-4303808
Qualified in Kings County
Commission Expires July 31, 20__22__

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: 2:19-cv-05026-AMD-ARL

Josiah Galloway,

               Plaintiff,

   -against-

Nassau County; The Incorporated Village of Hempstead;
Police Officer Steven Horowitz, Shield No. 144, et. al.

               Defendants.

## ANSWER TO FOURTH AMENDED COMPLAINT

### HARRIS BEACH PLLC

*Attorneys for Defendants, The Incorporated Village of Hempstead, Police Officer Steven Horowitz, Shield No. 144, Detective Kevin Cunningham, Shield No. 112, and Detective Joseph P. Sortino*
The OMNI Building
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
Tel.: (516) 880-8484 Fax: (516) 880-8483

*To Attorney(s) for*

*Certified Pursuant to Rule 130-1.1-a*

_____
William J. Garry, Attorney

Service of a copy of the within
Dated:

is hereby admitted.

     Attorney(s) for

………………………………..

## PLEASE TAKE NOTICE

☐   *that the within is a (certified) true copy of a*
Notice of   *entered in the office of the clerk of the within named Court on*        *2021*
Entry

☐   *that an Order of which the within is a true copy will be presented for settlement to the Honorable*
Notice of              *, one of the judges of the within named Court,*
Settlement   *at*        *on*        *2021 , at*   *m.*
Dated: