

**ELEFTERAKIS
ELEFTERAKIS
& PANEK**

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

July 12, 2021

**BY ECF**
Honorable James M. Wicks
United States Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

    Re:    *Galloway v. Nassau County, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

I represent plaintiff in the above-referenced action. I write to respectfully: 1) raise discovery disputes; 2) seek an extension of plaintiff's deadline to take Fed. R. Civ. P. 30(b)(6) testimony from Nassau County; and 3) submit a proposed briefing schedule for plaintiff's motion to disqualify counsel to the Nassau County defendants in accordance with Rule 3.C.1.B of the Court's Individual Practices. Prior to submitting this application, plaintiff conferred with opposing counsel in a good faith effort to resolve the discovery disputes.

**Background**

Plaintiff Josiah Galloway commenced this civil rights action on September 14, 2019 alleging that he was wrongfully convicted and incarcerated for over a decade based on misconduct by the defendants. DE #1. Following extensive discovery, plaintiff was recently granted leave to file his Fourth Amended Complaint. *See Galloway v. Cty. of Nassau*, ___F.Supp.3d.____, 2021 WL 1902230 (E.D.N.Y. May 10, 2021) (DE #113). Plaintiff's amended pleading, which now includes a *Monell* claim challenging the County's identification procedures, was filed on May 11, 2021. DE #114. By order dated May 16, 2021, the Court extended the deadline for the completion of all discovery to August 31, 2021. *See also* DE #115.

Hon. James M. Wicks
July 12, 2021

**Discovery Disputes and Request to Extend 30(b)(6) Deposition Deadline**

First, plaintiff respectfully requests that the Nassau County defendants be compelled to produce, by a date certain, records underlying disciplinary charges against defendant Ross, who was responsible for plaintiff's lineup and is alleged to have played a key role in plaintiff's wrongful conviction. Defendant Ross was deposed in November 2020 and his deposition was left open, without objection, pending receipt of the records at issue. *See* Deposition excerpt, annexed hereto as Exhibit 1. Summary records produced in advance of Ross's deposition, annexed hereto as Exhibit 2, appear to conflict directly with the defendant's deposition testimony and the underlying records sought by this application, which are generally discoverable, thus have particular relevance to the question of the defendant's credibility in this case. *See generally Walls v. City of New York*, 502 F. Supp. 3d 686, 692–95 (E.D.N.Y. 2020) ("Courts have long interpreted Rule 26(b)(1)'s scope broadly with respect to relevance and discovery sought in connection with federal § 1983 civil rights claims.") (collecting cases). Pursuant to Local Civil Rule 37.1, the request at issue is plaintiff's Request for Production 46, which sought:

> All personnel records in the possession of the NCPD, or the Nassau County Department of Personnel, or its equivalent, with respect to each individual defendant herein, including, but not limited to, the following documents:…g. All records maintained by the Internal Affairs Bureau/Division, or its equivalent, concerning each individual defendant …

Nassau County defendants responded:

> Defendants object to this request as not relevant to any party's claim or defense and/or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Second, the proposed revised scheduling order submitted by the parties at DE #115 required the Nassau County defendants to identify 30(b)(6) witnesses (in response to plaintiff's prior notice) by June 4, 2021. Nassau County recently disclosed that the

Hon. James M. Wicks
July 12, 2021

witness it designated to testify on the critical topic of its 2008 identification procedures and training had been designated incorrectly. Despite plaintiff's requests, Nassau County has not, as of this writing, designated a witness to testify on this topic, preventing plaintiff from complying with the deposition deadline, which expires today. Accordingly, plaintiff respectfully requests that Nassau County be compelled to designate a 30(b)(6) witness to testify regarding the identification topics in plaintiff's notice by a date certain, and that plaintiff's deadline to depose the 30(b)(6) witness(es) be extended until after plaintiff's disqualification motion has been decided. Nassau County consents to plaintiff's request that the 30(b)(6) deposition deadline be extended as requested.

**Proposed Briefing Schedule for Disqualification Motion**

If it should please the Court, plaintiff will move to disqualify counsel for the Nassau County defendants by motion on notice. In accordance with Rule 3.C.1.B. of the Court's Individual Practices, plaintiff has conferred with opposing counsel and respectfully proposes the following briefing schedule for the Court's review and endorsement:

| | |
|---|---|
| Plaintiff's motion to be served by: | July 16, 2021 |
| Defendants' opposition to be served by: | August 16, 2021 |
| Plaintiff's reply, if any, and all papers filed by: | August 30, 2021 |

Accordingly, plaintiff respectfully requests: 1) an order compelling Nassau County to produce the records underlying the summaries at Exhibit 2 and designate a 30(b)(6) witness by a date certain; 2) an extension of plaintiff's deadline to take 30(b)(6) testimony from Nassau County until after the disqualification motion has been decided; and 3) that the Court review and endorse the proposed briefing schedule for plaintiff's disqualification motion.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: Defense Counsel