UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSIAH GALLOWAY,

                Plaintiff,

-against-

NASSAU COUNTY; THE INCORPORATED VILLAGE OF HEMPSTEAD; Police Officer STEVEN HOROWITZ, Shield No. 144; Detective MATTHEW ROSS, Shield No. 834; Detective CHARLES DECARO, Shield No. 1047; Detective RONALD LIPSON, Shield No. 1296; Detective THOMAS D'LUGINSKI, Shield No. 7900; Detective GEORGE DARIENZO, Shield No. 1038; Detective KEVIN CUNNINGHAM, Shield No. 112; Detective Sergeant RICHARD DORSI; Detective RENE B. YAO; Detective CARL STRANGE, Shield No. 1225; Detective JOSEPH P. SORTINO; JOHN and JANE DOE 1-20,

                Defendants.

**COUNTY DEFENDANTS' RESPONSES TO PLAINTIFF'S SECOND SET OF DOCUMENT REQUESTS**

19-cv-5026 (AMD) (ARL)

---

Defendants THE COUNTY OF NASSAU, DET. MATTHEW ROSS, DET. CHARLES DECARO, DET. RONALD LIPSON, DET. THOMAS DLUGINSKI, DET. GEORGE DARIENZO, DET. SGT. RICHARD DORSI, DET. RENE YAO, and DET. CARL STRANGE (the "County Defendants"), by their attorneys, SOKOLOFF STERN LLP, as and for their responses to Plaintiff's Second Set of Document Requests, set forth as follows:

*Request for Production No. 54*

All documents concerning the County's indemnification of the individual Nassau County defendants, including its scope, terms and limitations.

**Response**:   The County Defendants refer to the documents annexed hereto bearing bates numbers COUNTY00234–240.

1

*Request for Production No. 55*

*Copies of all conflict waivers signed on behalf of the County or any of the individual defendants.*

**Response**: None.

*Request for Production No. 56*

*All documents and training materials concerning the show-up policy described by defendant DeCaro at p. 118 of his deposition.*

**Response**:   The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Request for Production No. 57*

*All documents and training materials concerning the administration of photo arrays by Nassau County police officers as of June 6, 2008 described by defendant DeCaro at p. 122 of his deposition testimony.*

**Response**:   The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Request for Production No. 58*

All documents and training materials concerning the rule prohibiting civilian witnesses from preparing their own written statements as of June 6, 2008 as described by defendant DeCaro at p. 146 of his deposition testimony.

**Response**: The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants refer to the documents annexed hereto bearing bates numbers COUNTY00241–242.

*Request for Production No. 59*

All documents and training materials concerning the administration of Miranda warnings by the Nassau County Police Department as of June 6, 2008.

**Response**: The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants refer to the documents annexed hereto bearing bates numbers COUNTY00243–254.

*Request for Production No. 60*

*All documents and training materials concerning interrogations by the Nassau County Police Department as of June 6, 2008.*

**Response**: The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants refer to the documents annexed hereto bearing bates numbers COUNTY00243–254.

*Request for Production No. 61*

*All documents and training materials concerning the preparation of 32b witness statements by the Nassau County Police Department as of June 6, 2008.*

**Response**: The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants refer to the documents annexed hereto bearing bates numbers COUNTY00241–242.

*Request for Production No. 62*

*All documents and training materials concerning the preparation of crime reports by the Nassau County Police Department as of June 6, 2008.*

**Response**: The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants have searched for responsive documents and have found none.

*Request for Production No. 63*

*All documents and training materials concerning the preparation of case reports by the Nassau County Police Department as of June 6, 2008.*

**Response**: The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants refer to the documents annexed hereto bearing bates numbers COUNTY00255–259.

*Request for Production No. 64*

*All documents and training materials concerning the preparation of morning reports by the Nassau County Police Department as of June 6, 2008.*

**Response**: The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants have searched for responsive documents and have found none.

*Request for Production No. 65*

*All documents and training materials concerning the preparation of felony complaints by the Nassau County Police Department as of June 6, 2008.*

**Response**: The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants refer to the documents annexed hereto bearing bates numbers COUNTY00260–265.

*Request for Production No. 66*

*All logbooks from the Nassau County Third Squad for the period May 15 –August 30, 2008.*

**Response**:   The County Defendants object to this request as not relevant to any party's claim or defense, overbroad, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Request for Production No. 67*

*All documentation of communications between Detective DeCaro and the public information office in connection with the cabdriver shooting as discussed at p. 203 of his deposition testimony.*

**Response**:   The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and without waiving these objections, the County Defendants have searched for responsive documents and have found none.

*Request for Production No. 68*

*All documents and training materials in effect as of June 6, 2008 concerning identification procedures to be followed by the Nassau County Police Department, including those related to show ups, photo arrays and line-ups.*

**Response**:   The County Defendants object to this request as not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Dated: Carle Place, New York
January 11, 2021

        SOKOLOFF STERN LLP
        *Attorneys for County Defendants*

By:   Brian S. Sokoloff
       Alexander J. Eleftherakis
       179 Westbury Avenue
       Carle Place, NY 11514
       (516) 334-4500
       File No. 190164

TO (via email):

    ELEFTERAKIS, ELEFTERAKIS & PANEK
    *Attorneys for Plaintiff*
    Gabriel P. Harvis, Baree N. Fett
    80 Pine Street, 38th Floor
    New York, New York 10005
    (212) 532-1116

    BEE READY FISHBEIN HATTER & DONOVAN LLP
    *Attorneys for Village Defendants*
    Andrew Preston
    170 Old Country Road
    Mineola, New York 11501
    (516) 746-5599