

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

September 17, 2021

Hon. James M. Wicks
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

**VIA ECF**

      Re:    *Galloway v. Nassau County, et al.*
            Docket No. 19-cv-5026 (AMD)(JMW)
            File No. 190164

Dear Judge Wicks:

      We represent the Nassau County Defendants.[1] I write responding to the Court's September 10, 2021 directive to brief the propriety of my assertion of work product privilege in this deposition question of Sheryl Anania: "[W]hether or not it is proper and constitutional, for a police officer to tell a crime victim, that they have identified the right person?" *See* Exh. 4 to Plaintiff's disqualification motion, pp. 80-81. The objection is valid.

      This Court is not the first to wrestle with the issue. The scope of the work product doctrine is "one of the 'most controversial and vexing problems' in the Federal Rules of Civil Procedure." 68 Cornell L. Rev. 760, 762 (1983)(citation omitted). Moreover, "[W]ork product protection is the most frequently litigated discovery issue." *Id.* at 763.

      The work product doctrine rests on the teaching of *Hickman v. Taylor*, 329 U.S. 495 (1947) and the elements of Fed. R. Civ. Pro. 26(b)(3), added in 1970. Although Rule 26(b)(3) protects from disclosure "documents and tangible things," the work product doctrine covers unwritten thoughts and opinions. *U.S. v. One Tract of Real Property Together With All Buildings, Imps., Appurtenances and Fixtures,* 95 F.3d 422, 428, n. 10 (6th Cir. 1996), *Transmirra Products Corp. v Montsanto Chem. Co*., 26 F.R.D. 572 (S.D.N.Y. 1960). *See also Bernstein v. Bernstein* 1993 WL 184201 (EDNY 1993)(Go, U.S.M.J.).("protected work product contained in documents and

---

[1] The "Nassau County Defendants" are County of Nassau, Det. Matthew Ross, Det. Charles DeCaro, Det. Ronald Lipson, Det. Thomas D'Luginski, Det. George Darienzo, Det. Sgt. Richard Dorsi, Det. Rene Yao, and Det. Carl Strange.

SOKOLOFF STERN LLP

Hon. James M. Wicks
September 17, 2021
Page 2 of 3

tangible things cannot be obtained through less tangible methods such as the deposition questioning of persons with knowledge of the protected information.")

Fed. R. Civ. Pro. 26(b)(3)(B) says courts "must protect against disclosure of the *mental impressions, conclusions, opinions or other legal theories of a party or its representative concerning the litigation*." (Emphasis added.) Plaintiff's question to Sheryl Anania, the Executive Assistant District Attorney for the Nassau County District Attorney's Office, falls squarely under this rule.

First, Ms. Anania not only is an attorney, but she is also a high-ranking member of the District Attorney's Office, an arm of Nassau County. As a result, she is no non-party stranger to this case; she is a "representative" of Nassau County[2]. When it came time to seek District Attorney documents, Plaintiff's counsel knew Ms. Anania and her documents were part of Nassau County, a defendant in the case. He served document requests and interrogatories addressed to the Nassau County District Attorney's Office (and which involved Ms. Anania) on counsel for Nassau County: me. He did not serve non-party subpoenas.

A lawsuit against the DA (and the County because the DA is part of it) loomed as soon as Plaintiff's exoneration. Plaintiff's original complaint, in fact, named Kathleen Rice, the Nassau County District Attorney, and two Assistant District Attorneys in the office as defendants. *See* Docket Entry 1.[3] He claimed that all defendants, including the District Attorney's Office, acted in concert to falsely arrest and convict him. *See id.*, ¶¶ 29, 43, 51, 61, among others demonstrating the alleged interrelationship between the County and the DA. Even before commencing this lawsuit, Plaintiff filed a notice of claim promising to hold Nassau County responsible for policies of the District Attorney's Office. *See* Docket Entry 1-1 (Plaintiff's pre-suit notice of claim.)

The work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *The Shinnecock Indian Nation v. Kempthorne*, 652 F.Supp.2d 345, 362 (EDNY 2009)(Bianco, J.)(citation omitted) It protects the 'files and mental impressions of an attorney … reflected, of course in interviews, statements, memoranda, correspondence, briefs, *mental impressions, personal beliefs*, and countless other tangible and intangible ways prepared in anticipation of litigation." *Id.* (Emphasis added) (citation omitted). As Judge Bianco held, "The standard in this Circuit is whether 'in light of the nature of the documents and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." (*citing United States v. Adiman*, 134 F.3d 1194, 1197 (2nd Cir. 1998)). In *U.S. v. Adiman*, the Second Circuit observed that

---

[2] Plaintiff's own document requests and interrogatories to *Nassau County* sought production of District Attorney documents, not just related to Galloway's original prosecution, but also the re-investigation of the case by Ms. Anania. *See* Plaintiff's discovery requests, annexed hereto as Exhibit "A" (preamble to document requests and document requests 1, 2, 3, 7, 9, 10, 17, 23, 24, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 48, 49, 50, 51, 53; and interrogatories 6, 9, 10, 11, and 12.)

[3] Their names remain on this Court's ECF docket sheet as discontinued parties, a constant reminder of their connection to this case as parties.

SOKOLOFF STERN LLP

Hon. James M. Wicks
September 17, 2021
Page 3 of 3

"Where a document is created because of the prospect of litigation, analyzing the likely outcome of that litigation, it does not lose protection under this formulation merely because it is created in order to assist with a business decision." 134 F.3d at 1202. Thus, even if Ms. Anania might have another purpose in forming her opinion, it remains work product.

The unwritten opinion of Sheryl Anania (the equivalent of a document containing that opinion) – a representative of Nassau County -- relates exclusively to the issues in this case. Her opinion on a constitutional claim at issue in the case is at the core of the work product doctrine. The mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative "is virtually undiscoverable." *U.S. v. Deloitte*, 610 F.3d 129, 135 (DC Cir. 2010). "If material constitutes opinion work product it is 'absolutely immune from discovery' whether it was 'actually prepared by the attorney or another representative of the party.'" *In re Allen*, 106 F.3d 582 (4th Cir. 1997).

To obtain discovery of Ms. Anania's work product, Plaintiff must show he has "substantial need for [Ms. Anania's opinion] to prepare [his] case and cannot, without undue hardship, obtain [its] substantial equivalent by other means." Fed. R. Civ. Pro. 26(b)(3)(ii). He cannot do so.

As an evidentiary matter, Ms. Anania's opinion on the constitutionality of a hypothetical fact pattern is inadmissible. Her answer would be the opinion of one lawyer, not even a lawyer who said she researched or thought about the question. Nobody has put her forward as an expert on this topic. If Plaintiff's counsel wants to know if his hypothetical is constitutional, he has access to the same treatises and case reports as Ms. Anania. He also could check a bar directory and pose the question to any lawyer in the book, whose answer will have as little evidentiary weight (none) as an answer from Ms. Anania.

The question to Ms. Anania – a representative of Nassau County – about her opinion related an issue in this litigation seeks pure attorney work product. Plaintiff fails to establish the need for it. The Court should sustain my objection.

Thank you for your consideration of this matter.

Very truly yours,

SOKOLOFF STERN LLP

Brian S. Sokoloff

BSS/--
cc:     All parties
        **BY ECF**