

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

BRIAN S. SOKOLOFF
BSOKOLOFF@SOKOLOFFSTERN.COM

October 22, 2021

Hon. James M. Wicks
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

**VIA ECF**

      Re:   *Galloway v. Nassau County, et al.*
              Docket No. 19-cv-5026 (AMD)(JMW)
              File No. 190164

Dear Judge Wicks:

      I respond to Plaintiff's filing of October 15, 2021 (DE-132), purporting to supplement and support Plaintiff's motion to disqualify my firm. There are three problems with this submission beyond revealing no conflict.

Problem One: Plaintiff's Submission is Deceptive

      Plaintiff's submission tries to mislead the Court by failing to cite appropriate testimony from the recent deposition of Sheryl Anania, Director of the Nassau County District Attorney's Conviction Integrity Unit.[1] Citation to *the very next question and answer* would have properly illuminated Ms. Anania's testimony. Mr. Harvis confined his citation merely to p. 137, lines 6-19,[2] perhaps hoping neither the Court nor defense counsel would notice.

---

[1] The deposition occurred under this Court's order of September 22, 2021: "Plaintiff may, by 10/6/2021, continue the deposition of ADA Anania, *limited only to the question posed by Plaintiff's counsel regarding the legality of the police identifications procedures*, as well as any reasonable outgrowth of questioning following her response." *See* Unnumbered Docket Entry of September 22, 2021 (Emphasis added). The deposition questions Mr. Harvis cites in his supplemental submission actually exceed the bounds of the Court's order (along with others brought to this Court's attention during the deposition, *see* DE-131).

[2] Mr. Harvis submits the Anania transcript as Exhibit "1" to his October 15, 2021 letter.

Sokoloff Stern LLP

Hon. James M. Wicks
October 22, 2021
Page 2 of 5

  The best way show the craftiness of Mr. Harvis's clipped citation is to present his cited testimony without italics and then to italicize the eliminated very next question and answer:

> Q. In determining that Mr. Galloway was innocent and that his conviction should be vacated, did your office credit the statements of the victim Jorge Anyosa.
>
> MR. SOKOLOFF: Objection.[3]
>
> A. What statements are you talking about?
>
> Q. The statements[4] that he gave you when you interviewed him about what happened?
>
> A. That was part of it.
>
> Q. Is that a yes?
>
> A. Yes. I would say I credited it, yes.
>
> *Q. Okay. Did your investigation find any reason to doubt the veracity of Mr. Anyosa?*
>
> *MR. SOKOLOFF: Objection.*
>
> *A. You know, I have to tell you, I didn't – I didn't go further in perusing that because there were so many other things that pointed to someone else committing the crime. So I took it at face value, it didn't really affect my*

---

[3] My objection was twofold: first, the Nassau County District Attorney never determined Mr. Galloway was "innocent," and the phrase "your office" is unclear. For purposes of this letter alone, I assume the Court would overrule my objection.

[4] As a necessary background, I attach as Exhibit "A" the testimony Ms. Anania gave in her first deposition about statements she received from Mr. Anyosa, the crime victim. That testimony outlines the universe of possible Anyosa statements in Mr. Harvis's question. In her first deposition, Ms. Anania testified to two speaking interactions with Mr. Anyosa. The first was an October 28, 2018 meeting with him her office; she asked him about – and he recounted -- his participation in the police investigation of the cabdriver shooting. Her second interaction with Mr. Anyosa was a September 11, 2018 phone call: Ms. Anania called Mr. Anyosa to notify him that her office would exonerate Galloway after its reinvestigation of the case. Between the two interactions, Mr. Anyosa gave Ms. Anania *multiple* statements, which prompted her above to ask Mr. Harvis to clarify which Anyosa statement(s) he was asking about: "What statements are you talking about?" Mr. Harvis's response -- "the statements that he gave you when you interviewed him" -- does not specify which of Anyosa's multiple statements he wanted to know if "her office" (not her) credited. Because Mr. Harvis never specified what Anyosa statement(s) he was asking her about, the answer he got creates confusion.

Sokoloff Stern LLP

Hon. James M. Wicks
October 22, 2021
Page 3 of 5

> *investigation, but I can't say that I did an in depth investigation as to everything that he said to me as to whether it's true or not.*

Anania October 5, 2021 Transcript, pp. 137:6 to 138:9.

Citing the italicized portion of the transcript, a mere fourteen lines of testimony, provides the difference between misleading the Court and being straightforward with it. Mr. Harvis might say his attaching the whole transcript enabled the Court to read it all, so he was not seeking to mislead. The Court need not be so charitable.

<u>Problem Two: Even if Clear and Complete, The Anania Testimony is Inadmissible</u>

Seen in the proper context, the recent Anania testimony does not support Plaintiff's disqualification motion. Ms. Anania is not at odds with the action of any police here. Even if Mr. Harvis asked Ms. Anania the intelligible question of whether she believed Mr. Anyosa when he reported to her that the officer told him he picked the right man in the photo array, her answer of "yes, I believed him" would be inadmissible. Her opinion of another witness's credibility is inadmissible and meaningless. It does not matter if she believed Mr. Anyosa. Mr. Anyosa telling Ms. Anania that an officer told him he picked the right guy in a photo array did not trigger Galloway's exoneration. The DA moved for Galloway's exoneration when: (a) a woman ten years after Galloway's conviction reported to DA that she knew of someone who confessed to cabdriver shooting, (b) the DA investigated her report and corroborated it with other evidence, and (c) Anyosa himself identified the new suspect a photo of him.[5]

*Schultz v. Thomas*, 832 F.2d 108 (7th Cir. 1987) explains why Ms. Anania's opinion of another witness's truthfulness is inadmissible. *Schultz* is a civil rights case against police officers arising from plaintiff's arrest and trial for disorderly conduct. During the trial of the civil rights case, the judge who presided in plaintiff's criminal trial testified and gave his opinion, based on his criminal trial observation of them, that the now-defendant police officers were not truthful. The Seventh Circuit found this reversible error and explained why:

> Judge Flynn was not testifying about the existence of some objective fact as to which he had personal knowledge; but rather, gave his opinion based upon his own assessment of the witnesses' credibility. . . . Judge Flynn merely tried the plaintiff's disorderly conduct case. He was not a witness to nor did he have any personal knowledge of the underlying facts. Thus he had no basis for his opinion about the defendants' truthfulness other than his own credibility observations during the

---
[5] I annex as Exhibit "B" Ms. Anania's explanation to the criminal court why her office moved to vacate the Galloway conviction. Mr. Harvis has this document. He knows that neither in this statement nor in her deposition did Ms. Anania say that Mr. Anyosa's report to the DA that a police officer told him he picked the right guy in the photo array triggered, in whole or in part, the exoneration. (In his own deposition, Mr. Anyosa said he did not remember if a police officer told him he picked the right guy.)

Sokoloff Stern LLP

Hon. James M. Wicks
October 22, 2021
Page 4 of 5

> pervious trial. No person, especially a judge, should usurp the jury's exclusive duty to determine credibility.

832 F.2d at 111. *See also Holmes v. City of Chicago*, 2016 WL 6442117, * 17 (N.D. Ill. 2016)("[T]he reasoning and impressions of credibility of the Impound Hearing Officer, the IG, and the ASAs are not admissible. Allowing reference to their opinions about the credibility of Defendant would invade the province of the jury in assessing the credibility of testifying witnesses.") *See generally* Wright & Miller, *Federal Practice & Procedure* § 6114 (operation of Fed. R. Evid. 608(a))

In his motion to disqualify my firm, Plaintiff claimed prejudice because, without disqualification, "any judgment obtained can be collaterally attacked and subject to reversal." *See* Plaintiff's Memo of Law (DE-123), p. 10. Yet Plaintiff's most recent submission strangely tries to support disqualification by conjuring potential trial testimony from Ms. Anania that other courts have found reversible error.

Problem Three: 28 U.S.C. § 1927

The omission of salient testimony is blatant. I had to respond to Mr. Harvis's submission just to point out how Mr. Harvis clipped the transcript in the wrong place. It took counsel's time and the client's money. It took the Court and its support system time and effort to read it and digest these submissions. Seen in its proper context, the Anania testimony – itself stemming from questioning exceeding the scope of the Court's order -- is meaningless (Problem One, *supra*) and inadmissible (Problem Two, *supra*). The misleading submission added zero to the motion; if anything, it undermines the motion.

Weak briefs merit nothing besides a denied motion. But the craftiness behind intentionally omitting a citation to salient testimony deserves more than an "oops" when caught. It deserves the Court's attention. 42 U.S.C. § 1927 provides, "An attorney… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

While I am not asking the Court to impose sanctions under this section (largely because counsel need to continue litigating this case and I do not enjoy litigating in a toxic atmosphere), the Court has that power *sua sponte*. *Forman v. Mount Sinai Medical Center*, 128 F.R.D. 591, fn. 24 (S.D.N.Y. 1989).

Sokoloff Stern LLP

Hon. James M. Wicks
October 22, 2021
Page 5 of 5

    Thank you for your consideration of this matter.

                                              Very truly yours,

                                              SOKOLOFF STERN LLP

                                              Brian S. Sokoloff

BSS/--
cc:    All parties
        **BY ECF**