

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

October 25, 2021

**BY ECF**
Honorable James M. Wicks
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Galloway v. Cty. of Nassau, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

I represent plaintiff in the above-referenced matter. In accordance with the Court's order of this morning, I write to respectfully reply to Mr. Sokoloff's filing at DE #134 ("Sokoloff Letter"). If it should please the Court, the Sokoloff Letter presents failing arguments intended to distract the Court from Mr. Sokoloff's disqualifying conflicts and further supports plaintiff's motion.

First, there was nothing misleading in plaintiff's citation to Ms. Anania's testimony. Ms. Anania, in response to a question posed without objection, admitted that she credited Mr. Anyosa's statements to her. Anyosa's statements, according to Ms. Anania's own notes, included, *inter alia*, the troubling allegation that a detective had told Anyosa he picked the right person from the photo array. *See* Fourth Amended Complaint (DE #114), ¶ 72 (reprinting Ms. Anania's notes). The potential for such statements by the police to influence a witness's subsequent identifications and testimony is beyond cavil, particularly given plaintiff's innocence. *See Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001) ("Suggestive identification procedures increase the likelihood of misidentification, and it is the likelihood of misidentification which violates a defendant's right to due process.") (brackets, quotation marks and citations omitted).

The testimony now offered by Mr. Sokoloff, in which Ms. Anania explains, over her counsel's objection, that she took Anyosa's statements "at face value" because there were "so many other things that pointed to someone else committing the crime," does not diminish or contradict Anania's prior statement. Nor does the Sokoloff Letter provide any reasoning to support its grave allegation, at p. 1, that the undersigned "trie[d] to mislead the Court." *See, e.g., Klein v. Frenkel*, 14 CV 2719 (ADS) (ARL), 2015 WL 13721693, *9 (E.D.N.Y. Feb. 19, 2015) ("[Defendant] does not offer any reason why the emails offered by the Plaintiff are misleading, nor does he explain what information these emails purportedly omit. Accordingly, the Court does not find the 'completion doctrine' to be applicable to the instant case."). If anything, the subsequent answer merely reinforces Ms. Anania's prior testimony and belies Mr. Sokoloff's representation, at Sokoloff Letter n.3, that the DA "never determined Mr. Galloway was 'innocent.'"

Hon. James M. Wicks
Oct. 25, 2021

In truth, there can be no question that the DA's office determined that Mr. Galloway was innocent – ADA Anania herself stated this in open court on September 13, 2018. *See* Transcript of September 13, 2018 Conference, annexed hereto as Exhibit 1, p. 4, ln. 14-18 ("When [the DA's office] learned last Friday that there was sufficient evidence to believe that Mr. Galloway was, in fact, innocent, I [notified plaintiff's criminal defense counsel].").

We respectfully submit that whether Anyosa's statements "triggered" ADA Anania's decision to exonerate plaintiff is irrelevant to the conflict question. As plaintiff stated in his prior submission, what matters is that Mr. Sokoloff's client, Ms. Anania, credited Anyosa's statements, while Mr. Sokoloff's other clients, the defendant officers, deny the alleged conduct. This factual conflict is likely to result in trial taint and is thus unwaivable for the reasons discussed by the Hon. Cheryl L. Pollak in *Blake v. Race*, 01 CV 6954 (SJ) (CLP) (E.D.N.Y. Jan. 11, 2005), annexed to DE #124 as Exhibit 1.

Moreover, given the tone and allegations of Mr. Sokoloff's recent letter, it bears noting that he has submitted to the Court a typewritten note by Ms. Anania as his Exhibit B without mentioning that the record contains a prior draft of that document with a telltale revision germane to the conflict issue. *See* Prior Draft of Typewritten Statement, annexed hereto as Exhibit 2. This earlier version of the Sokoloff Letter's Exhibit B, marked-up by Ms. Anania, suggests that the DA's office wrestled with the apparent misconduct underlying plaintiff's wrongful conviction. For reasons that remain unclear, Ms. Anania initially characterized Mr. Galloway's conviction as "not the result of misconduct" but then struck that sentence in the final version of her remarks. Exhibit 2, ¶ 5; *see* Anania Deposition, September 11, 2020, annexed hereto as Exhibit 3, p. 100, ln. 5-p. 103, ln. 7 (discussing the revisions). Thus, the DA's view of the propriety of the officers' conduct is, at best, unsettled; in the context of the instant motion, such an open question should be resolved in favor of disqualification. *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975).

Second, contrary to the Sokoloff Letter, Ms. Anania's testimony will not be offered to establish Anyosa's credibility. Rather, Ms. Anania will testify to the circumstances surrounding the DA's decision to exonerate plaintiff as innocent, testimony that is admissible as to both liability and damages in wrongful conviction cases. *See Parish v. City of Elkhart*, 702 F.3d 997 (7th Cir. 2012) (holding that the district court abused its discretion by excluding evidence of innocence under Rule 403, necessitating a retrial); *In re Herman Atkins*, 06-74094 (9th Cir. Order, Aug. 22, 2006) ("Evidence of actual innocence is both relevant and not subject to exclusion under Federal Rule of Evidence 403"); *Restivo v. Hessemann*, 846 F.3d 547, 559 (2d Cir. 2017) (describing in a 1983 wrongful conviction suit how "the evidence of [plaintiffs'] innocence provides an important backdrop for their claims at trial"); *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014) (noting plaintiff's innocence "increase[es] the likelihood that [the defendants]... fed [a witness who gave inculpatory statement] details about the case"); *Halsey v. Pfeiffer*, 750 F.3d 273, 306 n.31 (3d Cir. 2014) (noting plaintiff's innocence was critical evidence relevant to his claims that his confession was fabricated and coerced); *White v. Smith*, 696 F.3d 740, 752, 756 (8th Cir. 2012) (noting innocence of plaintiff and his alleged co-conspirators supported his fabrication claim, because "none of the suspects possessed any independent knowledge of facts that were consistent

Hon. James M. Wicks
Oct. 25, 2021

with the evidence found at the crime scene"); *Good v. Curtis*, 601 F.3d 393, 398 (5th Cir. 2010) (holding innocence is relevant to claim that identification was fabricated); *Spencer v. Peters*, 857 F.3d 789, 799 (9th Cir. 2017) (holding innocence may be circumstantial proof that an investigator acted with "an unlawful motivation to frame an innocent person, which supports a claim that the investigator deliberately fabricated evidence"); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) (noting innocence is a "circumstantial method[] of proving deliberate falsification"); *Jimenez v. City of Chicago*, 732 F.3d 710, 713 (7th Cir. 2013) (describing evidence of innocence admitted at § 1983 wrongful conviction trial); *Newsome v. McCabe*, 96 CV 7680, 2002 WL 548725, *6 (N.D. Ill. Apr. 4, 2002), *aff'd* 319 F.3d 301 (7th Cir. 2003) ("Excluding [evidence of innocence] would have been highly prejudicial to Newsome. It would have invited the jurors to draw the impermissible inference that he was actually guilty, and, thus, absolve defendants of any misconduct."); *Parish*, 702 F.3d at 1003 (calling "evidence relating to Parish's innocence...critical to the damages issue"); *Ayers*, 773 F.3d at 169 (noting "innocence is also relevant to the issue of damages"); *Carter v. City of Philadelphia*, 97 CV 4499, 2000 WL 1016653, *2-3 (E.D.Pa. July 12, 2000) (holding that in a § 1983 action alleging damages for malicious prosecution and wrongful imprisonment, "the issue of whether or not a civil plaintiff committed the underlying criminal act is central to the measure of damages," because it "bears on the emotional damage he may have suffered during his imprisonment").

Third, Mr. Sokoloff's assertion that the undersigned has multiplied these proceedings in violation of 28 U.S.C. § 1927 (which Mr. Sokoloff incorrectly cites, at p. 4 of his letter, as "42 U.S.C. § 1927") lacks color. Plaintiff's two-page letter of October 15, 2021, filed pursuant to an order of this Honorable Court, was neither unreasonable nor vexatious. Indeed, had Mr. Sokoloff recognized the probability of a conflict at the outset, as the Second Circuit urged him to do under similar circumstances twenty years ago in *Tiffany v. Vill. of Briarcliff Manor*, 216 F.3d 1073, n.2 (2d Cir. 2000), or last year when plaintiff specifically requested written conflict waivers under Rule 34, much, if not all, of the instant proceedings could potentially have been avoided.

Accordingly, plaintiff respectfully requests that the Court disqualify the Sokoloff firm and grant such other and further relief as the Court deems just and proper.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:     All Counsel

3