

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

November 4, 2021

**BY ECF**
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Galloway v. Cty. of Nassau, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

I represent plaintiff in the above-referenced matter. I write to respectfully respond to the extension request filed by the Nassau County defendants today at DE #138.

Initially, the submission violates Rule 2.F.v. of this Honorable Court's Individual Practices, which requires that "[a]ll requests for adjournments or enlargements of time must…state…the reasons given by the adversary for refusing to consent."

After being disqualified last week for having undertaken joint representation under circumstances posing a "palpable and significant risk" of trial taint, *Galloway v. Nassau Cty.*, ___ F.Supp.3d____, 2021 WL 5013735, *5 (E.D.N.Y. Oct. 27, 2021), defense counsel emailed the undersigned on November 2, 2021 seeking plaintiff's consent to an extension of the deadline for objections. Mr. Sokoloff did not provide any explanation as to why additional time was needed, what objection defendants would seek to raise or any indication that he would seek to extend the thirty-day stay included in the Court's recent order to permit the replacement of counsel.

In response, by email yesterday, plaintiff's counsel stated: "Please note our position as follows: 'We are constrained to oppose this request because we see no basis for it, or the unspecified objection to which it relates, and excessive time has already been devoted to this issue; Mr. Galloway's important claims must be addressed without further delay.'" In the letter filed at DE #138, Mr. Sokoloff mischaracterized and omitted

Hon. Ann M. Donnelly
Nov. 4, 2021

plaintiff's position and also included a request that the thirty-day stay be extended without prior conferral.

For approximately four months now, plaintiff's ability to prosecute this case and prepare his claims for trial has been forestalled by litigation related to defense counsel's conflicted representation. Now, with no evident basis to challenge the Court's thorough opinion, Mr. Sokoloff appears intent on further delaying resolution of plaintiff's claims.

If it should please the Court, we take no issue with defendants filing objections to the recent order. However, we see no reason why this issue, for which plaintiff bears no responsibility, should supersede plaintiff's vital interest in the speedy, efficient resolution of his wrongful conviction claims.

Accordingly, we respectfully request that the Court limit or deny defendants' requested extension and enforce the recent order while objections, if any, are considered.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:     All Counsel