

**eeplaw.com**
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

January 21, 2022

**BY ECF**
Honorable James M. Wicks
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:  *Galloway v. Cty. of Nassau, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

    I represent plaintiff in the above-referenced matter. I write to respectfully request that the discovery stay be lifted and an expedited schedule entered for the completion of limited remaining discovery. Nassau County opposes the request; Hempstead has not provided its position.

    If it should please the Court, fact discovery in this matter, including all party and non-party depositions, was complete in 2020. Pursuant to the then-operative scheduling order and Fed. R. Civ. P. 26(a)(2)(B), plaintiff timely served defendants with four expert reports on March 4, 2021. Over the next sixty days, the Village of Hempstead defendants replaced their attorneys and the Court granted plaintiff leave to assert a *Monell* claim challenging the County's identification procedures. *See* DE #106-115. To allow plaintiff to take *Monell* discovery, an amended Rule 16(b)(1) schedule was entered setting a final deadline of August 31, 2021 for the completion of all discovery. *See* Order dated May 16, 2021. Two months later, a stay was entered in connection with plaintiff's motion to disqualify counsel for the Nassau County defendants.[1]

    Disqualification was granted by order dated October 27, 2021. DE #137. Over plaintiff's opposition, this Honorable Court has stayed discovery pending a decision on Nassau County defendants' Rule 72(a) objection to the disqualification order. *See* DE #147. A hearing on that issue was held before the Hon. Ann M. Donnelly on January 11, 2022. Judge Donnelly encouraged settlement discussions and ordered the parties to submit a joint status report by January 25, 2022 advising the Court of whether the parties are interested in exploring settlement.[2] *See* Transcript, annexed hereto as Exhibit 1. The parties are presently scheduled to appear before

---

[1] Prior to entry of the discovery stay, Nassau County missed its deadline to designate witness(es) in connection with plaintiff's *Monell* claim and Rule 30(b)(6) notice. *See* DE #115 & DE #119, pp. 2-3.

[2] The Court has encouraged settlement discussions in this case from the outset. *See* DE #52-1 (Transcript of Pre-Motion Conference, 3/10/2020), p. 4, ln. 15 & p. 20, ln. 18; DE #68 (Transcript of Initial Conference, 4/2/2020), p. 13, ln. 7. Defendants have repeatedly declined to engage in such discussions.

Hon. James M. Wicks
Jan. 21, 2022

Your Honor for a status conference on February 14, 2022. Yesterday afternoon, defense counsel for Nassau County informed plaintiff by email that County defendants deem settlement discussions premature; no further information was provided. As of this writing, we have not heard from the Hempstead defendants on the matter.

Under these circumstances, we respectfully submit that the discovery stay should be lifted and limited remaining discovery should be ordered on an expedited basis. Plaintiff thus requests that the Court set a date certain deadline for Nassau County to designate a 30(b)(6) witness or witnesses on plaintiff's *Monell* claim as it was required to do – but did not – in June of last year and allow plaintiff to take the testimony.[3] Plaintiff should also be permitted to obtain the other discovery subject to his prior motion to compel. *See* DE #119. To the extent the Court is inclined, defendants, who have been in possession of plaintiff's expert reports for close to a year, should be given a short deadline to submit any rebuttal reports. Plaintiff respectfully proposes that the Court enter an order allowing approximately thirty days for these tasks to be completed and thereafter scheduling the submission of a joint pre-trial order and the commencement of any dispositive motion practice.[4,5] *See* order dated May 16, 2021.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:     All Counsel

---

[3] Given the disqualification, the Court should require that the Office of the Nassau County Attorney defend the Rule 30(b)(6) deposition(s).

[4] At the time the stay was entered, there were 46 days remaining for the completion of all discovery. *See* DE #115 and order dated May 16, 2021 (setting August 31, 2021 deadline for all discovery); order dated July 16, 2021 (entering stay).

[5] In the joint status report due to Judge Donnelly on January 25th, plaintiff will request that supplemental briefing on the disqualification issue, to the extent it is invited by the Court, be conducted on an expedited basis and concurrently with the closure of discovery as described herein.