


eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

February 10, 2022

**BY ECF**
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Galloway v. Cty. of Nassau, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

I represent plaintiff in the above-referenced action. In accordance with the order dated January 25, 2022, I write to respectfully supplement plaintiff's opposition to the objection filed by the Nassau County defendants at DE #142 and to address their filing yesterday at DE #152.

As this Honorable Court correctly noted at the hearing last month, "there is surely a conflict" in the Sokoloff firm's representation of ADA Anania. Thus, the only question remaining is whether the Honorable Magistrate Judge's disqualification order based on that conflict was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). We respectfully submit that it was not.

If it should please the Court, the Sokoloff firm's filing yesterday at DE #152 illustrates why the order at DE #137 should be affirmed.

First, Ms. Anania is a singular and central witness in this case whose involvement was far broader than the Sokoloff firm represents. Indeed, like the prosecutor in *Blake v. Race*, ADA Anania participated in plaintiff's 2009 prosecution and supervised the State's cross-examination of key trial witness Robert Ogletree. *See* R. Schalk Deposition Transcript, annexed hereto as Exhibit 1, p. 20, ln. 10-p. 24, ln. 21; p. 32, ln. 14-p. 33, ln. 4. As the Court may recall, Mr. Ogletree took the stand at plaintiff's criminal trial and credibly alleged that detectives, now defendants in this action, coerced him to sign a false statement inculpating plaintiff. *See* Fourth Amended Complaint (DE #114) ("FAC"), ¶¶ 61-62. Ogletree's allegations, known to ADA Anania in 2009, support Mr. Galloway's civil *Brady* and due process claims more directly than the exculpatory information at issue in *Race*.[1]

Furthermore, because ADA Anania's involvement in plaintiff's 2009 prosecution and her work rebutting Ogletree's coercion allegations at trial did not appear in the documentary record, plaintiff's counsel had no way of knowing about those activities when ADA Anania was deposed. As the

[1] In *Race*, the issue was whether police had told prosecutors that a witness omitted observing a murder on the same day as his interview, which bore on the witness's credibility. Here, ADA Anania knew by the time of plaintiff's 2009 criminal trial that Ogletree was making serious allegations of coercion against defendants in this case, raising questions about when ADA Anania and others in her office first learned of Ogletree's claims and the extent to which they were disclosed or investigated. Failure to timely disclose the allegations would violate, *inter alia*, prosecutors' *Brady* and *Rosario* obligations.

deposition transcript annexed to DE #152 reflects at pp. 50-51, the undersigned questioned ADA Anania about Ogletree's allegations, but ADA Anania – represented and prepared by Mr. Sokoloff – made no mention of her involvement in the 2009 criminal case against plaintiff; that information only came to light when ADA Robert Schalk was deposed months later. *See* Exhibit 1; *see also* DE #152, *generally* (characterizing ADA Anania's role as "small or non-existent" and omitting reference to her supervisory participation in plaintiff's 2009 criminal trial).

Now the only opportunity for plaintiff to question ADA Anania about the consequential issues surrounding her participation in plaintiff's 2009 prosecution and contemporaneous knowledge of Ogletree's allegations will be at the trial of this civil action, where such issues will be intertwined with Sokoloff's prior conflicted representation of her. We respectfully submit that the risk of taint under these circumstances is palpable.

Notably, this is not the first time the Sokoloff firm has misrepresented the record to Your Honor in its effort to avoid disqualification. At the hearing last month, Mr. Sokoloff emphatically denied pursuing a defense that the DA's investigation into plaintiff's wrongful conviction, led by his client ADA Anania, was flawed. *See* Hearing Transcript, annexed hereto as Exhibit 2, p. 12, ln. 2-15 (THE COURT: …[L]et me just ask you is that your defense, that the reinvestigation was also flawed? MR. SOKOLOFF: No, absolutely not…."); *but see* T. Bidell Deposition Transcript, annexed hereto as Exhibit 3, p. 61, ln. 10-23:

> EXAMINATION BY MR. SOKOLOFF:
>
> Q. Who was it that showed [victim Jorge Anyosa] the photo of [the perpetrator]?
>
> A. Sheryl Anania.
>
> Q. Before Sheryl Anania did that, did she show the photo of [the perpetrator] with the photos of anybody else?
>
> A. No, not that I recall.
>
> Q. So he was not asked to pick out the shooter out of a group of photos, correct?
>
> A. Correct.
>
> Q. He was shown one photo, correct?
>
> A. Correct.

Through this questioning, the Sokoloff firm affirmatively undermines the credibility of its own client, ADA Anania, and her investigation into plaintiff's innocence, which was mandated by special ethical rules applicable to prosecutors. *See* New York Rule of Professional Conduct 3.8(c)(2)(C). We respectfully submit that this exchange, and the firm's lack of candor about its litigation strategy, further support disqualification.

Similarly, in its filing yesterday, the Sokoloff firm impugns ADA Anania's credibility by citing deposition testimony from victim Jorge Anyosa equivocating on allegations of police misconduct appearing in ADA Anania's notes as attributed to Anyosa. *See* Parenthetical statement at DE #152, p. 7. This sets the stage for the argument that Anyosa never made such statements and, *ipso facto*, Anania's

notes are suspect and untrustworthy. Such conduct further supports disqualification. *See, e.g., United States v. Yannotti*, 358 F. Supp. 2d 289, 297 (S.D.N.Y. 2004) ("notwithstanding [the client's] purported desire to waive his right to a conflict-free attorney, I conclude that [counsel] must be disqualified in order to preserve the integrity of the judicial process as well as the…interest[] in ensuring a fair trial and a just verdict").

Second, the limited argument offered by the Sokoloff firm, presented without legal authority at p. 7 of DE #152, is without merit and invites error.

According to the Sokoloff firm, "[t]here would be [no] need or any basis to cross-examine or impeach Ms. Anania about the [Anyosa] statement or her notes.…the jury here will need to know simply that Mr. Galloway's conviction was vacated. How or why it was vacated is not for the jury to know because it has no bearing on the conduct of the officers." But the law is precisely to the opposite.

Ms. Anania's testimony as a supervising prosecutor in the criminal trial where plaintiff was wrongfully convicted and the Chief of the DA's reinvestigation who later declared plaintiff innocent on the record is relevant and admissible as to both liability and damages. *See Parish v. City of Elkhart*, 702 F.3d 997 (7th Cir. 2012) (holding that the district court abused its discretion by excluding evidence of innocence under Rule 403, necessitating a retrial); *In re Herman Atkins*, 06-74094 (9th Cir. Order, Aug. 22, 2006) ("Evidence of actual innocence is both relevant and not subject to exclusion under Federal Rule of Evidence 403"); *Restivo v. Hessemann*, 846 F.3d 547, 559 (2d Cir. 2017) (describing in a 1983 wrongful conviction suit how "the evidence of [plaintiffs'] innocence provides an important backdrop for their claims at trial"); *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014) (noting plaintiff's innocence "increase[es] the likelihood that [the defendants]... fed [a witness who gave inculpatory statement] details about the case"); *Halsey v. Pfeiffer*, 750 F.3d 273, 306 n.31 (3d Cir. 2014) (noting plaintiff's innocence was critical evidence relevant to his claims that his confession was fabricated and coerced); *White v. Smith*, 696 F.3d 740, 752, 756 (8th Cir. 2012) (noting innocence of plaintiff and his alleged co-conspirators supported his fabrication claim); *Good v. Curtis*, 601 F.3d 393, 398 (5th Cir. 2010) (holding innocence is relevant to claim that identification was fabricated); *Spencer v. Peters*, 857 F.3d 789, 799 (9th Cir. 2017) (holding innocence may be circumstantial proof that an investigator acted with "an unlawful motivation to frame an innocent person, which supports a claim that the investigator deliberately fabricated evidence"); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010) (noting innocence is a "circumstantial method[] of proving deliberate falsification"); *Jimenez v. City of Chicago*, 732 F.3d 710, 713 (7th Cir. 2013) (describing evidence of innocence admitted at § 1983 wrongful conviction trial); *Newsome v. McCabe*, 96 CV 7680, 2002 WL 548725, *6 (N.D. Ill. Apr. 4, 2002), *aff'd* 319 F.3d 301 (7th Cir. 2003) ("Excluding [evidence of innocence] would have been highly prejudicial to Newsome. It would have invited the jurors to draw the impermissible inference that he was actually guilty, and, thus, absolve defendants of any misconduct."); *Parish*, 702 F.3d at 1003 (calling "evidence relating to Parish's innocence...critical to the damages issue"); *Ayers*, 773 F.3d at 169 (noting "innocence is also relevant to the issue of damages"); *Carter v. City of Philadelphia*, 97 CV 4499, 2000 WL 1016653, *2-3 (E.D.Pa. July 12, 2000) (holding that in a § 1983 action alleging damages for malicious prosecution and wrongful imprisonment, "the issue of whether or not a civil plaintiff committed the underlying criminal act is central to the measure of damages," because it "bears on the emotional damage he may have suffered during his imprisonment").

Lastly, the conflict cannot be resolved by merely providing conflicts counsel to ADA Anania at this stage and permitting the Sokoloff firm to continue its representation of defendants, because the firm would remain impermissibly adverse to its former client and the firm's prior interference in the factfinding process will be a subject of discussion at trial, inevitably tainting the proceedings. As Judge Wicks correctly recognized, ADA Anania, a singular fact witness to both the conviction and its reversal, is "more aligned with plaintiff" than the Nassau County defendants in this case. *See* DE #137, p. 9; *JKAYC, LLC v. Noah Bank*, 20 CV 943 (PKC) (SMG), 2021 WL 4893677, *5 (E.D.N.Y. Oct. 20, 2021) ("where the record presents a close question as to whether disqualification would be appropriate, courts must resolve any doubts in favor of disqualification") (citation and internal quotation marks omitted); *Ashford Locke Builders v. GM Contractors Plus Corp.*, 17 CV 3439 (AMD) (CLP), 2020 WL 6200169, *1 (E.D.N.Y. Oct. 22, 2020) (describing the Rule 72(a) standard as "highly deferential" and noting that it "imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [his] discretion") (citations, ellipses, brackets and internal quotation marks omitted).

Accordingly, the Court should affirm.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc: All Counsel

Encl.