**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

September 30, 2022

THE OMNI
333 EARLE OVINGTON BLVD, SUITE 901
UNIONDALE, NEW YORK 11553
516.880.8484

**VIA ECF**
Hon. Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, New York 11201

WILLIAM J. GARRY
MEMBER
DIRECT:   516.880.8490
FAX:        516.880.8483
WGARRY@HARRISBEACH.COM

RE:   Galloway v. Nassau County, et al.
        Docket No. 19-cv-5026 (AMD)(JMW)

Dear Judge Donnelly:

This office represents Defendants, The Incorporated Village of Hempstead, Police Office Steven Horowitz Shield No. 144 ("P.O. Horowitz"), Detective Kevin Cunningham, Shield No. 112 ("Det. Cunningham"), and Detective Joseph P. Sortino ("Det. Sortino") (collectively, the "Village Defendants") in this matter. Pursuant to Your Honor's Individual Rule 4(B)(i), the Village Defendants respectfully request that this Court schedule a pre-motion conference regarding the Village Defendants' anticipated submission of a motion seeking summary judgment in their favor.

In accordance with Magistrate Judge Wicks Order dated August 17, 2022, the Village Defendants served their Joint Local Rule 56.1 Statement on September 20, 2022, *see* Exhibit "1", and Plaintiff served his Local Rule 56.1 Counterstatement on September 28, 2022, *see* Exhibit "2". Plaintiff's Local Rule 56.1 Counterstatement mischaracterizes the record, contains impermissible argumentative and conclusory statements unsupported by the record, legal arguments that should be reserved to Plaintiff's memorandum of law and additional materials facts alleged to be in dispute.

**Overview:**   In this 42 U.S.C. § 1983 lawsuit, Plaintiff Josiah Galloway ("Galloway" or "Plaintiff"), seeks to hold the Village Defendants liable in connection with an investigation, arrest and conviction for the shooting of Jorge Anyosa on May 15, 2008. In 2018, after serving ten years in prison, the Nassau County Conviction Integrity Unit ("CIU") filed a motion to vacate Plaintiff's sentence, which motion the Nassau County Supreme Court granted. Plaintiff subsequently filed this action, alleging (1) seven federal causes of action, under 42 U.S.C. § 1983 for malicious prosecution, denial of a fair trial, *Brady* violations, coercion, supervisory liability, *Monell* liability, conspiracy, failure to intervene, and prolonged pretrial detention against various individual Defendants; and (2) two state law causes of action for malicious prosecution, false imprisonment, and intentional and/or negligent infliction of emotional distress against the County and Village Defendants.

**Factual Background:**   On May 15, 2008, Jorge Anyosa ("Anyosa") and Wilmer Hernandez ("Hernandez") got into an argument with a black male at the Hempstead Train Station. Later that morning, the same male returned to the Hempstead Train Station and shot Anyosa in the face. On May 19, 2008, members of the Nassau County Police Department ("NCPD") met with Anyosa

Hon. Ann M. Donnelly
September 30, 2022
Page 2

**HARRIS BEACH PLLC**
ATTORNEYS AT LAW

and completed a composite sketch of the shooter, which was posted in the NCPD Third Squad directly across from NCPD Det. Decaro's desk.

In the late evening of June 5, 2008, Det. Cunningham and P.O. Horowitz arrested Plaintiff and his friend, Robert Ogeltree ("Ogeltree"), for a robbery that occurred on May 27, 2008. Following this arrest, Plaintiff confessed to the May 27th robbery, a fact he admits in his deposition testimony, a decade later.[1] Pursuant to accepted practice, HPD then contacted the NCPD Third Precinct to take over the investigation for the May 27th robbery. NCPD Det. Decaro and Det. Darienzo then responded to the Armory. Det. Decaro saw Plaintiff and believed he resembled the sketch of Anyosa's shooter. Det. Decaro reviewed the sketch, confirmed the resemblance, and requested NCPD Det. Lipson to put together two (2) photo arrays. Det. Lipson created two (2) photo arrays which contained a prior arrest photograph of plaintiff from September of 2007, and five (5) photographs of individuals that had similar characteristics as Plaintiff. Anyosa and Hernandez were each presented with separate photo arrays and positively identified Plaintiff. While in custody, Ogeltree told Det. Decaro, in sum and substance, that Plaintiff made inculpatory statements linking Plaintiff to Anyosa's shooting and then signed a written statement. Plaintiff also made statements to Det. Decaro corroborating Ogeltree's statement. The NCPD then placed Plaintiff under arrest for the Anyosa shooting. Plaintiff was subsequently indicted by a Nassau County Grand Jury and convicted after the close of his criminal trial.

In early July 2018, while Plaintiff was serving his sentence, a woman called the NCDA and told the NCDA Conviction Integrity Unit ("CIU") that the wrong person was convicted of the Anyosa shooting. On September 13, 2018, the NCDA CIU moved to vacate Plaintiff's conviction pursuant to N.Y.S. Criminal Procedure Law section 440.10(1)(g) and Plaintiff's Indictment was dismissed with prejudice.[2]

**Plaintiff's Federal and State Law Claims for Malicious Prosecution, Unlawful Pretrial Detention and False Imprisonment, as well as Claims for Fabrication of Evidence/Denial of Fair Trial and *Brady* Violations, Must Fail:** It is undisputed that Det. Cunningham and P.O. Horowitz had probable cause to arrest Plaintiff for the May 27th robbery. This arrest was based on a victim statement accusing Plaintiff of the robbery, which Plaintiff later confessed to. "[W]hen information supporting an arrest is received from a putative victim . . . , probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Gomez v. City of New York*, 2017 U.S. Dist. LEXIS 38100, *15 (EDNY Mar. 15, 2007) (quoting *Schnitter v. City of Rochester*, 556 F. App'x 5, 8 (2d Cir. 2014) (summary order). Det. Cunningham and P.O. Horowitz were permitted to rely on the victim statement concerning the May 27th robbery and played no active role in the investigation of the Anyosa shooting.[3]

---

[1] Eventually, Plaintiff pleaded guilty to a reduced charge of disorderly conduct in satisfaction of the May 27th robbery charge.
[2] The NCDA CIU stated on the record that at the time of the trial, Plaintiff was provided with all exculpatory information and that the discrepancies between the suspect's description and the Plaintiff were thoroughly explored at trial.
[3] The Village Defendants had no involvement in the alleged coercion of Robert Ogeltree. (FAC ¶ 37).

Hon. Ann M. Donnelly
September 30, 2022
Page 3

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

Similarly, the fabrication of evidence, failure to intervene and unlawful pretrial detention causes of action fail. First, the FAC concedes that the Village Defendants had no involvement in the alleged coercion of Ogeltree. (FAC ¶ 37). Second, Defendants alleged failure to investigate Plaintiff's alibi or alleged failure to investigate a tip from 2008 (which there is no evidence of) does not overcome the existence of probable cause.[4] *Harrison v. Cty. Of Nassau*, 2018 U.S. Dist. LEXIS 164599 (EDNY Aug. 31, 2018). Third, the Village Defendants did not have personal involvement in the initiation of the criminal proceeding and continued prosecution against Plaintiff for the attempted murder charge. *See Israel v. City of New York*, 2018 U.S. Dist. LEXIS 241008, *16 (SDNY Sep. 29, 2018) ("approving reports and vouchers is not the type of 'active role' that courts have typically relied on for this element of a malicious prosecution claim. Indeed, where false information is at issue, courts generally phrase this element as requiring that a defendant 'create' the false information that is forwarded to prosecutors."). Lastly, any allegation that P.O. Horowitz was involved in the alleged assurance that Anyosa picked "the right guy" is not unduly suggestive and does not taint subsequent identification procedures or trial testimony. *See United States v. Leonardi*, 623 F.2d 746, 754-55 (2d. Cir. 1980), *cert. denied*, 447 U.S. 928 (1980); *Wilson v. Bantum*, 1993 U.S. Dist. LEXIS 5924, at *11 (EDNY April 28, 1993).

**Plaintiff's IIED and NIED, Conspiracy, Supervisory Liability and Failure to Intervene Claims Fail:** Plaintiff's IIED and NIED claim fails, since Plaintiff alleged conduct that fits within already pled traditional tort theories. *See Jackson v. Nassau Cty.*, 552 F.Supp.3d 350, 385-86 (EDNY 2021). Since there was probable cause, and no evidence that an agreement existed between any of the Defendants to violate Plaintiff's constitutional rights, the conspiracy claim fails. *See Celestin v. City of New York*, 581 F.Supp.2d 420 (EDNY Oct. 14, 2008). Since Det. Sortino's only role was witnessing the signature of the felony complaints made by Det. Yao, any claim, including supervisory liability, against Det. Sortino must fail. *See Tangreti v. Bachmann*, 983 F.3d 609, 618-620 (2d Cir. 2020); *see also Israel*, *supra* at *16. Since Plaintiff alleges that all individual Defendants are liable under a direct participation theory, they cannot also be held liable for failing to intervene, and since the Village Defendants played no active role in any alleged impropriety regarding the investigation of the Anyosa shooting, this claim must fail. *See Donohue v. Marsh*, 2022 U.S. Dist. LEXIS 162285 (EDNY Sept. 8, 2022); *see also Rizk v. City of New York*, 462 F.Supp.3d 203 (EDNY May 22, 2020).

**The Village Defendants Are Entitled to Qualified Immunity:** Since the Plaintiff's constitutional rights were not violated, and since in 2008, the law was not clearly established that any of the Defendants' actions were objectively unreasonable, all Defendants are entitled to qualified immunity. In addition, the Village Defendants had arguable probable cause, affording them qualified immunity. *Norwood v. Mason*, 524 Fed. Appx. 762, 765 (2d Cir. 2013).

Based upon the above, the Village Defendants respectfully request a pre-motion conference to set a reasonable schedule within which to fully brief these issues for the Court.

---

[4] In addition, the discrepancies and inconsistencies between the Plaintiff and the suspect, which were extensively explored at Plaintiff's criminal trial, did not dissipate probable cause. *Harrison v. Cty. of Nassau*, 2018 U.S. Dist. LEXIS 164599, at *41 (EDNY Aug. 31, 2018); *Stansbury v. Wertman*, 721 F.3d 84, 94 (2d Cir. 2013) (4-inch height difference).

Hon. Ann M. Donnelly
September 30, 2022
Page 4



        Respectfully,

        */s/ William J. Garry*
        William J. Garry

WJG:ir

        VIA ECF
cc:    All Counsel