

ELEFTERAKIS
ELEFTERAKIS
& PANEK

**eeplaw.com**
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

October 4, 2022

**BY ECF**
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Galloway v. Cty. of Nassau, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

  I represent plaintiff in the above-referenced action. I write to respectfully oppose that portion of the Nassau County defendants' letter at DE #171 seeking leave to present a *Daubert* motion.[1]

  If it should please the Court, defendants' request is a tactical effort to mitigate their failure to depose or otherwise take discovery from a key expert supporting plaintiff's claims. The contemplated *Daubert* motion also lacks merit and would result in undue prejudice to plaintiff.

  As the Court may recall, this wrongful conviction, in which Nassau County verified plaintiff's innocence and moved to exonerate him, resulted from misidentifications at photo arrays and lineups orchestrated by the defendant detectives. Thus, a central question in the case is whether and to what extent those identification procedures were biased or suggestive. In March 2021, plaintiff served Fed. R. Civ. P. 26(a)(2) disclosures designating a leading academic researcher and lecturer in the field of eyewitness identification, Dr. Jennifer E. Dysart, tenured professor at the John Jay College of Criminal Justice, to opine on these issues. Plaintiff's disclosures were accompanied by Dr. Dysart's report, which summarizes her qualifications and opinions, as supported by a meticulous review of the record and original research measuring bias in the procedures at issue here.[2] From March 2021 through the close of expert discovery last month, defendants took no discovery related to Professor Dysart and elected not to take her deposition.

  In this context, the Nassau County defendants have now included in their pre-motion letter at DE #171 a separate request for leave to present a purported *Daubert* challenge, presumably of Professor Dysart. But such a motion is unlikely to succeed, as illustrated by the recent decision of the Hon. Lorna G. Schofield roundly rejecting such a challenge of Professor Dysart in another wrongful conviction. *See Rosario v. City of New York*, 18 CV 4023 (LGS), 2021 WL 1930293, *4-6 (S.D.N.Y. May 13, 2021) (describing Professor Dysart as "well qualified to testify about police practices relating to eyewitness identification" and as presenting "precisely the kind of opinion that is not intuitive and may be helpful to the jury").

---

[1] In accordance with this Honorable Court's Individual Practices, plaintiff will address the merits of defendants' summary judgment arguments in his opposition brief.

[2] Professor Dysart's report is respectfully annexed hereto as Exhibit 1, with her study presented at p. 12 & Appendix D.

Hon. Ann M. Donnelly
Oct. 4, 2022

Plaintiff respectfully submits that, under these circumstances, a *Daubert* hearing at this juncture would also unduly permit defendants to examine Professor Dysart, belatedly cure their failure to depose her and attempt to bolster their arguments at summary judgment. Additionally, entertaining a *Daubert* motion at this stage is inefficient, premature and will prejudice Mr. Galloway by further delaying the prosecution of his claims. If it should please the Court, the more prudent course is to litigate any *Daubert* challenges through *in limine* motion practice as in the ordinary course.

Accordingly, defendants' request to present a *Daubert* challenge should be denied.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:     All Counsel

2