

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

October 18, 2022

**BY ECF**
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:  *Galloway v. Cty. of Nassau, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

    I represent plaintiff in the above-referenced action. I write pursuant to the Court's order dated October 11, 2022 to respectfully oppose DE #171 and #172. If it should please the Court, genuine disputes of material fact preclude summary judgment and qualified immunity.

    First, as the Court recently affirmed in the disqualification context, Nassau County is "at odds" with its own high-ranking representative on key questions surrounding plaintiff's innocence and defendants' misconduct as uncovered by prosecutors during the reinvestigation. *Galloway v. Cnty. of Nassau*, __ F.Supp.3d ____, 2022 WL 681065, *4 (E.D.N.Y. Mar. 7, 2022) ("As Judge Wicks found, [ADA Anania's] testimony that she credited Anyosa put her 'at odds' with the County defendants.") (citation and footnote omitted); *see* Letter from Nassau County at DE #130, p. 2 ("[ADA] Anania…is…a high-ranking member of the District Attorney's Office, an arm of Nassau County. As a result, she is no non-party stranger to this case; she is a 'representative' of Nassau County.") (footnote omitted); *Galloway*, 2022 WL 681065 at *4 & n.4 (evidence of innocence provides "important backdrop" to plaintiff's wrongful conviction claims) (quoting *Restivo v. Hessemann*, 846 F.3d 547, 559 (2d Cir. 2017) (quotation marks omitted)); *accord, e.g., Newton v. City of New York*, 566 F. Supp. 2d 256, 275 (S.D.N.Y. 2008) ("[Plaintiff's] allegations must be examined in light of his innocence. The actions of the [police department] and [district attorney] led to the incarceration, for more than two decades, of an innocent man. At issue is whether this error was caused by simple incompetence, reckless misconduct, conscious malfeasance, or a combination of the three.").

    Such internecine conflict is alone sufficient to deny summary judgment to the Nassau County defendants because it prevents them from making the threshold showing of a settled record. Fed. R. Civ. P. 56(a) (requiring initial showing by proponent "that there is no genuine dispute as to any material fact"). Setting aside this fatal defect, Anyosa's allegations, which must be credited on defendants' motion, taken together with the undisputed record regarding the misidentifications, mandates denial of summary judgment as to, *inter alia*, plaintiff's due process and *Brady* claims. *See Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001) ("Suggestive identification procedures increase the likelihood of misidentification, and it is the likelihood of misidentification which violates a defendant's right to due process.") (citations, brackets and quotation marks omitted); *see also* Initial Conference Transcript at DE #68, p. 7, ln. 6-8 (THE COURT: …I'll leave it for another day to have a discussion of why on earth police might want to do what apparently they did here.); Plaintiff's 56.1(b)

Hon. Ann M. Donnelly
Oct. 18, 2022

Counterstatement (DE #171-2) ("Pl. 56.1(b)"), Response ¶¶ 18-20, 24-26, 60, 77, 82, 86 & n.2, 88-89, 91-94, 96 & f.2, 97-98, 103, 108-109, 142, 144-45, 149, Additional Fact ¶¶ 1-15 (establishing personal involvement and detailing factual disputes).

Second, Robert Ogletree's coercion allegations independently warrant denial of summary judgment. *See* Pl. 56.1(b) at Response ¶¶ 60, 76-77, 142-144 ("…They brought a…sketch of somebody and they said, Who does this look like? And I'm telling them, I don't know who that is…They start threatening me and trying to get me to say that it's Josiah, or myself, I guess…I'm, like, Nah, that don't look like him, Josiah got hair. As a matter of fact, he had an afro at the time.") (citation omitted); *see Morel v. Reed*, 11 CV 1808 (DLI) (LB), 2015 WL 3755976, *4 (E.D.N.Y. June 16, 2015) ("The case law…is incredibly clear. When law enforcement officers fabricate evidence…the existence of probable cause based on non-fabricated evidence ceases to be a defense for the fabricator.") (citations and internal quotation marks omitted) (collecting cases); *Hincapie v. City of New York*, 18 CV 3432 (PAC), 2022 WL 2870411, *11, *13-14 (S.D.N.Y. July 21, 2022) (denying summary judgment in wrongful conviction based on inculpatory statement of third-party apparently fabricated by defendant officers).

Third, the sworn criminal complaint filed against plaintiff – which falsely avers that plaintiff admitted to attempted murder and is signed by Hempstead and Nassau County defendants – raises separate jury questions on plaintiff's evidence fabrication, malicious prosecution and conspiracy claims. *See, e.g., Torres v. City of New York*, 20 CV 4007 (BMC), 2022 WL 955152, *10 (E.D.N.Y. Mar. 30, 2022) ("[A] police officer's submission of false information to a prosecutor may in itself serve as a proximate cause of the deprivation of a criminal defendant's right to a fair trial and deprivation of liberty.") (citation and internal quotation marks omitted); *Bristol v. Queens Cty.*, 09 CV 5544 (JFB) (AKT), 2013 WL 1121264, *14 (E.D.N.Y. Feb. 27, 2013), *report and recommendation adopted*, 2013 WL 1120895 (E.D.N.Y. Mar. 18, 2013) ("Where, as here, a plaintiff alleges a conspiracy between two separate and distinct municipalities…such claims are not defeated by the intracorporate conspiracy doctrine.") (citations omitted); *see also* Pl. 56.1(b), Response ¶¶ 60, 83.

Fourth, plaintiff's *Monell* claim, which the Court has previously described as "plausible on its face," *Galloway v. Cnty. of Nassau*, 538 F. Supp. 3d 248, 253-54 (E.D.N.Y. 2021), is also not amenable to summary judgment because it is a matter of record that plaintiff was misidentified and that the County had policies including "the use of seated lineups, hats, sheets and phonebooks" that a reasonable jury could conclude "led to [plaintiff's] misidentification." *See Cordero v. City of New York*, 282 F. Supp. 3d 549, 563 (E.D.N.Y. 2017) ("The Court of Appeals for the Second Circuit has established a two-prong test for finding liability under *Monell*: (1) the plaintiff must show a municipal policy or custom beyond a single bad act by an officer; (2) there must be a causal connection between the custom or policy and the plaintiff's loss of liberty.") (citations omitted) (collecting cases); *see, e.g., Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989) (finding the existence of a municipal custom based on "[t]estimonial evidence" from a police sergeant that he had been present at between twenty and sixty situations involving door breakdowns and that the conduct at issue was representative of "the way [the department had] always applied" the custom); *Paul v. City of Altus*, 141 F.3d 1185, *2-3 (10th Cir. 1998) (table) (denying municipality's motion for summary judgment where an officer's incident report stated that the defendant officer's action was consistent with their training); *Parker v. Town of Swansea*, 270 F. Supp. 2d 92, 101 (D. Mass. 2003) (denying defendant town's motion for summary judgment where an officer testified that the defendant officer's action was "in accordance" with police training and that "he would have done the same thing").

Hon. Ann M. Donnelly
Oct. 18, 2022

Fifth, disputes of fact also preclude a qualified immunity defense here. As the Honorable Joanna Seybert explained in denying qualified immunity at summary judgment in another wrongful conviction involving an innocent man:

> The individual Defendants do not enjoy qualified immunity from these claims. *See Limone v. Condon,* 372 F.3d 39, 48 (1st Cir. 2004) (concluding "without serious question" that, based on Supreme Court precedent, reasonable law enforcement officers knew at least as early as 1967 "that framing innocent persons would violate the constitutional rights of the falsely accused"). Similarly…the individual Defendants are not entitled to qualified immunity on claims that they deliberately or recklessly suppressed or withheld favorable evidence. *See, Newsome v. McCabe,* 260 F.3d 824 (7th Cir. 2001) ("[If]the defendants[] …deliberately withheld information, seeking to misdirect or mislead the prosecutors and the defense, then there is a genuine constitutional problem."); *Blake v. Race,* 487 F.Supp.2d 187, 216 n. 21 (E.D.N.Y. 2007) (…it was clearly established that police had *Brady* obligations at least as early as 1990).

*Kogut v. Cnty. of Nassau*, 06 CV 6695 (JS) (WDW), 2012 WL 3704710, *1-2 (E.D.N.Y. Aug. 27, 2012); *see Soto v. Gaudett*, 862 F.3d 148, 155, 161 (2d Cir. 2017) (affirming trial court's determination that assessment of defendants' credibility required jury trial and that district court could not, therefore, grant summary judgment on the basis of qualified immunity); *Jefferson v. Reddish*, 718 F. App'x 94, 95 (2d Cir. 2018) (concluding disputes concerning circumstances of constitutional violation precluded "determining whether the officers are entitled to qualified immunity").

Sixth, as recently explained by the Hon. Carol Bagley Amon in denying summary judgment in yet another wrongful conviction, defendants' intervening cause arguments are meritless. *See Hamilton v. City of New York*, 15 CV 4574 (CBA) (SJB), 2019 WL 1452013, *17 (E.D.N.Y. Mar. 19, 2019) ("[A]n intervening decision-maker will not absolve a defendant of liability if the defendant misled or coerced the intervening decision-maker…, or if the intervening decision-maker was simply not informed of the alleged problems with the evidence. The Second Circuit has also suggested that even if the intervening decision-maker (such as a prosecutor, grand jury, or judge) is not misled or coerced, it is not readily apparent why the chain of causation should be considered broken where the initial wrongdoer can reasonably foresee that his misconduct will contribute to an independent decision that results in a deprivation of liberty.") (brackets, internal quotation marks and citations omitted). Indeed, Judge Amon specifically considered – and rejected – the precise causation argument now offered by Nassau County. *Id.* ("[T]his Court is not aware of any decision in this Circuit, nor have Defendants cited any, in which an independent decision by a defendant or defense counsel—rather than by a judge, grand jury, or a prosecutor—was held to be a superseding cause of a defendant's conviction, shielding an officer from an otherwise viable fabrication of evidence claim.") (citation omitted).

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc:      All Counsel