

John A. Vitagliano, Esq.
Direct dial: (914) 872-7367
john.vitagliano@wilsonelser.com

May 4, 2023

**VIA ECF**

Hon. Ann M. Donnelly
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    <u>Josiah Galloway v. Nassau County et al., Docket No. 19-CV-5026 (AMD) (JMW)</u>

Dear Judge Donnelly:

We represent the Nassau County defendants in the above-referenced action. We submit this letter jointly with the Hempstead defendants in response to plaintiff's request to set a briefing schedule for defendants' summary judgment motions and to seek guidance from the Court on several outstanding matters. *See* D.E. 184. We recognize that the Court issued a briefing schedule this afternoon before receiving a response. We request that the briefing schedule be held in abeyance pending a conference to resolve the following issues.

The defendants would have preferred that plaintiff had met and conferred before writing to the Court. Instead, when e-mailing a proposed stipulation withdrawing various claims, plaintiff's counsel also stated he would be writing to the Court requesting a proposed briefing schedule for defendants' summary judgment motions, which he did less than four (4) hours later, without input from the defendants. *See* D.E. 184. Consequently, various issues were overlooked.

As plaintiff acknowledges, at the January 5, 2023 conference, the Court instructed plaintiff to consider revising his Rule 56.1(b) Counterstatement. Your Honor indicated that the Court would like plaintiff to revise his Rule 56.1 Counterstatement[1] which – as it stands – is riddled with argument and after-the-fact expert analysis.[2] This revision would likely obviate the defendants' need to request permission to file a motion to strike portions of plaintiff's Rule 56.1(b) Counterstatement.

---

[1] Annexed hereto as **Exhibit A** is the transcript from the Court's January 5, 2023 pre-motion conference wherein the Court requested plaintiff to revise his Rule 56.1(b) Counterstatement (4:3-20; 21:17-22).

[2] As defendants' highlighted in their September 30, 2022 letters requesting a pre-motion conference, plaintiff's Rule 56.1(b) Counterstatement contains impermissible argumentative and conclusory statements, legal arguments that should be reserved and confined to the memorandum of law and mischaracterized evidence in the record.

Hon. Ann M. Donnelly
May 4, 2023
Page 2

Depending on plaintiff's plans to revise his Rule 56.1(b) Counterstatement in accordance with Your Honor's directives at the January 5, 2023 conference, the County defendants may also seek guidance from the Court with respect to our request for a briefing schedule for a *Daubert* motion as a result of plaintiff's reliance on Jennifer Dysart's report. *See* D.E. 171, p. 3. In addition, plaintiff's Rule 56.1(b) Counterstatement also includes fifteen (15) paragraphs that plaintiff alleges are additional material facts alleged to be in dispute. *See* D.E. 171-2, p. 62-63. Defendants intend to respond to plaintiff's alleged additional material facts. Defendants seek guidance as to when the Court would like defendants' to file their response to plaintiff's alleged additional material facts.

Defendants wish to revise their joint Rule 56.1(1) statement previously submitted with defendants' respective letters seeking pre-motion conferences on September 30, 2022. *See* D.E. 171-72. In addition, defendants wish to supplement the exhibits that were previously filed pursuant to this Court's order. *See* D.E. 177-79.

Lastly, the defendants request permission to extend the page limit to defendants' respective summary judgment memoranda of law from twenty-five (25) pages to forty (40) pages. *See* Judge Donnelly Individual Practices and Rules 4(C), p. 4-5. This request is based on the extensive discovery related to this case, due to the time-span (10+ years) related to this case, and due to the number of remaining claims, which are intricate legal causes of action against several defendants and two (2) separate municipalities. Defendants do not oppose increasing plaintiff's memoranda in opposition to forty (40) pages. Plaintiff's filing of his most recent letter without defendants input precluded defendants opportunity to address this request with plaintiff.

Defendants believe that setting a briefing schedule is premature. Defendants propose that plaintiff serve and file his revised Rule 56.1(b) Counterstatement by June 2, 2023. Upon defendants' review of plaintiff's revised Rule 56.1(b) Counterstatement, the defendants will advise the Court by June 9, 2023: i) whether defendants will request permission to move to strike any portions of plaintiff's Rule 56.1(b) Counterstatement; and ii) whether the defendants will request a *Daubert* motion briefing schedule.

If defendants do not believe it is necessary to request permission to move to strike plaintiff's revised Rule 56.1(b) Counterstatement or continue its request for a *Daubert* motion briefing schedule, defendants would propose the following summary judgment motion briefing schedule for the Court's review and request the Court endorse the following:

**Defendants' memoranda and revised Rule 56.1 Statement to be filed by:**       **July 3, 2023**

**Plaintiff's memoranda and further revised Rule 56.1 Statement filed by:**       **July 31, 2023**

**Defendants' reply and response to additional statement of facts filed by:**       **August 21, 2023**

With this proposed schedule, defendants' summary judgment motions will be fully briefed and submitted by August 21, 2021. Defendants believe that the proposed request is the most effective use of judicial resources. In addition, defendants respectfully request permission to extend the page limits of summary judgment memoranda of law to forty (40) pages.

Hon. Ann M. Donnelly
May 4, 2023
Page 3


Thank you for your consideration of defendants' requests.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP



John A. Vitagliano

Cc:  Counsel of Record (via ECF)