

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

May 5, 2023

**BY ECF**
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Galloway v. Cty. of Nassau, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

    I represent plaintiff in the above-referenced action. I write to respectfully respond to the letter motion defendants filed yesterday at DE #185. If it should please the Court, the application should be denied for the reasons set forth below.

    First, the motion is procedurally improper and untimely. As defense counsel acknowledges, plaintiff duly contacted defendants prior to submitting his proposed briefing schedule and solicited their input. Defendants elected not to respond until days later and only after the Court had already granted plaintiff's request. Under these circumstances, if defendants now seek to have the Court reconsider its ruling, they must comply with Local Civil Rule 6.3, which they have failed to do. We respectfully note that defendants also failed to attempt conferral in connection with the various relief they seek at DE #185 in violation of this Honorable Court's Individual Practice Rule 2.F.v. and Loc. Civ. R. 37.3(a), providing independent grounds to deny their request. Further, to the extent defendants seek to disturb the Court's rulings at the January 5, 2023 conference or to press arguments raised in their pre-motion letters last year, it was incumbent upon them to raise those issues at the conference or in the intervening four months.

    Second, the relief sought would needlessly multiply these proceedings to plaintiff's prejudice. The briefing schedule as ordered by the Court, taken together with plaintiff's proposed stipulation to remove claims and defendants, is in line with the Court's directions at the last conference and serves judicial economy as well as Mr. Galloway's

Hon. Ann M. Donnelly
May 5, 2023

Rule 1 interest in prompt adjudication of his claims. Defendants' proposal as set forth at DE #185 would have the opposite effect: it would extend the schedule indefinitely, allow defendants to enlarge their Loc. Civ. R. 56.1 statement and add exhibits despite no new discovery taking place, and require plaintiff to prepare two additional 56.1 counterstatements, both before and after defendants determine whether they will seek to file additional motions. Defendants' proposal is contrary to Rule 56 and Local Rule 56.1 and particularly inappropriate here given that plaintiff anticipates removing argument from his Rule 56.1 response as ordered by the Court.

Third, nothing in the governing schedule prevents defendants from making such *Daubert* and Rule 12(f) arguments as they believe are warranted at the time of their reply. Indeed, contrary to defendants' assertion, the schedule entered by the Court allows defendants to respond to any additional disputed facts raised by plaintiff at the time of their reply, as in the ordinary course.

In light of the foregoing, plaintiff respectfully requests that defendants' application be denied, with the exception of defendants' request to extend the page limit for briefs, as to which plaintiff takes no position.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:   All Counsel