WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER, LLP
Attorneys for County Defendants
1133 Westchester Avenue
White Plains, NY 10604
(914) 323-7000
Attn: John A. Vitagliano
   Peter A. Meisels

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
JOSIAH GALLOWAY,

      Plaintiff,

  -against-

NASSAU COUNTY; THE INCORPORATED VILLAGE OF HEMPSTEAD; Police Officer STEVEN HOROWITZ, Shield No. 144; Detective MATTHEW ROSS, Shield No. 834; Detective CHARLES DECARO, Shield No. 1047; Detective RONALD LIPSON, Shield No. 1296; Detective THOMAS DLUGINSKI, Shield No. 7900; Detective GEORGE DARIENZO, Shield No. 1038; Detective KEVIN CUNNINGHAM, Shield No. 112; Detective Sergeant RICHARD DORSI; Detective JOSEPH P. SORTINO,

      Defendants.
------------------------------------------------------------------------ X

Docket No.: 19-CV-5026
(AMD) (JMW)

**DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

  JOHN A. VITAGLIANO, an attorney duly admitted to practice law before the courts of the state of New York and the United States District Court for the Eastern District of New York, hereby declares, pursuant to 28 U.S.C. §1746, and under penalty of perjury, as follows:

  1. I am an associate with the law firm Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys for defendants Nassau County, Detectives Charles Decaro, Thomas Dluginski and George Darienzo, retired Detectives Matthew Ross and Ronald Lipson, and retired Detective

Sergeant Richard Dorsi (collectively, the "County defendants") in the referenced action. I submit this declaration in support of the County defendants' motion to for summary judgment.

2. Annexed hereto as **Exhibit A** is a copy of plaintiff's fourth amended complaint ("FAC").

3. Annexed hereto as **Exhibit B** is a copy of County defendants' answer to plaintiff's FAC.

4. Annexed hereto as **Exhibit C** is a copy of defendants Incorporated Village of Hempstead, Police Officer Steven Horowitz, Detective Kevin Cunningham, and Detective Joseph P. Sortino's (collectively, the "Village defendants") answer to plaintiff's FAC.

5. Annexed hereto as **Exhibit D** is a certified copy of the complete transcript from the criminal jury trial of plaintiff under Nassau County Indictment No. 1315N-2008 including the following dates: February 17, 2009, February 18, 2009, February 19, 2009, February 20, 2009, February 23, 2009, February 24, 2009, February 25, 2009, February 26, 2009, February 27, 2009, March 3, 2009, March 4, 2009, March 5, 2009, March 6, 2009, and March 9, 2009.

6. Annexed hereto as **Exhibit E** are copies of excerpts of the Grand Jury Transcript of testimony of Wilmer Hernandez, Jorge Anyosa, Nassau County Detective Ronald Lipson, and Hempstead Police Officer Steven Horowitz associated with plaintiff's Nassau County Indictment No. 1315N-2008. **Exhibit E** was produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P8038-8045 and P10267-10287).

7. Annexed hereto as **Exhibit F** is a copy of Eric Harrison's signed written statement taken on May 15, 2008. **Exhibit F** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates No. P6942).

8. Annexed hereto as **Exhibit G** is a copy of Salvatore Rubinano's signed written statement taken on May 15, 2008. **Exhibit G** was introduced as Exhibit 5 at Detective Dluginski's depositions taken on October 14, 2020 and November 23, 2020. **Exhibit G** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates No. P6941).

9. Annexed hereto as **Exhibit H** is a copy of the Nassau County Police Department (hereinafter "NCPD") Serious Incident Time Log Worksheet from May 15, 2008. **Exhibit H** was introduced as Exhibit 19 at Detective Dluginski's depositions taken on October 14, 2020 and November 23, 2020.

10. Annexed hereto as **Exhibit I** is a copy of Wilmer Hernandez's signed written statement taken on May 15, 2008. **Exhibit I** was introduced as Exhibit 1 at Wilmer Hernandez's deposition taken on December 8, 2020.

11. Annexed hereto as **Exhibit J** is the transcript from the deposition of County defendant Detective Thomas Dluginski, taken on October 14, 2020 and November 23, 2020.

12. Annexed hereto as **Exhibit K** are a copies of the NCPD Crime Scene Photos taken on May 15, 2008 that were admitted into evidence at plaintiff's criminal trial as Trial Exhibits 10, 11, 12, 13, 21, 22, 23, 24 and 25.

13. Annexed hereto as **Exhibit L** is the transcript from the deposition of Nassau County Detective Thomas Bischoff, taken on October 1, 2020.

14. Annexed hereto as **Exhibit M** is a copy of the composite sketch, along with interview notes, of the suspect of the May 15, 2008 shooting that was completed by Nassau County Detective Thomas Bischoff after meeting with Jorge Anyosa on May 19, 2008. **Exhibit M** was introduced as Exhibit 1 at Detective Bischoff's deposition taken on October 1, 2020.

7240231v.1

15. Annexed hereto as **Exhibit N** is a copy of the NCPD Intelligence Bulletin from May 20, 2008 regarding the shooting that occurred on May 15, 2008. **Exhibit N** was introduced as Exhibit 26 at Detective Dluginski's depositions taken on October 14, 2020 and November 23, 2020.

16. Annexed hereto as **Exhibit O** is the transcript from the deposition of County defendant Detective Charles Decaro, taken on October 9, 2020.

17. Annexed hereto as **Exhibit P** is the complete transcript from pre-trial suppression hearing under Nassau County Indictment No. 1315N-2008 including the following dates: November 5, 2008 and November 7, 2008. **Exhibit P** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P1713-P1996).

18. Annexed hereto as **Exhibit Q** is the transcript from the deposition of the plaintiff, taken on September 22, 2020.

19. Annexed hereto as **Exhibit R** is the transcript from the deposition of former Nassau County Assistant District Attorney Robert Schalk, taken on November 30, 2020.

20. Annexed hereto as **Exhibit S** is the transcript from the deposition of Village defendant Police Officer Steven Horowitz, taken on October 5, 2020.

21. Annexed hereto as **Exhibit T** is the transcript from the deposition of Village defendant Detective Kevin Cunningham, taken on October 2, 2020.

22. Annexed hereto as **Exhibit U** is the Village of Hempstead Police Department Command Log from Friday, June 6, 2008. **Exhibit U** was introduced as Exhibit 1 at Detective Cunningham's deposition taken on October 2, 2020.

23. Annexed hereto as **Exhibit V** is the transcript from the deposition of County defendant Detective George Darienzo, taken on October 19, 2020.

24. Annexed hereto as **Exhibit W** is the transcript from the deposition of County defendant Detective Ronald Lipson, taken on November 11, 2020.

25. Annexed hereto as **Exhibit X** are the two (2) separate photo arrays created by County defendant Detective Ronald Lipson and presented to Jorge Anyosa and Wilmer Hernandez, as well as the same two (2) photo arrays with information regarding where the photographs used in the photo arrays were taken from. All four pages of **Exhibit X** were entered into evidence at the Pre-Trial Suppression Hearing as Exhibits 1, 2, 3 and 4.

26. Annexed hereto as **Exhibit Y** is a copy of the Notification of Rights (*Miranda*) Card issued by the NCPD and signed by Mr. Robert Ogletree on June 6, 2008. **Exhibit Y** was introduced as Exhibit 18 at Detective Decaro's deposition taken on October 9, 2020.

27. Annexed hereto as **Exhibit Z** is a copy of the first written statement of Mr. Robert Ogletree on June 6, 2008, which Mr. Ogletree signed in the presence of Detective Decaro and Detective Lipson. **Exhibit Z** was introduced as Exhibit 2 at Detective Decaro's deposition taken on October 9, 2020, and was also introduced as Exhibit 2 of Robert Schalk's deposition taken on November 30, 2020.

28. Annexed hereto as **Exhibit AA** is the transcript of the deposition of witness Wilmer Hernandez, taken on December 8, 2020.

29. Annexed hereto as **Exhibit BB** is a copy of the photo array presented by County Detective Ronald Lipson to witness Wilmer Hernandez on June 6, 2008, where Wilmer Hernandez selected the plaintiff's photograph as the identity of the person who got in an argument with Jorge

7240231v.1

Anyosa on May 15, 2008. **Exhibit BB** was introduced as Exhibit 2 at Wilmer Hernandez's deposition taken on December 8, 2020.

30. Annexed hereto as **Exhibit CC** is a copy of a written statement signed by Wilmer Hernandez after he was presented with a photo array on June 6, 2008. **Exhibit CC** was introduced as Exhibit 3 at Wilmer Hernandez's deposition taken on December 8, 2020. **Exhibit CC** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates No. P4881).

31. Annexed hereto as **Exhibit DD** is a copy of the Notification of Rights (*Miranda*) Card issued by the NCPD and signed by plaintiff on June 6, 2008. **Exhibit DD** was introduced as Exhibit 14 at Det. Decaro's deposition taken on October 9, 2020.

32. Annexed hereto as **Exhibit EE** is a copy of the first written statement of plaintiff from June 6, 2008. **Exhibit EE** was introduced as Defendants Exhibit C at plaintiff's deposition taken on September 22, 2020, and was also introduced as Exhibit 26 at Detective Decaro's deposition taken on October 9, 2020.

33. Annexed hereto as **Exhibit FF** is a copy of a second written statement of plaintiff from June 6, 2008. **Exhibit FF** was introduced as Defendants Exhibit D at plaintiff's deposition taken on September 22, 2020.

34. Annexed hereto as **Exhibit GG** is a copy of a written statement signed by Jorge Anyosa after he was presented with a photo array on June 6, 2008. **Exhibit GG** was introduced as Exhibit 10 at Detective Lipson's deposition taken on November 11, 2020. **Exhibit GG** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates No. P4880).

35. Annexed hereto as **Exhibit HH** is a copy of the felony complaints charging plaintiff with crimes that occurred on May 27, 2008 which were prepared by County defendant Detective Charles Decaro and witnessed by Village defendant Detective Joseph Sortino. **Exhibit HH** was introduced as Exhibit 6 at Detective Decaro's deposition taken on October 9, 2020.

36. Annexed hereto as **Exhibit II** is a copy of the felony complaints charging plaintiff with crimes that occurred on May 15, 2008, the shooting of Jorge Anyosa, which were prepared by County defendant Detective Charles Decaro and witnessed by Village defendant Detective Joseph Sortino. **Exhibit HH** was introduced as Exhibit 52 at Detective Decaro's deposition taken on October 9, 2020.

37. Annexed hereto as **Exhibit JJ** is a copy of the written statement signed by Jorge Anyosa taken by County defendant Detective Thomas Dluginski during the afternoon of June 6, 2008. **Exhibit JJ** was introduced as Exhibit 6 at Detective Dluginski's depositions taken on taken on October 14, 2020 and November 23, 2020. **Exhibit JJ** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P4904-P4905).

38. Annexed hereto as **Exhibit KK** is the transcript from the deposition of former Nassau County Assistant District Attorney Joseph Larocca, taken on October 27, 2020.

39. Annexed hereto as **Exhibit LL** is a copy of Nassau County Grand Jury Indictment No. 01315N-2008 dated June 16, 2008, whereby plaintiff was indicted for six (6) criminal charges in connection with the May 15, 2008 shooting of Jorge Anyosa. **Exhibit LL** was produced by the County defendants to the plaintiff, (*see* County Bates Nos. DA01013-DA01015), and was also produced by plaintiff to the County defendants (*see* Plaintiff Bates Nos. P1403-P1405) during the exchange of written discovery in this case.

40. Annexed hereto as **Exhibit MM** is a copy of the Court Order Line-Up issued and signed by Nassau County Court Judge Alan Honorof under Indictment No. 1315N-2008 that was issued on June 30, 2008 where plaintiff was ordered to submit to, stand in and participate in a physical line-up procedure. **Exhibit MM** was introduced as Exhibit 13 at Joseph Larocca's deposition taken on October 27, 2020. **Exhibit MM** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P1408-P1409).

41. Annexed hereto as **Exhibit NN** is the transcript from the deposition of County defendant Detective Matthew Ross, taken on November 16, 2020.

42. Annexed hereto as **Exhibit OO** is the transcript from the deposition of Nassau County's 30(b)(6) witness, NCPD Detective Lyndon John, taken on June 8, 2022.

43. Annexed hereto as **Exhibit PP** is a copy of the photograph of the line-up procedure that plaintiff was ordered to submit to that was taken by Detectives from the NCPD Crime Scene Section on August 14, 2008. **Exhibit PP** was introduced as Exhibit 4 at Detective Ross' deposition taken on November 16, 2020, and was also introduced as Exhibit 4 at Wilmer Hernandez's deposition taken on December 8, 2020.

44. Annexed hereto as **Exhibit QQ** is the transcript from the deposition of County Detective Carl Strange, taken on October 6, 2020.

45. Annexed hereto as **Exhibit RR** is a copy of the written statement prepared by Detective Carl Strange and signed by Jorge Anyosa after Jorge Anyosa viewed the line-up procedure on August 14, 2008. **Exhibit RR** was introduced as Exhibit 1 at Detective Strange's deposition taken on October 6, 2020.

46. Annexed hereto as **Exhibit SS** is a copy of the written statement prepared by Detective George Darienzo and signed by Wilmer Hernandez after Wilmer Hernandez viewed the line-up procedure on August 14, 2008. Exhibit SS was introduced as Exhibit 43 at Detective Darienzo's deposition taken on October 19, 2020, and was also introduced as Exhibit 5 of Wilmer Hernandez's deposition taken on December 8, 2020.

47. Annexed hereto as **Exhibit TT** is a copy of the NCPD Line-Up Worksheet that County defendant Detective Matthew Ross completed during the course of the line-up procedure that plaintiff participated in on August 14, 2008. **Exhibit TT** was introduced as Exhibit 3 at Detective Ross' deposition taken on November 16, 2020.

48. Annexed hereto as **Exhibit UU** is the transcript from the deposition of County Detective Rene Yao, taken on October 2, 2020.

49. Annexed hereto as **Exhibit VV** is the transcript from the deposition of plaintiff's mother Cheryl Johnson, taken on February 3, 2021.

50. Annexed hereto as **Exhibit WW** is a copy of Nassau County Court Hon. Philip Grella's decision denying plaintiff's pre-trial motion to suppress, dated November 7, 2008 and entered and filed with the Nassau County Court Clerk's Office on November 13, 2008. **Exhibit WW** was produced by the County defendants to the plaintiff, (*see* County Bates No. DA01887), and was also produced by plaintiff to the County defendants (*see* Plaintiff Bates Nos. P2282, P9775) during the exchange of written discovery in this case.

51. Annexed hereto as **Exhibit XX** is a copy of the certified transcript of the court proceeding in front of Nassau County Court Judge Alan Honorof, dated November 23, 2009, where plaintiff was sentenced. **Exhibit XX** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P552-P570).

52. Annexed hereto as **Exhibit YY** is Nassau County Court Hon. Alan Honorof's decision denying plaintiff's motion to set aside the verdict from plaintiff's criminal trial, dated September 16, 2009 and entered and filed with the Nassau County Court Clerk's Office on September 16, 2009. **Exhibit YY** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates No. P9261-9262).

53. Annexed hereto as **Exhibit ZZ** is a copy of the signed declaration of Christopher Todd, Esq., the Deputy Bureau Chief of the NCPD Legal Bureau, dated September 19, 2022.

    a. Annexed to **Exhibit ZZ** as **Exhibit 1** is a copy of the NCPD Detective Division Administrative Order 2002-54 titled "Criminal Identification (HIDTA System, Composite Sketch, Lineups & Showups)" which became effective on August 6, 2002 and was provided by the County defendants to plaintiff's counsel as Bates No. NC001066-001070. This was the controlling NCPD policy for identification procedures during plaintiff's criminal investigation.

    b. Annexed to **Exhibit ZZ** as **Exhibit 2** is a copy of the NCPD Department Notification Number 10-119 with the subject "Identification Procedures Training" which was issued by the NCPD on July 7, 2010 and was provided by the County defendants to plaintiff's counsel as Bates No. NC001087-00108.

    c. Annexed to **Exhibit ZZ** as **Exhibit 3** is a copy of the NCPD Department Notification Number 11-115 with the subject "New York State District Attorney's Association Identification Guidelines" which was issued on August 9, 2011, which referenced the accompanying attachments, and was

provided by the County defendants to plaintiff's counsel as Bates No. NC001087-001108.

54. Annexed hereto as **Exhibit AAA** is the transcript from the deposition of plaintiff's police practices expert Jeffrey Noble, taken on August 30, 2022.

55. Annexed hereto as **Exhibit BBB** is a copy of plaintiff's Rule 26(a)(2) Disclosure where plaintiff disclosed Jeffrey Noble as plaintiff's police practices expert, dated March 4, 2021.

56. Annexed hereto as **Exhibit CCC** is a copy of the Expert Report of Jeffrey Noble dated March 4, 2021. **Exhibit CCC** was introduced as Exhibit B during Jeffrey Noble's deposition taken on August 30, 2022.

57. Annexed hereto as **Exhibit DDD** is a copy of defendants Rule 26(a)(2) Disclosure where defendants disclosed John Monaghan as defendants' police practices expert, along with John Monaghan's Expert Report, dated July 22, 2022.

58. Annexed hereto as **Exhibit EEE** is the transcript from the deposition of defendants police practices expert John Monaghan, taken on August 19, 2022.

59. Annexed hereto as **Exhibit FFF** is a copy of a public article from *The Prosecutor* titled "Statewide Best Practices Committees for Prosecutors: Leveraging Experience and New Evidence to Benefit the Criminal Justice System" by Kristine Hamann from October, November, December 2013, that was relied upon by John Monaghan when he prepared his expert report.

60. Annexed hereto as **Exhibit GGG** is a copy of the certified transcript of the court proceeding in front of Nassau County Court Hon. Teresa Corrigan where plaintiff's conviction under Nassau County Indictment No. 1315N-2008 was vacated, dated September 13, 2018. **Exhibit GGG** was introduced by plaintiff at numerous depositions throughout this case.

61. Annexed hereto as **Exhibit HHH** is a copy of Nassau County Court Hon. Teresa Corrigan's decision vacating plaintiff's conviction under Nassau County Indictment No. 1315N-2008, dated September 13, 2008. **Exhibit HHH** was also produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates No. P7953).

62. Annexed hereto as **Exhibit III** is plaintiff's Notice of Claim served on defendant Nassau County and defendant Village of Hempstead, dated September 19, 2018.

63. Annexed hereto as **Exhibit JJJ** is the transcript from the 50-h examination of plaintiff Josiah Galloway, taken December 18, 2018.

64. Annexed hereto as **Exhibit KKK** is the transcript from the deposition of County defendant Detective Sergeant Richard Dorsi, taken on October 5, 2020.

65. Annexed hereto as **Exhibit LLL** is a copy of a fully executed Stipulation of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), filed on May 15, 2023, wherein plaintiff withdrew two (2) claims from its FAC, withdrew all claims against Detective Carl Strange, withdrew all claims against Detective Rene B. Yao, and withdrew all claims against defendants John and Jane Doe 1-20.

66. Annexed hereto as **Exhibit MMM** is the transcript of the deposition of victim Jorge Anyosa, taken on September 24, 2020.

67. Annexed hereto as **Exhibit NNN** is a copy of paperwork from the Early Case Assessment Bureau of the Nassau County District Attorney's Office from June 6, 2008 regarding numerous criminal charges brought against the plaintiff. **Exhibit NNN** was introduced as Exhibit 9 at Detective Decaro's deposition taken on October 9, 2020. **Exhibit NNN** was produced by the County defendants to the plaintiff, (*see* County Bates No. DA00021), and was also produced by

plaintiff to the County defendants (*see* Plaintiff Bates No. P4783) during the exchange of written discovery in this case.

68. Annexed hereto as **Exhibit OOO** is a copy of two (2) notices of alibi, dated June 23, 2008, that plaintiff's criminal defense attorney served on, and received by, the Nassau County District Attorney's Office on June 25, 2008, with respect to Nassau County Indictment No. 1315N-2008. **Exhibit OOO** was produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P1406-1407, P4406-4409).

69. Annexed hereto as **Exhibit PPP** is a copy of Nassau County Court Hon. Alan L. Honorof's Order, dated October 28, 2008, and entered and filed with the Nassau County Court Clerk's Office on February 6, 2009, with respect to Nassau County Indictment No. 1315N-2008, finding the evidence presented to the Grand Jury was legally sufficient, and that the grand jury proceeding was not defective. **Exhibit PPP** was produced by the County defendants to the plaintiff (*see* County Bates No. DA00896), and also produced by the plaintiff to the County defendants (*see* Plaintiff Bates No. P1423) during the exchange of written discovery in this case.

70. Annexed hereto as **Exhibit QQQ** is a copy of the felony complaints charging plaintiff with crimes that occurred on May 28, 2008 for an incident with Marcus Hutchinson. **Exhibit QQQ** was produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P7012-7013).

71. Annexed hereto as **Exhibit RRR** is a copy of the results of an E-Justice criminal repository search of the plaintiff done on June 6, 2008, and demonstrates that the photograph used in the photo array identification procedures in this case was a photograph of plaintiff from plaintiff's September 19, 2007 arrest (*see* **Exhibit RRR**, p. 1). **Exhibit RRR** was introduced as Exhibit 46 at Detective Darienzo's deposition taken on October 19, 2020. **Exhibit RRR** was

-13-
7240231v.1

produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P4773-4779).

72. Annexed hereto as **Exhibit SSS** is a copy of the second written statement of Mr. Robert Ogletree on June 6, 2008, which Mr. Ogletree signed in the presence of Detective Decaro and Detective Lipson. **Exhibit SSS** was introduced as <u>Exhibit 18</u> at Detective Lipson's deposition taken on November 11, 2020. **Exhibit SSS** was produced to the parties by the New York State Attorney General's Office in plaintiff's Claim for Unjust Conviction and Imprisonment pursuant to the New York State Court of Claims Act, Article II, Section 8-b, commenced on September 21, 2018 (Claim No. 132020).

73. Annexed hereto as **Exhibit TTT** is a copy of Robert Ogletree's e-Justice repository demonstrating he was previously arrested for possessing a firearm. **Exhibit TTT** was produced by plaintiff to the County defendants during the exchange of written discovery in this case (*see* Plaintiff Bates Nos. P10018-10028).

74. Annexed hereto as **Exhibit UUU** is a copy of the felony complaints charging Robert Ogletree with crimes relating to the possession of a firearm that occurred on May 27, 2008. **Exhibit UUU** was produced by the County defendants during the exchange of written discovery in this case (*see* County Bates Nos. DA00144-00145).

75. Annexed hereto as **Exhibit VVV** is the declaration of former NCDA ADA Robert Schalk, dated July 31, 2023.

76. As of May 22, 2023, the Village of Hempstead defendants ("Village defendants") had agreed to withdraw its cross-claims asserted against the County defendants. A stipulation of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and 41(c)(2) wherein the Village

defendants agreed to withdraw its cross-claims, was signed by both the undersigned and counsel for the Village defendants, a copy of which is annexed hereto as **Exhibit WWW**.

77. This stipulation was e-mailed to plaintiff's counsel for review and execution on May 30, 2023. The undersigned again e-mailed plaintiff's counsel on June 28, 2023, July 12, 2023, July 19, 2023, and July 26, 2023 requesting plaintiff's counsel to review and execute the stipulation prior to the filing of defendants' summary judgment motions. Plaintiff's counsel never executed the stipulation.

78. Annexed hereto as **Exhibit XXX** is the transcript from the deposition of Village defendant Detective Joseph Sortino, taken on November 24, 2020.

79. I am not aware of any disputes concerning the authenticity of the documents, photographs or exhibits identified above.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31st day of July 2023.

_____
John A. Vitagliano