

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

April 18, 2024

BY ECF
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Galloway v. Cty. of Nassau, et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

I represent plaintiff in the above-referenced action. I write to respectfully oppose the Nassau County defendants' stay application filed earlier today at DE #223.

If it should please the Court, given the rigor and clarity of the recent opinion resolving summary judgment, the exacting standard of Loc. Civ. R. 6.3 and the absence from defendants' motions of any controlling precedent or factual matters the Court even arguably overlooked, plaintiff respectfully submits that the likelihood of major changes to the composition of this case is low. That said, even if the opinion were disturbed, the parties could readily revise and refile the Joint Pre-Trial Order.

Mr. Galloway's case has been pending for nearly five years, and the Rule 1 interests are particularly compelling here given his innocence. Moreover, the team of attorneys assigned to the defense of this case has known about this deadline for weeks – a single attorney's present trial commitments do not warrant the indefinite adjournment defendants seek. We also regretfully note that defense counsel failed to respond to our request to confer further on this issue and never informed plaintiff that a stay was being sought before filing the application.

For these reasons, plaintiff respectfully opposes the stay. *See Applestein v. Kleinhendler*, 20 CV 1454 (AMD) (VMS), 2021 WL 493424, *3 (E.D.N.Y. Feb. 10, 2021) (when deciding a stay application, "[t]he Court's obligation is to make a studied judgment based on the particular facts before it, and to avoid prejudice") (brackets, citations, ellipses and internal quotation marks omitted).

To the extent the Court is inclined to accommodate defendants' scheduling issue (which was never mentioned to plaintiff), plaintiff would consent to a 21-day extension of the deadline.

Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

cc:     All Counsel