

June 25, 2024

**BY ECF**
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Galloway v. Nassau County*, *et al.*, 19 CV 5026 (AMD) (JMW)

Your Honor:

I represent plaintiff in the above-referenced action. I write to respectfully request that the Court certify defendants' interlocutory appeal as frivolous.

By Notice of Appeal dated June 21, 2024 and filed at DE #231 (the "Appeal"), Nassau County and the remaining individual defendants purport to appeal the entirety of this Honorable Court's recently-affirmed decision denying them summary judgment. *See Galloway v. Cnty. of Nassau*, 19 CV 5026 (AMD) (JMW), 2024 WL 1345634 *19-20 (E.D.N.Y. Mar. 29, 2024), *aff'd in pertinent part on reconsideration*, 2024 WL 2960532 (E.D.N.Y. June 11, 2024) (holding, *inter alia*, that "material questions of fact about the identifications, the Ogletree statement, and the suppression of evidence" preclude a determination as to "whether the defendants had probable cause or arguable probable cause"). Defendants will likely argue that the Appeal divests this Honorable Court of jurisdiction over plaintiff's long-pending claims for malicious prosecution, fair trial violations and failure to intervene. *See generally Davis v. City of New York*, 12 CV 3297 (PGG), 2018 WL 10070503, *1 (S.D.N.Y. Dec. 14, 2018) (unless certified frivolous, interlocutory appeal divests district court of jurisdiction) (citations omitted) (collecting cases). But because the Appeal lacks color, this argument fails. *Id.* (collecting cases).

**The Appeal is Frivolous on its Face**

Initially, as in *Davis*, where the Honorable Paul G. Gardephe retained jurisdiction and conducted pretrial proceedings despite an interlocutory appeal on qualified immunity, even the brief notice of Appeal defendants filed at DE #231 is facially defective, as it invokes interlocutory appellate jurisdiction over plaintiff's claims against Nassau County (which is ineligible for qualified immunity) and the officer-defendants on issues other than the denial of qualified immunity. *See id.* at *2 ("As an initial matter, to the extent that [the defendant] appeals from "each and every part" of this Court's summary judgment decision, the appeal is frivolous on its face. Other than as to qualified immunity, there is no basis for an interlocutory appeal.").

Crucially, the appeal certified as frivolous by Judge Gardephe in *Davis* was at least arguably amenable to interlocutory review, because the denial of qualified immunity in *Davis* was based on a pure question of law, whereas here the Court held that factual disputes preclude the qualified immunity analysis. *Compare Davis*, 2018 WL 10070503 at *2 ("This Court found [the defendant] liable for excessive force, because the amount of force he used in response to any threat posed by Plaintiff was unreasonable as a matter of law.") (brackets and internal quotation marks omitted) *with Galloway*, 2024 WL 2960532 at *8 (affirming the Court's "decision to defer ruling on qualified immunity until resolution of the factual disputes in this case")

**The Appeal Will Undoubtedly Be Dismissed**

Ordinarily, "the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment." *Golio v. Suggs*, 285 F. App'x 773, 774 (2d Cir. 2008) (quoting *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 760 (2d Cir. 2003) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003)). Despite this general prohibition, an interlocutory appeal from a district court's denial of a defendant's motion for summary judgment on the basis of qualified immunity may be taken under some circumstances. *Golio*, 285 F. App'x at 774 (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). "Such jurisdiction is nevertheless limited to circumstances where the qualified immunity defense may be established as a matter of law." *Golio*, 285 F. App'x at 774 (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted)); *Bouche v. Oliveri*, 506 F. App'x 29, 30 (2d Cir. 2012). "Applying this test, [the Second Circuit has] permitted an interlocutory appeal from an order denying qualified immunity where the facts as alleged by plaintiff are assumed to be true, and the only question for appellate review is the legal determination whether the defendant official's conduct violated a clearly established constitutional right." *Locurto v. Safir*, 264 F.3d 154, 163 (2d Cir. 2001). "Equally clear is that a defendant 'may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial,' since such an order is not truly separable from the merits of the action." *Id.* (citing *Johnson v. Jones*, 515 U.S. 304, 314, 31920 (1995)). "Thus, [the Second Circuit has] dismissed appeals for lack of appellate jurisdiction where the only point challenged by the defendant was the district court's conclusion that a genuine issue of material fact existed regarding whether the defendant actually committed the acts alleged by the plaintiff." *Locurto*, 264 F.3d at 163 (collecting cases); *see also Est. of George v. Batista*, 480 F. App'x 104, 105 (2d Cir. 2012) ("[W]e may not collaterally review a district court's determination that the pretrial record sets forth a 'genuine' issue of fact for trial."); *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996) (the Second Circuit cannot "entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense.").

Indeed, in *Jok v. City of Burlington*, 96 F.4th 291, 2024 WL 1122561 (2d Cir. Mar. 15, 2024), a controlling precedent, the Second Circuit recently dismissed a jurisdictionally defective interlocutory appeal on grounds that will dictate the same result here. In *Jok*, police officer Joseph Corrow appealed the denial of his summary judgment motion asserting qualified immunity. Like defendants' arguments before this Honorable Court at summary judgment and reconsideration, Corrow purported to accept the plaintiff's factual allegations on appeal, but his arguments

Hon. Ann M. Donnelly
June 25, 2024

"continue[d] to advance his own version of events." *Jok*, 2024 WL 1122561 at *4. Because Corrow's jurisdictional statement "amount[ed] to nothing more than lip service," *id.*, the Second Circuit dismissed. *Id.* at *5 (finding Corrow's "conclusory assertion . . . —belied by his own briefing—that he agrees to undisputed facts" insufficient to establish jurisdiction).

Likewise, just last week, in *Birch v. New Milford,* 23 CV 1153, 2024 WL 3083385, *1–2 (2d Cir. June 21, 2024), the Second Circuit forcefully rejected and dismissed the interlocutory qualified immunity appeal of officer-defendants in another § 1983 wrongful conviction action where, as here, officers allegedly suppressed exculpatory evidence:

> [W]e cannot entertain interlocutory appeals from denials of qualified immunity if resolution of the immunity defense depends upon disputed factual issues. As a result, defendants wishing to obtain immediate review of a denial of qualified immunity must do so by agreeing to stipulated facts or by accepting, for purposes of the appeal only, plaintiff's version of the disputed facts.

*Id.* (internal quotations and citations omitted). The Second Circuit reached the same conclusion yet again in a terse order six weeks ago summarily dismissing a purported qualified immunity appeal for lack of a final judgment: "Although the order appealed by Appellant involves issues of qualified immunity, it does not 'present a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case." *Walker v. Greenburgh*, 22 CV 1594 (2d Cir. May 17, 2024) (annexed hereto as Exhibit 1) (quoting *Walker Britt v. Garcia*, 457 F.3d 264, 271 (2d Cir. 2006) (quotation marks omitted)).[1]

Here, defendants refuse to accept plaintiff's facts or even concede the findings or reliability of their own District Attorney's reinvestigation, going so far as to cast aspersions on their colleagues and create a risk of trial taint. This is because there is no universe where qualified immunity can shield detectives who coerce false statements, corrupt identifications, hide evidence and mislead prosecutors in bad faith. *See Galloway*, 2024 WL 2960532 at *8 (affirming that "a reasonable jury could find that the indictment was procured by police conduct undertaken in bad faith").

The Court's holding that factual disputes preclude immunity at this stage is both plainly correct and fatal to defendants' forthcoming appeal. Because the Second Circuit will decline to entertain the Appeal, it is frivolous as a matter of law and the Court should certify it as such. *See, e.g., City of New York v. Beretta U.S.A. Corp.*, 234 F.R.D. 46, 51 (E.D.N.Y. 2006) ("A defendant raising a meritless claim of a right not to stand trial cannot be permitted to significantly delay and disrupt the course of the litigation, imperiling both the rights of the plaintiff and the interest in judicial economy generally served by application of the final judgment rule.") (Weinstein, J.).

---

[1] Even in the recent cases where the Second Circuit summarily dismissed qualified immunity appeals for lack of jurisdiction, the appeals process itself still resulted in substantial delay to the litigants in the district court. By certifying the Appeal as frivolous, defendants' challenge to the decision may proceed on a parallel track while limiting prejudice to Mr. Galloway.

Hon. Ann M. Donnelly
June 25, 2024

In light of the foregoing, plaintiff respectfully requests that the Court certify the Appeal as frivolous, maintain the July 15, 2024 deadline for submission of the Joint Pre-Trial Order and schedule a trial.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: All Counsel