

July 10, 2024

**Judy C. Selmeci**
212.915.5159 (direct)
646.761.4065 (mobile)
Judy.Selmeci@wilsonelser.com

**By Pacer**
Hon. Ann M. Donnelly, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:  Galloway v. Nassau County, et al.
   Docket No.   :   19-CV-5026(AMD)(JMW)
   Our File No.   :   12473.00047

To the Honorable Court:

   Our office represents Nassau County, Detective Charles DeCaro, Detective Thomas D'Luginski, Detective George Darienzo, retired Detective Matthew Ross and retired Detective Ronald Lipson (the "County defendants.") We write in opposition to the plaintiff's request for certification of the County defendants' appeal as frivolous.

   The plaintiff's application is premature and presumptuous and must be denied. The County defendants are well aware of the permissible scope of an interlocutory appeal on qualified immunity and intend to raise only issues which the Circuit has jurisdiction to reach.

*The Appeal is Not Frivolous (on its Face or Otherwise)*

   This court must reject outright the argument that the notice of appeal is facially defective. The plaintiff's claim in this regard appears to concern the County's appeal. While the County is not entitled to qualified immunity, it *is* entitled to request that the Circuit exercise pendent jurisdiction over claims against it that are "inextricably intertwined" with the immunity questions. See *Plummer v. Quinn*, 326 F.App'x 571, 572 (2d Cir. 2009) (holding that the Second Circuit would "consider the district court's denial of qualified immunity as to [an individual defendant], and exercise pendent jurisdiction over the district court's denial of summary judgment as to the [employer municipality] because the issues are "inextricably intertwined") citing *Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007).

   The plaintiff's refusal to so much as acknowledge the existence of the pendent jurisdiction doctrine while (without apparent intent at irony) accusing the County defendants of submitting a facially defective appeal is itself enough to warrant rejection of the plaintiff's application for dual jurisdiction. This is so because underlying any determination regarding the propriety of dual jurisdiction are concerns of equity and fairness. Where a defendant is believed to be delaying without justification and for the sole purpose of avoiding timely resolution of the claims, dual jurisdiction may rightly be had. See, *e.g. Betances v. Fischer*, 140 F.Supp.3d 294, 308 (S.D.N.Y. 2015) (holding that "divesting the district court of jurisdiction pending a frivolous qualified immunity appeal 'protects the interests of the defendants claiming qualified immunity,

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



... [but] may injure the legitimate interests of other litigants and the judicial system'"), *aff'd*, 837 F.3d 162 (2d Cir. 2016), quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).

Here, it is the plaintiff's premature, unfounded objections that decry gamesmanship. The pursuit of dual jurisdiction is evidently intended to deprive the County defendants of their right to seek meaningful interlocutory review of the qualified immunity and pendent issues. Under these circumstances, equity favors the appellants.

*The Appeal is Meritorious*

This court's determination that there are *only* fact-driven immunity questions present in this case is not a bar to the County defendants raising immunity questions as a matter of law on an interlocutory appeal. This court's summary judgment determination is neither binding on the Circuit nor preclusive of the County defendants' right to seek interlocutory review. In fact, where "[a] district court denies qualified immunity because of a dispute over material facts, the appellant [in order to obtain interlocutory review] must … establish one of the following: (1) that the parties have agreed to 'stipulated facts,' (2) that the appellant has agreed to 'facts that the plaintiff alleges are true,' or (3) that the appellant has agreed to 'facts favorable to the plaintiff that the trial judge concluded the jury might find.'" *Jok v. City of Burlington, Vermont*, 96 F.4th 291, 295 (2d Cir. 2024), *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020) (holding that upon a District Court's determination of questions of fact preclude summary judgment on immunity, "[d]efendants wishing to obtain immediate review … may … do so by accepting, for purposes of the appeal only, plaintiff's version of the disputed facts") (remaining citations omitted).

The County defendants intend to raise on appeal only qualified immunity questions that turn on questions of law. There is nothing to be gained from the plaintiff's citation to cases where other defendants had attempted to pursue appeals without observing jurisdictional limits.

For example, in *Jok v. City of Burlington, Vermont*, 96 F.4th 291 (2d Cir. 2024), a case on which the plaintiff relies, the District Court found that there remained key questions of fact concerning the alleged use of force, including whether the plaintiff threw a punch at someone just as the officer became involved and whether he raised his fist to punch the officer himself just after. While the plaintiff denied both, the officer argued that these actions were among those that justified the use of force and warranted immunity. This core dispute remained present on appeal and led the Second Circuit to dismiss the appeal because the immunity question was not formulated in a way that would have allowed for its resolution as a matter of law.

*Jok* is not entirely without import for this court's analysis, however. It shows the need to review the parties' briefing before a determination about the propriety of an interlocutory appeal can be made. This court is asked to consider, in this regard, that in deciding whether to dismiss the *Jok* case, the Circuit quoted repeatedly from the parties' briefing, ultimately concluding that because the defendant "persist[ed] in disputing the facts underlying the District Court's decision" the appeal did not involve questions of law and had to be dismissed.

The situation was essentially the same in *Birch v. Town of New Milford*, 23-1153, 2024 WL 3083385, at *2 (2d Cir. June 21, 2024) (unpublished), another case on which the plaintiff relies. In *Birch* too, the Circuit dismissed the appeal because it turned on questions of fact.

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



- 3 -

By contrast here, there are aspects of the qualified immunity question that turn on the law and are properly raised on an interlocutory appeal (and there are pendent issues that are also properly raised).

While the appeal has yet to be written (making this application altogether premature), it is certainly the County defendants' intention to formulate issues that the Circuit has the jurisdiction to entertain. Among the issues on appeal will be "whether the federal right allegedly infringed was clearly established." *Behrens v. Pelletier*, 516 U.S. 299, 313(1996) (internal citation omitted). This is a question of law raised so commonly in qualified immunity cases that the Supreme Court itself characterizes it as the one that is "typically" argued on an interlocutory appeal from the denial of summary judgment. *Id.* at 313.

In this context, the County defendants expect to concede for the purposes of their appeal, disputed facts in connection with the photo arrays and the lineup as well as Ogletree's statement. The qualified immunity question on appeal will thus become, "assuming (solely for the purposes of the appeal) that these facts are true, are the individual defendants entitled to qualified immunity?" In this context, the County defendants will query prohibition of the conduct of which the plaintiff complains (which will be accepted for purposes of the appeal as having occurred) was "clearly established." In addition, the County defendants will query whether, for example, the objections to the photo array render it "so defective that, as a matter of law, probable cause could not reasonably be based on it." *Mara v. Rilling*, 921 F.3d 48, 74-75 (2d Cir. 2019).

Questions such as these are properly raised on an interlocutory appeal of the denial of a motion for summary judgment on the grounds of qualified immunity. Incidentally, if the County defendants were wrong about their entitlement in this regard, it remains for the Circuit to determine that it lacks jurisdiction. There exist no grounds, however, for dual jurisdiction.

The plaintiff urges this court to follow the lead of Judge Gardephe who certified the appeal in the *Davis* matter as frivolous. *Davis v. City of New York*, 12-CV-3297 (PGG), 2018 WL 10070503, *1 (SDNY, Dec. 14, 2018). Neither the facts of the *Davis* case nor that defendant's approach to the appeal have anything in common with this case, however. *Davis* involved a police beating of a suspect that had been captured on tape. The plaintiff was awarded summary judgment and a damages trial was scheduled. The defendant noticed an appeal. The Form C filed with the Second Circuit took no account of the interlocutory nature of the appeal, listing the immunity question 5th and discussing only the summary judgment standard.[1] When the plaintiff sought certification of the appeal as frivolous in favor of dual jurisdiction, the defendants did not even oppose the application. *Id.* at *1. The District Court observed that the only possible grounds for an interlocutory appeal would have been on qualified immunity grounds. *Id.* *2. The court recounted the key facts which included the defendant officers beating the plaintiff, not in the context of an arrest and without provocation, and ultimately leaving him bleeding in the street.

---

[1] The *Davis* Form C (with its attachments) is enclosed for this court's convenience. It is PACER doc. # 24-1 under case 18-3106). We recognize that its enclosure here causes this opposition to exceed this court's 4-page limit and respectfully ask for permission *nunc pro tunc* to submit it. The description of the intended appeal is the last 4 pages of the PDF packet.

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

*Id.* at 2. The court concluded that "[n]o reasonable officer in [the defendant's] position could have thought that the above uses of force were justified." *Id.* at 3.

Nothing in this case is comparable to *Davis*. The defendant officers have an entirely legitimate appeal on immunity and have the right for the Circuit to review this court's determination on that issue without raising factual disputes.

*In No Event Should this Appeal be Certified as Frivolous*

Qualified immunity is immunity from suit. *Loria v. Gorman*, 306 F.3d 1271, 1281 (2d Cir. 2002), quoting *Mitchell v. Forsyth*, 472 U.S. 511 (1985) (holding that "[q]ualified immunity is more than a simple defense—it is an entitlement not to stand trial or face the other burdens of litigation, an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial") (cleaned up). The appeal is not expected to take an immense amount of time, but if the trial is not stayed until it is decided the County defendants will lose yet another layer of protection that the immunity is intended to confer. Unlike in *Davis*, here that would be neither just nor justified.

Even if this court were unconvinced about any issue raised above, the standard for certifying an appeal frivolous would still require that it deny the plaintiff's application. In fact, as the Circuit has explained, courts "must exercise great care in labeling a certain action or argument as frivolous, for doing so often carries grave consequences." *Tafari v. Hues*, 473 F.3d 440, 441 (2d Cir. 2007), see also *Hitachi Constr. Mach. Co., Ltd. v. Weld Holdco, LLC*, 23-cv-490 (NRB), 2024 WL 263229, at *2 (SDNY Jan. 23, 2024) (holding that despite "glaring weaknesses in the [appealing] defendants' arguments" that are "'wholly unconvincing, the Court is hesitant to effectively substitute its judgment for that of the appellate court by finding the [appellants'] arguments so utterly frivolous in all respects as to warrant the denial of a stay'") quoting *Cendant Corp. v. Forbes*, 72 F.Supp.2d 341, 343 (SDNY 1999).

* * *

For these reasons, the plaintiff's premature application to certify the yet unperfected appeal as frivolous must be denied.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Judy C. Selmeci

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY